██████████████

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CLOUD BYTE LLC,<br><br>    Plaintiff,<br> v.<br><br>DELL INC. and DELL TECHNOLOGIES INC.,<br><br>    Defendants. | Case No. 2:24-cv-00637-JRG<br><br>JURY TRIAL DEMANDED<br><br>██████████████<br><br>**PUBLIC VERSION** |

## DEFENDANTS DELL INC. AND DELL TECHNOLOGIES INC.'S MOTION TO DISMISS FOR IMPROPER VENUE UNDER RULE 12(B)(3)

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF ISSUES ...................................................................................................1

III. FACTUAL BACKGROUND ................................................................................................1

IV. LEGAL STANDARDS .........................................................................................................2

V. ARGUMENT .........................................................................................................................3

    A. Dell Does Not Reside in This District. ......................................................................3

    B. Dell Does Not Have a Regular and Established Place of Business in This District. ........................................................................................................................4

        1. Dell Does Not Have A Physical Place of Business In This District. ............4

        2. The Locations of Dell's Distributors Are Not Places of Business of Dell And Do Not Support Venue in This District ........................................6

        3. The Residences of Dell's Remote Employees Are Not Dell's Place of Business and Do Not Support Venue in This District. ............................6

        4. Dell's Regular and Established Places of Business Outside This District Confirm Venue is Improper Here ....................................................9

VI. CONCLUSION ....................................................................................................................10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AGIS Software Dev., LLC v. ZTE Corp.*,
 2018 WL 4854023 (E.D. Tex. Sept. 28, 2018) .................................................................... 3

*Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*,
 No. 2:19-CV-00331-JRG, 2021 WL 8441707 (E.D. Tex. Sept. 3, 2021) ......................... 4, 5

*AptusTech LLC v. Trimfoot Co.*,
 No. 4:19-cv-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) .......................... 6

*Celgene Corp. v. Mylan Pharms. Inc.*,
 17 F.4th 1111 (Fed. Cir. 2021) ....................................................................................... 7, 8

*In re Cordis Corp.*,
 769 F.2d 733 (Fed. Cir. 1985) .............................................................................................. 8

*In re Cray Inc.*,
 871 F.3d 1355 (Fed. Cir. 2017) ................................................................. 2, 3, 4, 5, 6, 8, 9

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
 No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018) .................... 6

*GreatGigz Sols., LLC v. Maplebear Inc.*,
 No. W-20-CV-00737-ADA, 2021 WL 4691145 (W.D. Tex. Oct. 6, 2021) ................... 5, 7

*Pers. Audio, LLC v. Google, Inc.*,
 280 F. Supp. 3d 922 (E.D. Tex. 2017) ................................................................................ 8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
 581 U.S. 258 (2017) ........................................................................................................ 2, 3

*Uniloc USA, Inc. v. Nutanix, Inc.*,
 No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017) ......................... 7

*Westech Aerosol Corp. v. 3M Co.*,
 927 F.3d 1378 (Fed. Cir. 2019) ........................................................................................... 4

*In re ZTE (USA) Inc.*,
 890 F.3d 1008 (Fed. Cir. 2018) ........................................................................................... 3

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................... 1, 2, 5

28 U.S.C. § 1406(a) ...............................................................................................................3

**Rules**

Fed. R. Civ. P. 12(b)(3)................................................................................................1, 3, 10

## I.     INTRODUCTION

Defendants respectfully request that the Court dismiss this case for improper venue under Rule 12(b)(3). Plaintiff Cloud Byte's allegations fail to establish that venue is proper in this District for Dell Inc. and Dell Technologies Inc. (collectively, "Dell"). Dell does not reside in this District, nor does it have a "regular and established place of business" in this District as required under 28 U.S.C. § 1400(b). While Dell has offices in the Western District of Texas (*e.g.* Round Rock and Austin), Dell does not maintain office space in the Eastern District of Texas. The alleged location of third-party distributors and the homes of certain remote employees in this District are not "regular and established places of business" of Dell. Cloud Byte cannot meet its burden to establish that venue is proper in the Eastern District of Texas. Accordingly, the Court should dismiss the case for improper venue.

## II.    STATEMENT OF ISSUES

Pursuant to Local Rule 7(a)(1), Dell identifies the following issue presented in its Rule 12(b)(3) motion:

1.     Whether this action should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue as to Dell in this District.

## III.   FACTUAL BACKGROUND

Dell was founded in 1984 in Austin, Texas. Both Dell defendants are incorporated in Delaware. Compl. ¶¶ 5–6. They are currently headquartered in Round Rock, Texas, which falls within the Western District of Texas. *Id.* ¶¶ 5–6.

Cloud Byte alleges that venue is proper in the Eastern District of Texas for the following reasons:

- *Alleged Physical Locations*. Cloud Byte alleges that "Dell has a regular and established place of business in this District, including making use of offices in Plano, Texas." Compl. ¶ 12. Cloud Byte also alleges that "Dell currently operates out of or makes use of

1

- leased, work-share, co-op or other arrangements for space, offices or facilities in this District, including through its partners and/or agents." *Id.* Cloud Byte fails to identify an address or any other details regarding these alleged "facilities."

- ***Dell's Distributors***. Cloud Byte alleges that Dell "has authorized sellers and sale representatives that offer for sale and sell infringing products to consumers throughout Texas and in this District, including at least DatCom, LLC based in Tyler, Texas." *Id.*

- ***Dell's Employees***. Cloud Byte alleges that "Dell implements a comprehensive work-from-home policy under which Dell has adopted or ratified one or more additional places of business in this District, including but not limited to the homes of employees, such that the collection of these locations constitutes an aggregate network of regular and established places in this District, in and from which business is operated." *Id.* ¶ 13. Cloud Byte alleges that "Dell specifically advertises for and solicits employees to reside and work remotely in this District, including to support its customers in the District, and provides and/or stores literature, equipment and/or inventory at these locations for the purpose of enabling these employees to conduct their jobs and use such literature, equipment and/or inventory specifically in this District." *Id.* Cloud Byte also alleges that "Dell employs service technicians and sales representatives in this District who provide support and sales services to existing Dell customers and prospective customers residing in this District. The work of these Dell service technicians and sales representatives is therefore inextricably tied to this District." *Id.*

Cloud Byte provides no evidence to support any of the assertions made above.

## IV. LEGAL STANDARDS

Venue for a domestic corporation accused of patent infringement is proper only where (1) the defendant "resides," i.e. is incorporated, or (2) commits acts of infringement *and* has a regular and established place of business. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 261–62 (2017); 28 U.S.C. § 1400(b). The Federal Circuit has set out three "general requirements" for evaluating whether a corporation has a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Courts consider a place of business to be "regular" if it "operates in a 'steady[,] uniform[,] orderly[, and] methodical' manner." *Id.* at 1362. A business is "established" if it is "stable," and not "transient." *Id.* at 1363. Courts also consider a number of non-exclusive factors

2

when determining whether a defendant has ratified a place of business such that it must be considered a "place of the defendant." These include (1) "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place," (2) "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place," (3) "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself," and (4) "the nature and activity of the alleged place of business of the defendant in the district *in comparison with* that of other places of business of the defendant in other venues." *Id.* at 1363–64 (emphasis in original).

The plaintiff, upon a motion by defendant challenging venue, bears the burden to establish that venue is proper. *See In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *AGIS Software Dev., LLC v. ZTE Corp.*, 2018 WL 4854023, at *4 (E.D. Tex. Sept. 28, 2018). Under 28 U.S.C. § 1406(a), if venue is improper, the Court must dismiss the case unless transfer to a district in which it could have been brought would "be in the interest of justice." 28 U.S.C. § 1406(a); Fed. R. Civ. P. 12(b)(3).

V.   **ARGUMENT**

   A.   **Dell Does Not Reside in This District.**

Dell does not reside in the Eastern District of Texas. A domestic corporation defendant "resides" only in its state of incorporation. *TC Heartland*, 581 U.S. at 262. Both Dell entities were incorporated in the state of Delaware, as Cloud Byte admits. Compl. ¶¶ 5–6. Therefore, Dell's residence does not provide a basis for venue in this District.

### B.  Dell Does Not Have a Regular and Established Place of Business in This District.

Dell does not have a regular and established place of business in this District, and Cloud Byte fails to allege any facts to the contrary. Cloud Byte alleges without any support that Dell has physical locations in the Eastern District of Texas in the form of "offices or facilities." Compl. ¶ 12. However, Cloud Byte provides no details—not even an address—of these alleged offices. Cloud Byte also alleges that Dell has third-party distributors in the District; however, the location of a defendant's distributor has been consistently held by the courts to not be the location of the defendant for venue purposes. And finally, Cloud Byte alleges that there are Dell employees that reside in the District and that these employees "store[] literature, equipment and/or inventory" at their homes, but provides no support for these assertions. Compl. ¶ 13. These unsupported and conclusory allegations, which comprise the totality of venue allegations made in the complaint, simply fail to establish venue. In reality, Dell does not have a regular and established place of business in this District, and Cloud Byte cannot carry its burden to prove otherwise.

### 1.  Dell Does Not Have A Physical Place of Business In This District.

Cloud Byte's unsupported and conclusory allegations that Dell has a physical place of business in the Eastern District of Texas are insufficient to establish venue is proper. *Cray*, 871 F.3d at 1360. "A presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the judicial district." *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019); *Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*, No. 2:19-CV-00331-JRG, 2021 WL 8441707, at *3 (E.D. Tex. Sept. 3, 2021) (plaintiff's burden requires it to "come forward with factual contentions and evidence" supporting venue). Cloud Byte alleges that Dell "has a regular and established place of business in [the Eastern District of Texas]" because

Dell makes "use of offices in Plano, Texas" and leases "work-share, co-op or other arrangements for space, offices or facilities in [the Eastern District of Texas]." *See* Compl. ¶ 12. Cloud Byte provides no facts to support these statements. Cloud Byte's "mere cursory venue allegations" do not suffice to show venue is proper under Section 1400(b). *Alexsam*, 2021 WL 8441707 at *3.

In fact, Dell does not maintain any offices in Plano or anywhere else in the Eastern District of Texas. Ewy Decl. ¶ 4. Nor are any office locations in the Eastern District of Texas listed on Dell's public website, contrary to Cloud Byte's assertions. *See Dell Technologies Global Offices*, Dell Technologies, https://www.dell.com/en-us/dt/office-locations.htm (Ex. 1).[1] Regarding co-working spaces, a total of ████████████████████████████████████████, and only reserved that space on an ad hoc basis. Ewy Decl. ¶¶ 5–6. That space is neither "regular" nor "established" under *Cray*. *See Cray*, 871 F.3d at 1362–63 ("established" means "stable" and not "transient," and "regular" means "steady, uniform, orderly, and methodical") (internal brackets and quotations omitted). Co-working spaces that a defendant neither owns, leases, or controls, and that are used by a defendant's employees on a sporadic basis, cannot constitute a regular and established place of business of a defendant. *See GreatGigz Sols., LLC v. Maplebear Inc.*, No. W-20-CV-00737-ADA, 2021 WL 4691145, at *2 (W.D. Tex. Oct. 6, 2021) (WeWork membership allowing access to a WeWork coworking space in the district for five of defendant's employees, last accessed more than two months before the filing of the Complaint, did not "constitute a regular and established place of business,' nor was it [defendant's] places of

---

[1] Dell had an office at 1225 Alma Road, Suite 160, Richardson, TX 75081. The city of Richardson spans both Dallas County and Collin County. Dallas County is in the Northern District of Texas, while Collin County is in the Eastern District of Texas. The zip code of 75081 falls within Dallas County, which is in the Northern District of Texas. *See United States Zip Codes.org*, https://www.unitedstateszipcodes.org/75081/; *United States District Court, Northern District of Texas*, https://www.txnd.uscourts.gov/court-locator.

business").

### 2. The Locations of Dell's Distributors Are Not Places of Business of Dell And Do Not Support Venue in This District.

Cloud Byte's allegations regarding Dell's "authorized sellers and sales representatives," such as DatCom, LLC, that are allegedly located in the Eastern District of Texas cannot establish venue. Compl ¶ 12. This Court has consistently found that the location of a distributor is not a "place of the defendant" under the patent venue statute. *See, e.g.*, *AptusTech LLC v. Trimfoot Co.*, No. 4:19-cv-00133-ALM, 2020 WL 1190070, at *4–5 (E.D. Tex. Mar. 12, 2020) (refusing to find the location of a distributor sufficient to establish venue over a defendant); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-cv-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (refusing to find the location of a distributor sufficient to establish venue over a defendant and collecting cases). Thus, the locations of authorized sellers and sales representatives are not locations *of Dell* and cannot be used to establish venue.

### 3. The Residences of Dell's Remote Employees Are Not Dell's Place of Business and Do Not Support Venue in This District.

While certain of Dell's employees work from their homes in the Eastern District of Texas (*see* Machinski Decl. ¶ 3), the residences of Dell employees are not places of business of Dell and therefore do not support venue in this District. Venue cannot be established merely by the existence of "a physical location" in the District "where an employee of the defendant carries on certain work for his employer." *Cray*, 871 F.3d at 1366. Rather, as the Federal Circuit noted in *Cray*, the regular and established place of business "must be a place *of the defendant*, not solely a place of the defendant's employee." *Id.* at 1363 (emphasis in original). "The fact that [a defendant] allowed its employees to work from the Eastern District of Texas is insufficient." *Id.* at 1365.

As noted above, courts consider several non-exclusive factors when determining whether a defendant has ratified a place of business such that it must be considered a "place of the

defendant." The relevant factors include, *inter alia*, whether the defendant "owns or leases the place, or exercises other attributes of possession or control over the place," "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place, and whether the defendant has "represent[ed] that it has a place of business in the district." *Id.* at 1363. Applying these principles, courts have found that the homes of remote employees in a given district, without more, do not qualify as places of the defendant. *See Celgene Corp. v. Mylan Pharms. Inc.*, 17 F.4th 1111, 1123 (Fed. Cir. 2021); *GreatGigz Sols.*, 2022 WL 432558, at *4; *Uniloc USA, Inc. v. Nutanix, Inc.*, No. 2:17-CV-00174-JRG, 2017 WL 11527109, at *3 (E.D. Tex. Dec. 6, 2017).

Cloud Byte's Complaint is devoid of any non-conclusory factual allegations that would establish these factors. Cloud Byte has not alleged that Dell owns, leases, or otherwise exercises attributes of possession or control over its employees' residences. Nor could it, as Dell does not do so. Ewy Decl. ¶ 8. Cloud Byte also has not alleged that Dell requires remote employees to live in this District or conditions employees' employment on their continued residence in the District. Again, it cannot make those allegations, as Dell does not do so. *See* Machinski Decl. ¶ 7. While Cloud Byte alleges that Dell "advertises for and solicits employees to reside and work remotely in this District," Compl. ¶ 13, Cloud Byte has provided no evidence to support this allegation. Nor can it, because, again, Dell does not require employees to reside in this District. *See* Machinski Decl. ¶ 7. Without more, the mere fact that employees are allowed to work from home is "insufficient." *Cray*, 871 F.3d at 1365; *see also id.* ("if an employee can move his or her home out of the district at his or her own instigation, without the approval of the defendant, that would cut against the employee's home being considered a place of business of the defendant"); *see also*

*Celgene Corp.*, 17 F.4th at 1123–24 (affirming finding of improper venue when defendants "allowed its employees to work from the district" but "there was no indication that [defendants] own, lease, or rent their homes, that they played a part in selecting the homes' location, stored inventory or conducted demonstrations there, or conditioned employment or support on the maintaining of a home" in the district) (internal quotations and brackets omitted).

Cloud Byte has also offered no evidence that Dell "provides and/or stores literature, equipment and/or inventory" at employees' residences "for the purpose of enabling these employees to conduct their jobs." Compl. ¶ 13. When a defendant "condition[s]" employment on "holding product inventory" or other materials, and "holds out the employees' homes as its place of business," then it may be possible for the employees' residence to be considered a place of business of the defendant. *See In re Cordis Corp.*, 769 F.2d 733, 735 (Fed. Cir. 1985) (finding employees' residences were places of defendant in part because employees stored literature and inventory at their homes, customers could order from stock kept by those sales representatives, and defendant engaged a secretarial service in the district to support those employees). However, merely providing discrete personal equipment to employees for them to perform job functions is clearly distinguishable from treating employees' homes "like distribution centers." *Cray*, 871 F.3d at 1365; *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 936 (E.D. Tex. 2017) (holding employees' homes were not regular and established places of business of Google when the homes were not "under the control" of Google or "held out as Google's place of business," and when there was "no evidence that these employees' employment was conditioned on their holding product inventory, marketing materials, or any other kind of product literature"). Besides the unsupported, conclusory allegations quoted above, Cloud Byte provides no evidence for its assertions that the employees' residences are being used to store product inventory (as opposed to

discrete personal equipment), nor has Cloud Byte alleged that Dell holds out its employees' residences as Dell's place of business.

Dell does not own, lease, or otherwise control the homes of its remote employees who reside in the Eastern District of Texas, nor does Dell hold out its employees' homes as its place of business. Ewy Decl. ¶¶ 8–9. In fact, Dell actively *discourages* employees from working remotely. *See* Machinski Decl. ¶ 4. Dell does not condition employees' employment on their residence in this District. *Id.* ¶ 7. And Dell does not use employees' homes like "distribution centers" to store literature, equipment, or inventory. *See id.* ¶¶ 6, 8. Dell's remote employees' homes are thus not regular and established places of business of Dell, and therefore cannot support venue in this District. *See Cray*, 871 F.3d at 1364–65 (finding venue improper where defendant did not own or control its employees' homes in the district, did not condition employment on its employees' living in the district, and did not store inventory in employees' homes).

### 4. Dell's Regular and Established Places of Business Outside This District Confirm Venue is Improper Here

Finally, a comparison of the alleged places of business in this District—a location of a third-party distributor and homes of remote employees—and Dell's places of business outside this District confirm that Dell does not have regular and established place of business here. *See Cray*, 871 F.3d at 1364 (noting a comparison between "the nature and activity of the alleged place of business of the defendant in the district *in comparison with* that of other places of business of the defendant in other venues… might reveal that the alleged place of business is not really a place of business at all") (emphasis in original). Dell maintains a vast corporate campus at its headquarters in Round Rock, Texas, and in Austin, Texas, both in the Western District. *See* Ex. 1 (listing multiple addressees for Dell's offices in Round Rock and Austin). Over ▮▮▮▮▮ Dell employees work in these offices alone. Dell also maintains offices elsewhere in Texas (San

9

Antonio and El Paso) and in other states. *See id.* These offices, which Dell holds out as places of Dell and where thousands of Dell employees work, are Dell's regular and established places of business.

## VI.   CONCLUSION

For the foregoing reasons, Dell respectfully requests that the Court grant its motion to dismiss this case for improper venue under Federal Rule of Civil Procedure 12(b)(3). Dell requests an oral hearing on the foregoing motion.

Dated: October 11, 2024                                    Respectfully submitted,


                                                              */s/ Paul E. Torchia*
Paul E. Torchia (lead attorney)
(NY Bar No. 3988508)
Josh Krevitt (NY Bar No. 2568228)
Brian Rosenthal (NY Bar No. 3961380)
Laura F. Corbin (NY Bar No. 5114764)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
ptorchia@gibsondunn.com
jkrevitt@gibsondunn.com
brosenthal@gibsondunn.com
lcorbin@gibsondunn.com
(212) 351-4000 (Telephone)
(212) 351-4035 (Facsimile)

Nathan Curtis (TX Bar No. 24118593)
Audrey Yang (TX Bar No. 24078390)
GIBSON DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100,
Dallas, TX 75201
ayang@gibsondunn.com
ncurtis@gibsondunn.com
(214) 698-3100 (Telephone)
(214) 571-2900 (Facsimile)

Deron R. Dacus (TX Bar No. 00790553)
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
ddacus@dacusfirm.com
(903) 705-1117 (Telephone)
(903) 581-2543 (Facsimile)

*Attorneys For Defendants Dell Technologies Inc. and Dell Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, the foregoing was filed electronically in compliance with Local Rule CV-5(a) and served via electronic mail on all counsel of record who have consented to electronic service.

*/s/ Paul E. Torchia*
Paul E. Torchia

## CERTIFICATE OF AUTHORIZATION TO SEAL

I hereby certify, pursuant to Local Rule CV-5(a)(7), that prior to the filing of the foregoing document and its attachments under seal, a motion to seal such documents was filed with the Court.

*/s/ Paul E. Torchia*
Paul E. Torchia
