IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CLOUD BYTE LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2:24-CV-00637-JRG |
| DELL INC. and DELL TECHNOLOGIES INC., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Opposed Motion to Compel Discovery (the "Motion to Compel") filed by Defendants Dell Inc. and Dell Technologies Inc. (collectively, "Defendants"). (Dkt. No. 59.) Also before the Court is Defendants' Opposed Motion for Leave to File Reply in Support of Motion to Compel Discovery ("Motion for Leave"). (Dkt. No. 70.) Having considered the Motion to Compel and Motion for Leave, the Court finds that they should be **DENIED**.

### I.   BACKGROUND

Plaintiff Cloud Byte LLC ("Cloud Byte") acquired the asserted patents from IP Wave Pte. Ltd. ("IP Wave"). (Dkt. No. 64 at 1.) IP Wave acquired the asserted patents from NEC Asia Pacific Corporation. (*Id.*) NEC Asia acquired the asserted patents from NEC Corporation. (*Id.*)

Defendants move to compel documents and information about assignments or licenses related to the asserted patents from IP Wave, NEC,[1] and Quinn.[2]

---

[1] In the Motion to Compel, Defendants refer collectively to NEC Asia Pacific Corporation and NEC Corporation as "NEC." (Dkt. No. 59 at ii.)
[2] "Quinn" refers to Quinn Emanuel Urquhart & Sullivan, LLP, Cloud Byte's counsel in the above-captioned case.

## II. DISCUSSION

### A. Motion to Compel

#### a. Agreements between IP Wave and NEC

In the Motion to Compel, Defendants move to compel any agreements between IP Wave and NEC and related interrogatory responses. (Dkt. No. 59 at 4-6.) Defendants assert that at least one agreement between NEC and IP Wave relating to the transfer of the asserted patents exists. (*Id.* at 4.) Defendants argue that "[g]iven the relationship between Cloud Byte and IP Wave, Cloud Byte has the practical ability to demand IP Wave provide the agreement." (*Id.* at 5.) Defendants also assert that "the IP Wave-Cloud Byte Agreement requires IP Wave to comply with Cloud Byte's requests for documents or information." (*Id.*) Defendants argue that "IP Wave's significant continued financial interest in the litigation conclusively demonstrates that Cloud Byte has the practical ability to obtain the documents in question." (*Id.* (cleaned up).) Further, Defendants argue that "if the NEC-IP Wave agreement is in Quinn's possession by virtue of its representation of Cloud Byte, it is deemed in Cloud Byte's control." (*Id.*) Defendants also argue that "[i]f Quinn does not have the document, it still may know its terms or the individuals involved, and must provide that information in response to interrogatories." (*Id.*)

Cloud Byte responds that the agreements Defendants seek "are documents that Cloud Byte does not have, and has no legal right or practical ability to obtain." (Dkt. No. 64 at 2-3.) Cloud Byte asserts it is a separate entity and does not control IP Wave or NEC. (*Id.*) Cloud Byte argues that if Defendants require additional agreements or information, Defendants must obtain those from NEC or IP Wave. (*Id.* at 3.) Regarding the IP Wave-Cloud Byte Agreement's duty to cooperate provision, Cloud Byte responds that this "provision merely facilitates perfecting [the] chain of title, not unlimited access to confidential agreements held by third parties." (*Id.*) Cloud Byte represents that to the extent Defendants seek information from Quinn based on Quinn's

2

representation of Cloud Byte, this request is moot because Quinn has agreed to produce any documents in its possession that Cloud Byte has the legal right to obtain. (*Id.* at 5.) Regarding information or documents Quinn has within its possession based on its representation of other clients, Cloud Byte responds that it has no control over or ability to obtain those documents based on ethical obligations. (*Id.*)

The Court does not find that Cloud Byte is in possession, custody, or control of agreements between IP Wave and NEC. Neither NEC nor IP Wave are parties to this case. While Defendants contend that Cloud Byte, IP Wave, and NEC are closely related, there is no evidence that these entities are legally affiliated. Moreover, the Court does not find that Cloud Byte's alleged ability to ask NEC or IP Wave for documents constitutes control over those documents, nor does a mere interest in this litigation constitute control. Regarding the duty to cooperate provision, the Court agrees with Cloud Byte that this provision is irrelevant to the Motion to Compel and merely facilitates perfecting the chain of title. (*See* Dkt. No. 59-1 ¶ 6 ("including without limitation executing such further documents that may [be] necessary to effectuate the sale, assignment and transfer of the Patents. . . .").) To the extent Cloud Byte has documents or information in its possession, custody, or control that are relevant to any party's claims or defenses, Cloud Byte must comply with its discovery obligations and produce such documents and information. Local Rule CV-26(d); Fed. R. Civ. P. 26(b). To the extent there are documents or information Defendants wish to obtain from IP Wave or NEC, Defendants may seek to do so through third-party subpoena practice.

Regarding Quinn, Cloud Byte represents that Quinn has already agreed to produce documents and information in its possession, which Cloud Byte has a legal right to obtain and based on Quinn's representation of Cloud Byte. Thus, this request is moot. If Defendants seek

3

documents and information from Quinn based on Quinn's representation of a client other than Cloud Byte, the Court will not compel that production as that would likely violate the attorney-client privilege.[3]

Accordingly, the Court **DENIES** Defendants' request for agreements between IP Wave and NEC.

### b.     Any Licenses in the Hands of NEC, IP Wave, or Quinn

Next, Defendants move to compel any information about licenses and other agreements relating to the asserted patents in the hands of NEC, IP Wave, or Quinn. (Dkt. No. 59 at 6-7.) Cloud Byte responds that it has no further information to produce regarding licenses. (Dkt. No. 64 at 6-7.) Cloud Byte asserts that Defendants can obtain the requested information, if such exists, directly from NEC or IP Wave through the appropriate legal process. (*Id.*)

Based on Cloud Byte's representation that it has produced all documents and information regarding licenses related to the asserted patents within its possession, custody, or control, there is nothing additional for the Court to compel. Defendants' Motion to Compel is focused on information "in the hands of NEC, IP Wave, or Quinn," not Cloud Byte. Neither NEC nor IP Wave are parties to this case. As discussed above, to the extent there are documents or information Defendants wish to obtain from IP Wave or NEC, Defendants may do so through third-party subpoena practice. Regarding Defendants' request for information held in Quinn's hands, as discussed above, the Court finds this request moot or is a potential violation of the attorney-client privilege.

Accordingly, the Court **DENIES** Defendants' request for any license "in the hands of NEC, IP Wave, or Quinn."

---

[3] The Court is aware there is a pending motion to quash and a pending motion to compel between Defendants and Quinn. The Court will address those motions once they are properly before this Court.

### c.     Unredacted Version of the IP Wave-Cloud Byte Agreement

Finally, Defendants move to compel Cloud Byte to produce an unredacted version of the IP Wave-Cloud Byte Agreement. (Dkt. No. 59 at 7.) Defendants have asserted that Cloud Byte redacted "an important provision listing the entities not licensed to the Asserted Patents." (*Id.*) Defendants contend that "[i]f entities selling similar products to those accused here are not on the list, this may reveal which companies are licensed." (*Id.*)

Cloud Byte responds that the redacted information is a "list of unlicensed potential future defendants." (Dkt. No. 64 at 7.) Cloud Byte asserts that this information is attorney work product. (*Id.*) Cloud Byte also contends that even if this information was not privileged, the information is not relevant or discoverable. (*Id.*)

The Court finds that Cloud Byte need not produce an unredacted version of the IP Wave-Cloud Byte Agreement. Based on Cloud Byte's representations to the Court, the only information redacted in the IP Wave-Cloud Byte Agreement is a "whitelist" of unlicensed potential future defendants. The Court considers a whitelist of this type akin to an unconsummated license, which is not discoverable.[4] *E.g.*, *Mondis Tech., Ltd. v. LG Elecs., Inc.*, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011) ("[O]ngoing or unconsummated settlement and licensing negotiations with the patents-in-suit are not discoverable."); *Sol IP, LLC v. AT&T Mobility LLC*, 2020 WL 60140, at *3 (E.D. Tex. Jan. 6, 2020); *Emerging Automotive LLC v. Kia Corp.*, No. 2:23-cv-00437-JRG, Dkt. No. 94 at 2 (E.D. Tex. Sept. 5, 2024).

Regarding Defendants' assertion that this is the only window into licenses, the Court disagrees. As Cloud Byte knows or should know, it must comply with its discovery obligations in this case and produce any licenses to the asserted patents within its possession, custody, or control.

---

[4] Given the Court finding that the requested information is not discoverable, the Court need not analyze whether the whitelist qualifies as attorney work product.

To the extent Cloud Byte has not done so, Cloud Byte must do so immediately. If Defendants are aware of other licenses or agreements to the asserted patents, such as the alleged license between NEC and IP Wave, the proper way to seek production of that agreement is through third-party subpoena practice.

Accordingly, the Court **DENIES** Defendants' request for an unredacted version of the IP Wave-Cloud Byte Agreement.

### B. Motion for Leave

Following Cloud Byte's opposition to the Motion to Compel, Defendants moved for leave to file a reply in support of their Motion to Compel. (Dkt. No. 70.) In the Motion for Leave, Defendants contend that special circumstances and good cause exist to warrant leave "because Cloud Byte has belatedly produced correspondence with NEC, the original owner of the patents-in-suit, that contradicts Cloud Byte's opposition." (*Id.* at 1-2.)

In view of the foregoing, the Court does not believe a reply is necessary. As stated above, if Cloud Byte is in possession, custody, or control of documents or information that are relevant to any party's claims or defenses, Cloud Byte must comply with its discovery obligations and produce such documents and information. Local Rule CV-26(d); Fed. R. Civ. P. 26(b). If Defendants believe NEC has additional documents or information they need, Defendants can properly seek the same through third-party subpoena practice.

Accordingly, the Court **DENIES** Defendants' Motion for Leave.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Defendants' Opposed Motion to Compel Discovery (Dkt. No. 59) as set forth above. The Court further **DENIES** Defendants' Opposed Motion for Leave to File Reply in Support of Motion to Compel Discovery (Dkt. No. 70).

**So ORDERED and SIGNED this 28th day of March, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE