IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CLOUD BYTE LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>DELL INC. and DELL TECHNOLOGIES INC.,<br><br>    *Defendants*. | CIVIL ACTION NO. 2:24-cv-637-JRG |

**DEFENDANTS DELL INC. AND DELL TECHNOLOGIES INC.'S MOTION FOR THE ISSUANCE OF LETTERS OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE TO EXAMINE PERSONS AND INSPECT DOCUMENTS PURSUANT TO THE HAGUE CONVENTION**

Pursuant to Rule 28 of the Federal Rules of Civil Procedure, Defendants Dell Inc. and Dell Technologies Inc. (collectively, "Dell") respectfully request that this Court issue Letters of Request for International Judicial Assistance in the form attached hereto as Exhibits A–D to the Declaration of Eugene Y. Mar, addressed to the Supreme Court of Singapore, to inspect documents and examine persons as relevant to the above-captioned action.

This motion is made pursuant to, and in conformity with, the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 ("Hague Evidence Convention"), which is in force between the United States and the Singapore.  Counsel for Defendants have conferred with counsel for Plaintiff Cloud Byte LLC ("Cloud Byte").

**I.     BACKGROUND**

In the above-captioned action, Cloud Byte alleges that Defendants infringe U.S. Patent Nos. 7,739,544 ("the '544 Patent"); 9,482,632 ("the '632 Patent"); 9,560,177 ("the '177

Patent"); 9,629,265 ("the '265 Patent"); 9,651,320 ("the '320 Patent"); 9,900,249 ("the '249 Patent"); and 10,628,273 ("the '273 Patent"), (collectively, "Asserted Patents"). Dkt. No. 1 ¶¶ 16-22. This motion concerns trial evidence relating to all seven patents. Specifically, Defendants bring this motion with respect to Singaporean business entities (1) NEC Asia Pacific Pte Ltd. ("NEC APAC"), and (2) IP Wave Pte. Ltd. ("IP Wave"). Defendants have ascertained that these entities possess certain information relevant to the above-captioned litigation and to be used at trial.

II.     **ARGUMENT**

Under the Hague Evidence Convention, a signatory to the Convention may request that the competent authority of another signatory obtain evidence from its residents for use in foreign judicial proceedings. 23 U.S.T. 2555, T.I.A.S. No. 7444, art. 1; *Société Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 482 U.S. 522, 533 (1987). The United States and the Singapore are signatories to the Hague Evidence Convention. Declaration of Eugene Y. Mar in Support of Motion for Issuance of Letters of Request ("Mar Decl."), Exh. E. This Court is authorized to issue Letters of Request and to transmit Letters of Request directly to the Supreme Court of Singapore under Rule 28 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1781(b)(2).

Letters of Request requesting certain documents and enabling the parties to depose certain employees of NEC APAC are attached to this motion as Exhibits A & B. Similarly, Letters of Request requesting certain documents and enabling the parties to depose certain employees of IP Wave are attached to this motion as Exhibits C & D. Each Letter of Request conforms to the requirements provided in the Hague Evidence Convention and requests evidence to be used at trial.

*NEC APAC*. Defendants' request for execution of the Letters of Request directed to

NEC APAC, attached hereto as Exhibits A and B, should be granted because NEC APAC was one of the assignees named on the Asserted Patents. NEC Corporation, NEC APAC's parent company, is the original assignee named on the face of each of the Asserted Patents. Dkt. No. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7. On April 14, 2023, NEC Corporation transferred nearly two hundred patents and applications to NEC APAC, including the Asserted Patents. Mar Decl., Exh. F. NEC APAC is likely to possess information relevant to Defendants' defenses to Cloud Byte's allegations of infringement of the Asserted Patents and other aspects of this action, including but not limited to Defendants' invalidity defenses, Cloud Byte's claim for damages, and documents relating to the alleged invention(s) of the Asserted Patents and the subsequent assignment of the Asserted Patents to IP Wave, and Cloud Byte. For example, NEC APAC may possess knowledge relating to the licensing of NEC's patent portfolio, alleged invention and patenting of the Asserted Patents (including prior art), ownership of the Asserted Patents, and the validity and enforceability of the Asserted Patents.

*IP Wave*. Defendants' request for execution of the Letters of Request directed to IP Wave, attached hereto as Exhibits C and D, should be granted because IP Wave was also one of the assignees named on the Asserted Patents and the assignee that transferred the Asserted Patents to Plaintiff Cloud Byte. On January 18, 2024, NEC APAC transferred 179 patents and applications to IP Wave, including the Asserted Patents. Mar Decl., Exh. G. On March 5, 2024, IP Wave transferred the same 179 patents and applications to Cloud Byte. Mar Decl., Exh. H. Further, IP Wave's corporate history available from Singapore's Accounting and Corporate Regulatory Authority indicates that NEC Asia Pacific Pte, Ltd. received a security interest in some or all of IP Wave's property on February 21, 2024. Mar Decl., Exh. I. Cloud Byte LLC was incorporated the following day, on February 22, 2024. Mar Decl., Exh. J. As an assignee of the Asserted Patents, IP Wave is likely to possess information relevant to Defendants' defenses

to Cloud Byte's allegations of infringement of the Asserted Patents and other aspects of this action, including but not limited to Defendants' invalidity defenses, Cloud Byte's claim for damages, and documents relating to the alleged invention(s) of the Asserted Patents and the subsequent assignment of the Asserted Patents to Cloud Byte.

The above-listed entities are located in Singapore, and accordingly are beyond the subpoena power of this Court under Rule 45 of the Federal Rules of Civil Procedure. Defendants will not be able to obtain discovery from these entities and individuals by any other process. Thus, Defendants must resort to service in accordance with the terms of the Hague Evidence Convention to obtain the discovery Defendants need to further establish their defenses and positions in this action.  Accordingly, Defendants respectfully requests that the Court grant the instant Motion and issue the Letters of Request attached hereto as Exhibits A–D so that Defendants may obtain discovery that is highly relevant to Defendants' defenses, including their invalidity and damages positions.

### III.   CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant this Motion and execute the Letters of Request attached as Exhibits A–D.  Defendants further request that, after the Court has signed each Letter of Request, the Clerk of this Court authenticate the Court's signature under the seal of this Court, and return each original signed and sealed executed Letter, and two certified copies of each signed and sealed executed Letter, to Eugene Y. Mar, Farella, Braun + Martel LLP, 1 Bush Street, Suite 900, San Francisco, CA 94104, for delivery to the Singapore Central Authority for the Hague Evidence Convention, the Supreme Court of Singapore.  In the alternative, Dell can also arrange for someone to pick up the signed and sealed Letters from the Court.

Dated: June 11, 2025

FARELLA BRAUN + MARTEL LLP

By: /s/ *Eugene Y. Mar*
Eugene Y. Mar

Attorneys for DELL INC. AND DELL TECHNOLOGIES INC.