## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

|  |  |
|---|---|
| CLOUD BYTE LLC,<br><br>          Plaintiff,<br><br>  v.<br><br>DELL INC. and DELL TECHNOLOGIES, INC.,<br><br>          Defendants. | Case No. 2:24-cv-00637-JRG |

## DEFENDANTS DELL INC. AND DELL TECHNOLOGIES INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT, AND COUNTERCLAIMS

Defendants Dell Inc. and Dell Technologies Inc. ("Defendants" or "Dell"), by and through their attorneys, hereby answer the Complaint ("Complaint") filed against them by Plaintiff Cloud Byte LLC ("Cloud Byte"), and assert defenses and counterclaims, as follows. Anything in the Complaint that is not expressly admitted is hereby denied.

The headings and subheadings in Dell's Answer are used solely for purposes of convenience and organization to mirror those appearing in the Complaint; to the extent that any headings or other non-numbered statements in the Complaint contain or imply any allegations, Dell denies each and every allegation therein.

## ANSWER TO THE COMPLAINT

## NATURE OF THE ACTION

1.    Dell admits that the Complaint was filed as a civil action alleging patent infringement under the Patent Laws of the United States, Title 35 of the United States Code involving the patents listed ("Asserted Patents"). Dell denies Cloud Byte's allegations of infringement and otherwise denies the allegations in paragraph 1.

2.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and on that basis denies each and every allegation.

3.      Dell denies each and every allegation contained in paragraph 3.

## PARTIES

4.      Dell is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and on that basis denies each and every allegation.

5.      Dell admits that Dell Technologies Inc. is a corporation organized under the laws of the State of Delaware.  Dell admits that its principal place of business is One Dell Way, Round Rock, Texas 78682.  Dell admits it has a registered agent at Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3128.  Otherwise, Dell denies the remaining allegations in paragraph 5.

6.      Dell admits that Dell Inc. is a corporation organized under the laws of the State of Delaware.  Dell admits that its principal place of business is One Dell Way, Round Rock, Texas 78682.  Dell admits it has a registered agent at Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3128.  Otherwise, Dell denies the remaining allegations in paragraph 6.

7.      Dell admits that the parent company of Dell Inc. is Denali Intermediate Inc., which is wholly owned by Dell Technologies Inc.  Dkt. 18.  Otherwise, Dell denies the remaining allegations in paragraph 7.

## JURISDICTION AND VENUE

8.      Dell admits that the Complaint purports to set forth an action for patent infringement, but denies that there are any factual or legal bases for Cloud Byte's claims.  To the extent paragraph 8 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies paragraph 8.

9.      To the extent paragraph 9 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell does not contest that the Court has personal jurisdiction over it for the purposes of this action.  Dell denies that it has committed or continues to commit, whether in the State of Texas or elsewhere, acts of infringement, either directly and/or through intermediaries, including acts that allegedly give rise to this action.  Dell denies the remaining allegations of paragraph 9.

10.     Dell denies the allegations in paragraph 10.

11.     To the extent paragraph 11 alleges legal conclusions, no response is required.  To the extent a response is required, Dell denies the allegations in paragraph 11 and denies that venue is proper in this district.

12.     Dell denies the allegations in paragraph 12.  *See* Dkts. 20, 78.

13.     Dell denies the allegations in paragraph 13.  *See* Dkts. 20, 78.

14.     Dell admits that it did not contest personal jurisdiction in *AX Wireless LLC v. Dell Inc. et al.*, No. 2:22-cv-277-JRG-RSP (E.D. Tex.).  Dell denies the remaining allegations in paragraph 14.

## FACTUAL ALLEGATIONS

15.     Dell denies the allegations in paragraph 15.

16.     Dell admits that the '544 patent bears the title "Disk Array System and Rebuild Method Thereof," that it bears an issue date of June 15, 2010, and that Junichi Yamato and Yoshihiro Kajiki are listed as the inventors.  Dell also admits that Exhibit 1 appears to be a copy of the '544 patent.  Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and on that basis denies them.

17.     Dell admits that the '632 patent bears the title "Abnormality Detection Device," that it bears an issue date of November 1, 2016, and that Jun Yokoyama is listed as an inventor. Dell also admits that Exhibit 2 appears to be a copy of the '632 patent. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and on that basis denies them.

18.     Dell admits that the '177 patent bears the title "Network System and Network Flow Tracing Method," that it bears an issue date of January 31, 2017, and that Masaharu Morimoto is listed as an inventor. Dell also admits that Exhibit 3 appears to be a copy of the '177 patent. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 and on that basis denies them.

19.     Dell admits that the '265 patent bears the title "Cooling Structure of Electronic Device," that it bears an issue date of April 18, 2017, and that Yorito Nagasaka is listed as an inventor. Dell also admits that Exhibit 4 appears to be a copy of the '265 patent. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 and on that basis denies them.

20.     Dell admits that the '320 patent bears the title "ICT Equipment," that it bears an issue date of May 16, 2017, and that Kumiko Suzuki is listed as an inventor. Dell also admits that Exhibit 5 appears to be a copy of the '320 patent. Dell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 and on that basis denies them.

21.     Dell admits that the '249 patent bears the title "Communication System, Forwarding Node, Path Management Server, Communication Method, and Program," that it bears an issue date of February 20, 2018, and that Jun Awano is listed as an inventor. Dell also admits

4

that Exhibit 6 appears to be a copy of the '249 patent.  Dell is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21

and on that basis denies them.

22.     Dell admits that the '273 patent bears the title "Node System, Server Apparatus,

Scaling Control Method, and Program," that it bears an issue date of April 21, 2020, and that Yuki

Yoshimura, Tadaaki Miyata, Hajime Zembutsu, Takuya Shoji, and Hironori Magatani are listed

as inventors.  Dell also admits that Exhibit 7 appears to be a copy of the '273 patent.  Dell is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations contained in paragraph 22 and on that basis denies them.

23.     Dell denies the allegations in paragraph 23.

24.     Dell denies the allegations in paragraph 24.

25.     Dell denies the allegations in paragraph 25.

26.     Dell admits that it has knowledge of the Asserted Patents as of the filing of the

Complaint.  Dell denies the remaining allegations in paragraph 26.

27.     Dell denies the allegations in paragraph 27.

**COUNT I—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,739,544**

28.     Dell repeats and re-alleges the responses set forth in the preceding paragraphs

above as though set forth in full herein.

29.     Dell admits that the '544 patent specification states that "the invention relates to a

disk array system and a rebuild method thereof."  '544 patent at 1:6–8.  Dell further admits that

the '544 patent states the following:

> In a disk array system for which high availability is required, it is necessary to
> rebuild data onto a replacement disk after replacement of a failed disk, in parallel
> with a normal operation (unless the normal operation is performed at the time of
> rebuilding, business is disturbed).  At the time of parity rebuilding after the

replacement of the disk, it is necessary to read data from all of disks that belongs to a parity group, other than the replaced disk. Thus, access performance is normally degraded. When the number of data drives is increased in a configuration such as the RAIDs constituting the parity group, the performance will be further degraded.

*Id.* at 1:35–46. Dell denies the remaining allegations in paragraph 29.

30.    To the extent paragraph 30 alleges legal conclusions, no response is required. To the extent an answer is required, Dell denies each and every allegation contained in paragraph 30.

31.    Dell denies the allegations in paragraph 31.

32.    Dell denies the allegations in paragraph 32.

33.    Dell admits that paragraph 33 quotes claim 13 of the '544 patent. Dell denies the remaining allegations in paragraph 33.

34.    Dell denies the allegations in paragraph 34.

35.    Dell denies the allegations in paragraph 35.

36.    Dell denies the allegations in paragraph 36.

37.    Dell denies the allegations in paragraph 37.

38.    Dell denies the allegations in paragraph 38.

39.    Dell denies the allegations in paragraph 39.

40.    Dell denies the allegations in paragraph 40.

## COUNT II—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,482,632

41.    Dell repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

42.    Dell admits that the '632 patent specification states that the "present invention relates to an abnormality detection device that detects an abnormality of a cooling function of ICT (Information and Communication Technology) equipment such as a server, and also relates to ICT

equipment, an abnormality detection program, and a method." '632 patent at 1:13–17.  Dell denies the remaining allegations in paragraph 42.

43.    To the extent paragraph 43 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 43.

44.    Dell denies the allegations in paragraph 44.

45.    Dell denies the allegations in paragraph 45.

46.    Dell admits that paragraph 46 quotes claim 1 of the '632 patent.  Dell denies the remaining allegations in paragraph 46.

47.    Dell denies the allegations in paragraph 47.

48.    Dell denies the allegations in paragraph 48.

49.    Dell denies the allegations in paragraph 49.

50.    Dell denies the allegations in paragraph 50.

51.    Dell denies the allegations in paragraph 51.

52.    Dell denies the allegations in paragraph 52.

53.    Dell denies the allegations in paragraph 53.

### COUNT III—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,560,177

54.    Dell repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

55.    Dell admits that the '177 patent specification states that the "present invention relates to a network system, and especially to a network flow tracing method in a network system." '177 patent at 1:14–16.  Dell denies the remaining allegations in paragraph 55.

56.    To the extent paragraph 56 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 56.

57.    Dell denies the allegations in paragraph 57.

58.    Dell denies the allegations in paragraph 58.

59.    Dell admits that paragraph 59 quotes claim 1 of the '177 patent.  Dell denies the remaining allegations in paragraph 59.

60.    Dell denies the allegations in paragraph 60.

61.    Dell denies the allegations in paragraph 61.

62.    Dell denies the allegations in paragraph 62.

63.    Dell denies the allegations in paragraph 63.

64.    Dell denies the allegations in paragraph 64.

65.    Dell denies the allegations in paragraph 65.

66.    Dell denies the allegations in paragraph 66.

### COUNT IV—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,629,265

67.    Dell repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

68.    Dell admits that the '265 patent specification states that the "present invention relates to a cooling structure of an electronic device such as a server, a host computer, and an industrial computer each equipped with a motherboard, a power source, and a cooling fan."  '265 patent at 1:7–10.  Dell denies the remaining allegations in paragraph 68.

69.    To the extent paragraph 69 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 69.

70.    Dell denies the allegations in paragraph 70.

71.    Dell denies the allegations in paragraph 71.

72.    Dell admits that paragraph 72 quotes claim 1 of the '265 patent.  Dell denies the remaining allegations in paragraph 72.

73.    Dell denies the allegations in paragraph 73.

74.    Dell denies the allegations in paragraph 74.

75.    Dell denies the allegations in paragraph 75.

76.    Dell denies the allegations in paragraph 76.

77.    Dell denies the allegations in paragraph 77.

78.    Dell denies the allegations in paragraph 78.

79.    Dell denies the allegations in paragraph 79.

**COUNT V—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,651,320**

80.    Dell repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

81.    Dell admits that the '320 patent specification states that the "present invention relates to ICT (Information and Communication Technology) equipment such as a server device having a cooling fan, a control device thereof, a temperature controlling method thereof, and a program." '320 patent at 1:12–15.  Dell further admits that the '320 patent specification states the following:

> Conventionally, ICT equipment such as a server device is installed in a machine room equipped with air conditioning, and is operated in an environment of an almost constant temperature in most cases. However, in order to reduce investment cost and operating cost of a machine room, attention is focused on a machine room where outside air is taken in, which is used to cool the inside of ICT equipment. A room temperature of a machine room utilizing outside air varies widely, compared with that of a machine room equipped with air conditioning. As such, it is desired that ICT equipment also has a function of controlling the internal temperature by itself.

*Id.* at 1:19–30.  Dell denies the remaining allegations in paragraph 81.

82.    Dell admits that the '320 patent specification states the following:

Patent Document 1: JP 2011-151131 A

According to the technology disclosed in Patent Document 1, the internal temperature of ICT equipment can be controlled without depending on air conditioning. However, with the technology disclosed in Patent Document 1, there is a possibility that damage or malfunction of electronic components is caused if the intake air temperature drops sharply. As such, with the technology disclosed in Patent Document 1, if the intake air temperature drops sharply, there is a possibility that condensation occurs on the inner wall of the casing of the hard disk drive, which may induce rust so that damage or malfunction of the hard disk drive may be caused. In general, as a casing of a hard disk drive has air tightness of some extent, even if the intake air temperature drops sharply, the internal temperature of the casing of the hard disk drive will not drop sharply. As such, a large temperature difference is caused between the internal temperature of the casing of the hard disk drive and the inner wall temperature of the casing, which may cause condensation. It should be noted that if the temperature changes sharply, there is also a possibility that rust is generated due to condensation on other electronic components so that damage or malfunction of the electronic components may occur.

*Id.* at 1:59–2:15.  Dell denies the remaining allegations in paragraph 82.

83.    Dell admits that the '320 patent specification states: "In view of the above, an exemplary object of the present invention is to provide ICT equipment capable of solving a problem that damage or malfunction may occur in electronic components when an intake air temperature drops sharply."  *Id.* at 2:19–22.  Dell admits that claim 1 of the '320 patent recites, among other things, "a declination index value calculation unit that calculates an index value indicating a degree of declination of the component temperature of the electronic component based on a detection result of the first temperature sensor."  *Id.*, cl. 1.  Dell denies the remaining allegations in paragraph 83.

84.    To the extent paragraph 84 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 84.

85.    Dell denies the allegations in paragraph 85.

86.    Dell denies the allegations in paragraph 86.

10

87.    Dell admits that paragraph 87 quotes claim 1 of the '320 patent.  Dell denies the remaining allegations in paragraph 87.

88.    Dell denies the allegations in paragraph 88.

89.    Dell denies the allegations in paragraph 89.

90.    Dell denies the allegations in paragraph 90.

91.    Dell denies the allegations in paragraph 91.

92.    Dell denies the allegations in paragraph 92.

93.    Dell denies the allegations in paragraph 93.

94.    Dell denies the allegations in paragraph 94.

## COUNT VI—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 9,900,249

95.    Dell repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

96.    Dell admits that the '249 patent specification states that the "present invention relates to a communication system, a forwarding node, a path management server, a communication method, and a computer program, and in particular relates to a communication system, a forwarding node, a path management server, a communication method, and a computer program, which implement communication by forwarding a packet by a forwarding node arranged in a network." '249 patent at 1:19–26.  Dell further admits that the '249 patent specification states that, "In an IP network, packets are forwarded by the above forwarding method, but there is a problem in that, in this case, packet forwarding depends on the routing table of the respective forwarding nodes, and paths cannot be completely controlled." *Id.* at 2:1–5.  Dell denies the remaining allegations in paragraph 96.

97.     To the extent paragraph 97 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 97.

98.     Dell denies the allegations in paragraph 98.

99.     Dell denies the allegations in paragraph 99.

100.    Dell admits that paragraph 100 quotes claim 6 of the '249 patent.  Dell denies the remaining allegations in paragraph 100.

101.    Dell denies the allegations in paragraph 101.

102.    Dell denies the allegations in paragraph 102.

103.    Dell denies the allegations in paragraph 103.

104.    Dell denies the allegations in paragraph 104.

105.    Dell denies the allegations in paragraph 105.

106.    Dell denies the allegations in paragraph 106.

107.    Dell denies the allegations in paragraph 107.

### COUNT VII—ALLEGED INFRINGEMENT OF U.S. PATENT NO. 10,628,273

108.    Dell repeats and re-alleges the responses set forth in the preceding paragraphs above as though set forth in full herein.

109.    Dell admits that the '273 patent specification states that the "present invention relates to a node system constituting a network, server apparatus, scaling control method, and program." '273 patent at 1:17–19.  Dell further admits that the '273 patent specification states:

> In a so-called cold standby system, a standby server stands by in a stopped state, and when an active server fails, the standby server is started up to switch over the operation and processing. The cold standby system, in which starting up and preparation of the standby server are executed after the active system server fails, has limitation in terms of system downtime and service continuation.

*Id.* at 1:41–47.  Dell denies the remaining allegations in paragraph 109.

110.    To the extent paragraph 110 alleges legal conclusions, no response is required.  To the extent an answer is required, Dell denies each and every allegation contained in paragraph 110.

111.    Dell denies the allegations in paragraph 111.

112.    Dell denies the allegations in paragraph 112.

113.    Dell admits that paragraph 113 quotes claim 1 of the '273 patent.  Dell denies the remaining allegations in paragraph 113.

114.    Dell denies the allegations in paragraph 114.

115.    Dell denies the allegations in paragraph 115.

116.    Dell denies the allegations in paragraph 116.

117.    Dell denies the allegations in paragraph 117.

118.    Dell denies the allegations in paragraph 118.

119.    Dell denies the allegations in paragraph 119.

120.    Dell denies the allegations in paragraph 120.

## CLOUD BYTE'S PRAYER FOR RELIEF

A response is not required to Cloud Byte's prayer for relief.  To the extent that a response is deemed required, Dell denies that Cloud Byte is entitled to any relief whatsoever.  Dell has not infringed any valid and enforceable claim of the Asserted Patents, and Cloud Byte is not entitled to any remedy or recovery.  To the extent Plaintiff's Prayer for Relief contains factual allegations, those allegations are denied.  Plaintiff's prayer for relief should be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's demand for a trial by jury in this case.  Dell also demands a trial by jury on all issues so triable.

***

## <u>AFFIRMATIVE AND OTHER DEFENSES</u>

121.    Further answering the Complaint and as additional defenses thereto, Dell asserts the following affirmative and other defenses.  Dell does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden.  In addition to the defenses described below, Dell expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### <u>FIRST DEFENSE:  FAILURE TO STATE A CLAIM</u>

122.    The Complaint, and one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### <u>SECOND DEFENSE:  IMPROPER VENUE</u>

123.    This Complaint and this civil action were filed in an improper venue.

### <u>THIRD DEFENSE:  NON-INFRINGEMENT</u>

124.    Dell does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any claim of the Asserted Patents under any theory, including literal infringement or infringement under the doctrine of equivalents.

### <u>FOURTH DEFENSE:  INVALIDITY AND INELIGIBILITY</u>

125.    Each and every claim of the Asserted Patents is invalid and/or ineligible for failure to meet the conditions and requirements for patentability set forth, *inter alia*, in 35 U.S.C. § 101, *et seq.*, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.  Dell's invalidity and ineligibility contentions were served on February 4, 2025, and those contentions, as well as any supplements and amendments to those contentions, are incorporated herein by reference.

### FIFTH DEFENSE:  PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

126.    By virtue of statements, amendments made, and/or positions taken during prosecution of the application for the Asserted Patents and/or related patents or patent applications, whether explicit or implicit, Plaintiff is barred from claiming that the Asserted Patents cover or include, either literally or by application of the doctrine of equivalents, any of Dell's methods, products, systems, services, or processes.  To the extent that Plaintiff's alleged cause of action for infringement of any of the Asserted Patents is based on the doctrine of equivalents, Plaintiff is barred under the doctrine of prosecution history estoppel and/or other limits to allegations of infringement.

### SIXTH DEFENSE:  FAILURE TO MARK

127.    Plaintiff and its predecessors-in-interest to the Asserted Patents failed to comply with the notice requirements of 35 U.S.C. § 287, barring Plaintiff from all monetary relief for acts that occurred prior to Plaintiff providing actual notice to Dell on the date of the filing of the Complaint in this action.

### SEVENTH DEFENSE:  LIMITATION ON DAMAGES

128.    Pursuant to 35 U.S.C. § 286, Plaintiff is barred from recovering any damages for acts that occurred more than six years before it filed the Complaint in this action.

129.    Pursuant to 35 U.S.C. § 288, Plaintiff is precluded from recovering costs associated with this action.

### EIGHTH DEFENSE:  NO ENHANCED DAMAGES; NO EXCEPTIONAL CASE

130.    Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284, at least because Plaintiff has failed to show, and cannot show, that any infringement has been willful and/or knowing.

131.    Plaintiff cannot prove that this is an exceptional case justifying an award of attorneys' fees against Dell under 35 U.S.C. § 285 or otherwise.

### NINTH DEFENSE:  NO ENTITLEMENT TO INJUNCTIVE RELIEF

132.    Plaintiff is not entitled to injunctive relief against Dell, including because any alleged injury to Plaintiff as a result of Dell's alleged activities is not immediate or irreparable, Plaintiff has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

### TENTH DEFENSE:  UNENFORCEABILITY, ESTOPPEL, UNCLEAN HANDS, ACQUIESCENCE, PATENT MISUSE, WAIVER, IMPLIED WAIVER, AND EQUITABLE ESTOPPEL

133.    Plaintiff's claims are barred, in whole or in part, by the doctrines of unenforceability, estoppel, unclean hands, acquiescence, patent misuse, waiver, implied waiver, equitable estoppel, and/or other equitable doctrines.

### ELEVENTH DEFENSE:  LACK OF STANDING

134.    To the extent that Plaintiff did not, or does not, hold all substantial rights, title, and interest to any of the Asserted Patents, Plaintiff lacks standing to bring, or maintain, this lawsuit in connection with any such asserted patent.

### TWELFTH DEFENSE:  PRIOR COMMERCIAL USE

135.    Dell is entitled to a defense under 35 U.S.C. § 273.  Dell denies any infringement, but in the event it is found that every element of any asserted claim is met by Plaintiff, Dell is entitled to a complete defense under 35 U.S.C. § 273 based on Dell's prior commercial use.

### THIRTEENTH DEFENSE:  FAILURE TO JOIN NECESSARY PARTY

136.    Cloud Byte has failed to join necessary party NEC Corporation under Federal Rule of Civil Procedure 19.

137.    The relief sought in this action is on behalf of NEC, by virtue of Cloud Byte seeking past damages that allegedly would have been owed to NEC.

138.    NEC's conduct, including through its relationships with Dell relating to the Accused Products and through its memberships in the Open Network Foundation and the Open Invention Network, give rise to multiple defenses set forth herein, including license, implied license, exhaustion, equitable estoppel, unenforceability, unclean hands, acquiescence, patent misuse, waiver, and/or implied waiver.

### FOURTEENTH DEFENSE:  LICENSE, IMPLIED LICENSE, AND EXHAUSTION

139.    Plaintiff's claims for relief are barred, in whole or in part, because Plaintiff's predecessors-in-interest expressly granted Dell a license or covenant not to sue and/or were under an obligation to do so.

140.    Plaintiff's claims for relief are further barred by the doctrines of implied license and exhaustion.

### FIFTEENTH DEFENSE:  GOVERNMENT SALES

141.    Plaintiff's claims for relief and recovery, if any, are limited by 28 U.S.C. § 1498.

### SIXTEENTH DEFENSE:  TERRITORIALITY

142.    To the extent Plaintiff's claims are directed to acts occurring outside the United States, those claims are barred or limited by the doctrine of territoriality set forth by 35 U.S.C. § 271 et seq., including but not limited to § 271(a) and (c).

### SEVENTEENTH DEFENSE:  ENSNAREMENT

143.    To the extent that Plaintiff alleges that Dell infringes the Asserted Patents by equivalents, Plaintiff's claims are barred or limited by the doctrine of ensnarement.

## COUNTERCLAIMS

1.      Dell incorporates herein by reference the admissions, allegations, denials, and defenses contained in its Answer above as if fully set forth herein.

## NATURE OF ACTION

2.      Dell Technologies Inc. is a corporation organized under the laws of the State of Delaware.  Dell Inc. is a corporation organized under the laws of the State of Delaware.

3.      Dell's principal place of business is located at One Dell Way, Round Rock, Texas 78682.

4.      According to the Complaint, Counterclaim Defendant Cloud Byte LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 850 Library Avenue, Suite 204, Newark, Delaware 19711.

5.      Cloud Byte has sued Dell, asserting seven patents: U.S. Patent No. 7,739,544; U.S. Patent No. 9,482,632; U.S. Patent No. 9,560,177; U.S. Patent No. 9,629,265; U.S. Patent No. 9,651,320; U.S. Patent No. 9,900,249; and U.S. Patent No. 10,628,273 (the "Asserted Patents"). Cloud Byte asserts that each of the Asserted Patents is valid, enforceable, and infringed by Dell. Dell denies Cloud Byte's allegations.

6.      According to the Complaint, Cloud Byte claims to be the owner by assignment of the Asserted Patents.

7.      There is an actual case or controversy between the Parties over whether the accused Dell products have infringed any valid and enforceable claim of the Asserted Patents.

## JURISDICTION AND VENUE

8.      This Court has exclusive subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 and the patent laws of the United States.

9.      Cloud Byte has subjected itself to personal jurisdiction by maintaining its lawsuit against Dell in this District.

10.     Cloud Byte has subjected itself to venue by maintaining its lawsuit against Dell in this District.

## <u>COUNT ONE</u>
### <u>(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,739,544)</u>

11.     Dell restates and incorporates by reference the admissions, allegations, denials, and defenses contained in its Answer above as if fully set forth herein.  Dell further restates and incorporates by reference its allegations in paragraphs 1–10 of its Counterclaims.

12.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of U.S. Patent No. 7,739,544 (hereinafter "the '544 patent") is infringed.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

13.     Cloud Byte has accused certain models of Dell's PowerEdge servers of infringing the '544 patent.  These products, together with any other products Cloud Byte may contend infringe the '544 patent, are referred to as the "'544 Noninfringing Products."

14.     For at least the reasons set forth in Dell's Answer above, the '544 Noninfringing Products have not infringed and do not infringe any valid and enforceable claim of the '544 patent, directly or indirectly, literally or under the doctrine of equivalents.

15.     Additionally, any such claims of infringement are barred by the doctrines of license, implied license, exhaustion, equitable estoppel, unenforceability, unclean hands, acquiescence, patent misuse, waiver, and/or implied waiver.

16.     To resolve the legal and factual questions raised by Cloud Byte and to afford Dell relief from the uncertainty and controversy that Cloud Byte's allegations have created, Dell is entitled to a declaratory judgement by the Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the manufacture, use, sale, offer for sale, or importation of the '544 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim of the '544 patent under any theory, including directly, individually, jointly, indirectly, by inducement, and by contribution.

**COUNT TWO**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,739,544)**

17.     Dell incorporates by reference as if fully set forth herein paragraphs 1–16 of its Counterclaims.

18.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the '544 patent is valid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

19.     One or more claims of the '544 patent that Cloud Byte asserts or will properly assert against Dell are invalid for failure to comply with one or more conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, one or more claims are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other prior art references.  Such prior art references include those raised in Dell's Invalidity Contentions served in this action.

20.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the claims of the '544 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT THREE
### (Declaration of Failure to Comply with 35 U.S.C. § 287 (U.S. Patent No. 7,739,544))

21.    Dell incorporates by reference as if fully set forth herein paragraphs 1–20 of its counterclaims.

22.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether the '544 patent had any period in which a patentee, owner, and/or licensee was required to mark their products and systems in accordance with 35 U.S.C. § 287.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

23.    Upon information and belief, Cloud Byte and its predecessors-in-interest did not mark, or require licensees or others authorized to make, sell, and offer for sale to mark, products that were made, sold, or offered for sale in the United States that would embody the '544 patent under Cloud Byte's theory of infringement (with which Dell disagrees).

24.    Dell did not receive notice of Cloud Byte's accusations of infringement of the '544 patent until Cloud Byte filed the complaint in this action.

25.    Accordingly, Cloud Byte cannot recover pre-suit damages for the '544 patent in this action pursuant to 35 U.S.C. § 287.

26.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the '544 patent was subject to the marking requirements

of 35 U.S.C. § 287 and that Cloud Byte cannot recover pre-suit damages for the '544 patent in this action.

**COUNT FOUR**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,482,632)**

27.    Dell incorporates by reference its allegations in paragraphs 1–26 of its Counterclaims.

28.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of U.S. Patent No. 9,482,632 (hereinafter "the '632 patent") is infringed.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

29.    Cloud Byte has accused certain models of Dell's PowerEdge servers of infringing the '632 patent.  These products, together with any other products Cloud Byte may contend infringe the '632 patent, are referred to as the "'632 Noninfringing Products."

30.    For at least the reasons set forth in Dell's Answer above, the '632 Noninfringing Products have not infringed and do not infringe any valid and enforceable claim of the '632 patent, directly or indirectly, literally or under the doctrine of equivalents.

31.    Additionally, any such claims of infringement are barred by the doctrines of license, implied license, exhaustion, equitable estoppel, unenforceability, unclean hands, acquiescence, patent misuse, waiver, and/or implied waiver.

32.    To resolve the legal and factual questions raised by Cloud Byte and to afford Dell relief from the uncertainty and controversy that Cloud Byte's allegations have created, Dell is entitled to a declaratory judgement by the Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the manufacture, use, sale, offer for sale, or importation of the

'632 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim of the '632 patent under any theory, including directly, individually, jointly, indirectly, by inducement, or by contribution.

## COUNT FIVE
### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,482,632)

33.      Dell incorporates by reference as if fully set forth herein paragraphs 1–32 of its counterclaims.

34.      Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the '632 patent is valid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

35.      One or more claims of the '632 patent that Cloud Byte asserts or will properly assert against Dell are invalid for failure to comply with one or more conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, one or more claims are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other prior art references.  Such prior art references include those raised in Dell's Invalidity Contentions served in this action.

36.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the claims of the '632 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

**COUNT SIX**
**(Declaration of Failure to Comply with 35 U.S.C. § 287 (U.S. Patent No. 9,482,632))**

37.    Dell incorporates by reference as if fully set forth herein paragraphs 1–36 of its counterclaims.

38.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether the '632 patent had any period in which a patentee, owner, and/or licensee was required to mark their products and systems in accordance with 35 U.S.C. § 287.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

39.    Upon information and belief, Cloud Byte and its predecessors-in-interest did not mark, or require licensees or others authorized to make, sell, and offer for sale to mark, products that were made, sold, or offered for sale in the United States that would embody the '632 patent under Cloud Byte's theory of infringement (with which Dell disagrees).

40.    Dell did not receive notice of Cloud Byte's accusations of infringement of the '632 patent until Cloud Byte filed the complaint in this action.

41.    Accordingly, Cloud Byte cannot recover pre-suit damages for the '632 patent in this action pursuant to 35 U.S.C. § 287.

42.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the '632 patent was subject to the marking requirements of 35 U.S.C. § 287 and that Cloud Byte cannot recover pre-suit damages for the '632 patent in this action.

## COUNT SEVEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,560,177)

43.    Dell restates and incorporates by reference its allegations in paragraphs 1–42 of its Counterclaims.

44.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the U.S. Patent No. 9,560,177 (hereinafter the "'177 patent") is infringed.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

45.    Cloud Byte has accused certain models of Dell's S, N, Z, and FN-series switches of infringing the '177 patent, including by virtue of the switches' alleged implementation of the Open Flow standard.  These products, together with any other products Cloud Byte may contend infringe the '177 patent, are referred to as the "'177 Noninfringing Products."

46.    For at least the reasons set forth in Dell's Answer above, the '177 Noninfringing Products have not infringed and do not infringe any valid and enforceable claim of the '177 patent, directly or indirectly, literally or under the doctrine of equivalents.

47.    Additionally, any such claims of infringement are barred by the doctrines of license, implied license, exhaustion, equitable estoppel, unenforceability, unclean hands, acquiescence, patent misuse, waiver, and/or implied waiver.

48.    To resolve the legal and factual questions raised by Cloud Byte and to afford Dell relief from the uncertainty and controversy that Cloud Byte's allegations have created, Dell is entitled to a declaratory judgement by the Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the manufacture, use, sale, offer for sale, or importation of the '177 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim

of the '177 patent under any theory, including directly, individually, jointly, indirectly, by inducement, or by contribution.

## COUNT EIGHT
## (Declaratory Judgment of Invalidity of U.S. Patent No. 9,560,177)

49.    Dell incorporates by reference as if fully set forth herein paragraphs 1–48 of its counterclaims.

50.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the '177 patent is valid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

51.    One or more claims of the '177 patent that Cloud Byte asserts or will properly assert against Dell are invalid for failure to comply with one or more conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, one or more claims are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other prior art references.  Such prior art references include those raised in Dell's Invalidity Contentions served in this action.

52.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the claims of the '177 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT NINE
### (Declaration of Failure to Comply with 35 U.S.C. § 287 (U.S. Patent No. 9,560,177))

53.     Dell incorporates by reference as if fully set forth herein paragraphs 1–52 of its counterclaims.

54.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether the '177 patent had any period in which a patentee, owner, and/or licensee was required to mark their products and systems in accordance with 35 U.S.C. § 287.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

55.     Upon information and belief, Cloud Byte and its predecessors-in-interest did not mark, or require licensees or others authorized to make, sell, and offer for sale to mark, products that were made, sold, or offered for sale in the United States that would embody the '177 patent under Cloud Byte's theory of infringement (with which Dell disagrees).

56.     Dell did not receive notice of Cloud Byte's accusations of infringement of the '177 patent until Cloud Byte filed the complaint in this action.

57.     Accordingly, Cloud Byte cannot recover pre-suit damages for the '177 patent in this action pursuant to 35 U.S.C. § 287.

58.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the '177 patent was subject to the marking requirements of 35 U.S.C. § 287 and that Cloud Byte cannot recover pre-suit damages for the '177 patent in this action.

**COUNT TEN**
**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,629,265)**

59.     Dell restates and incorporates by reference its allegations in paragraphs 1–58 of its Counterclaims.

60.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of U.S. Patent No. 9,629,265 (hereinafter the "'265 patent") is infringed.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

61.     Cloud Byte has accused certain models of Dell's PowerEdge servers of infringing the '265 patent.  These products, together with any other products Cloud Byte may contend infringe the '265 patent, are referred to as the "'265 Noninfringing Products."

62.     For at least the reasons set forth in Dell's Answer above, the '265 Noninfringing Products have not infringed and do not infringe any valid and enforceable claim of the '265 patent, directly or indirectly, literally or under the doctrine of equivalents.

63.     Additionally, any such claims of infringement are barred by the doctrines of license, implied license, exhaustion, equitable estoppel, unenforceability, unclean hands, acquiescence, patent misuse, waiver, and/or implied waiver.

64.     To resolve the legal and factual questions raised by Cloud Byte and to afford Dell relief from the uncertainty and controversy that Cloud Byte's allegations have created, Dell is entitled to a declaratory judgement by the Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the manufacture, use, sale, offer for sale, or importation of the '265 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim

of the '265 patent under any theory, including directly, individually, jointly, indirectly, by inducement, or by contribution.

## COUNT ELEVEN
### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,629,265)

65.      Dell incorporates by reference as if fully set forth herein paragraphs 1–64 of its counterclaims.

66.      Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the '265 patent is valid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

67.      One or more claims of the '265 patent that Cloud Byte asserts or will properly assert against Dell are invalid for failure to comply with one or more conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, one or more claims are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other prior art references.  Such prior art references include those raised in Dell's Invalidity Contentions served in this action.

68.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the claims of the '265 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT TWELVE
### (Declaration of Failure to Comply with 35 U.S.C. § 287 (U.S. Patent No. 9,629,265))

69.    Dell incorporates by reference as if fully set forth herein paragraphs 1–68 of its counterclaims.

70.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether the '265 patent had any period in which a patentee, owner, and/or licensee was required to mark their products and systems in accordance with 35 U.S.C. § 287.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

71.    Upon information and belief, Cloud Byte and its predecessors-in-interest did not mark, or require licensees or others authorized to make, sell, and offer for sale to mark, products that were made, sold, or offered for sale in the United States that would embody the '265 patent under Cloud Byte's theory of infringement (with which Dell disagrees)..

72.    Dell did not receive notice of Cloud Byte's accusations of infringement of the '265 patent until Cloud Byte filed the complaint in this action.

73.    Accordingly, Cloud Byte cannot recover pre-suit damages for the '265 patent in this action pursuant to 35 U.S.C. § 287.

74.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the '265 patent was subject to the marking requirements of 35 U.S.C. § 287 and that Cloud Byte cannot recover pre-suit damages for the '265 patent in this action.

## COUNT THIRTEEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,651,320)

75.     Dell restates and incorporates by reference its allegations in paragraphs 1–74 of its Counterclaims.

76.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of U.S. Patent No. 9,651,320 (hereinafter the "'320 patent") is infringed.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

77.     Cloud Byte has accused certain models of Dell's PowerEdge servers of infringing the '320 patent.  These products, together with any other products Cloud Byte may contend infringe the '320 patent, are referred to as the "'320 Noninfringing Products."

78.     For at least the reasons set forth in Dell's Answer above, the '320 Noninfringing Products have not infringed and do not infringe any valid and enforceable claim of the '320 patent, directly or indirectly, literally or under the doctrine of equivalents.

79.     Additionally, any such claims of infringement are barred by the doctrines of license, implied license, exhaustion, equitable estoppel, unenforceability, unclean hands, acquiescence, patent misuse, waiver, and/or implied waiver.

80.     To resolve the legal and factual questions raised by Cloud Byte and to afford Dell relief from the uncertainty and controversy that Cloud Byte's allegations have created, Dell is entitled to a declaratory judgement by the Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the manufacture, use, sale, offer for sale, or importation of the '320 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim

of the '320 patent under any theory, including directly, individually, jointly, indirectly, by inducement, or by contribution.

## COUNT FOURTEEN
### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,651,320)

81.     Dell incorporates by reference as if fully set forth herein paragraphs 1–80 of its counterclaims.

82.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the '320 patent is valid. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

83.     One or more claims of the '320 patent that Cloud Byte asserts or will properly assert against Dell are invalid for failure to comply with one or more conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, one or more claims are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other prior art references. Such prior art references include those raised in Dell's Invalidity Contentions served in this action.

84.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the claims of the '320 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT FIFTEEN
### (Declaration of Failure to Comply with 35 U.S.C. § 287 (U.S. Patent No. 9,651,320))

85.    Dell incorporates by reference as if fully set forth herein paragraphs 1–84 of its counterclaims.

86.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether the '320 patent had any period in which a patentee, owner, and/or licensee was required to mark their products and systems in accordance with 35 U.S.C. § 287.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

87.    Upon information and belief, Cloud Byte and its predecessors-in-interest did not mark, or require licensees or others authorized to make, sell, and offer for sale to mark, products that were made, sold, or offered for sale in the United States that would embody the '320 patent under Cloud Byte's theory of infringement (with which Dell disagrees).

88.    Dell did not receive notice of Cloud Byte's accusations of infringement of the '320 patent until Cloud Byte filed the complaint in this action.

89.    Accordingly, Cloud Byte cannot recover pre-suit damages for the '320 patent in this action pursuant to 35 U.S.C. § 287.

90.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the '320 patent was subject to the marking requirements of 35 U.S.C. § 287 and that Cloud Byte cannot recover pre-suit damages for the '320 patent in this action.

## COUNT SIXTEEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,900,249)

91.    Dell restates and incorporates by reference its allegations in paragraphs 1–90 of its Counterclaims.

92.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the U.S. Patent No. 9,900,249 (hereinafter the "'249 patent") is infringed.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

93.    Cloud Byte has accused certain models of Dell's S, N, Z, and FN-series switches of infringing the '249 patent, including by virtue of the switches' alleged implementation of the Open Flow standard.  These products, together with any other products Cloud Byte may contend infringe the '249 patent, are referred to as the "'249 Noninfringing Products."

94.    Additionally, any such claims of infringement are barred by the doctrines of license, implied license, exhaustion, equitable estoppel, unenforceability, unclean hands, acquiescence, patent misuse, waiver, and/or implied waiver.

95.    For at least the reasons set forth in Dell's Answer above, the '249 Noninfringing Products have not infringed and do not infringe any valid and enforceable claim of the '249 patent, directly or indirectly, literally or under the doctrine of equivalents.

96.    To resolve the legal and factual questions raised by Cloud Byte and to afford Dell relief from the uncertainty and controversy that Cloud Byte's allegations have created, Dell is entitled to a declaratory judgement by the Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the manufacture, use, sale, offer for sale, or importation of the '249 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim

34

of the '249 patent under any theory, including directly, individually, jointly, indirectly, by inducement, or by contribution.

## COUNT SEVENTEEN
## (Declaratory Judgment of Invalidity of U.S. Patent No. 9,900,249)

97.     Dell incorporates by reference as if fully set forth herein paragraphs 1–96 of its counterclaims.

98.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the '249 patent is valid.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

99.     One or more claims of the '249 patent that Cloud Byte asserts or will properly assert against Dell are invalid for failure to comply with one or more conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, one or more claims are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other prior art references.  Such prior art references include those raised in Dell's Invalidity Contentions served in this action.

100.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the claims of the '249 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT EIGHTEEN
### (Declaration of Failure to Comply with 35 U.S.C. § 287 (U.S. Patent No. 9,900,249))

101.     Dell incorporates by reference as if fully set forth herein paragraphs 1–100 of its counterclaims.

102.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether the '249 patent had any period in which a patentee, owner, and/or licensee was required to mark their products and systems in accordance with 35 U.S.C. § 287.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

103.     Upon information and belief, Cloud Byte and its predecessors-in-interest did not mark, or require licensees or others authorized to make, sell, and offer for sale to mark, products that were made, sold, or offered for sale in the United States that would embody the '249 patent under Cloud Byte's theory of infringement (with which Dell disagrees).

104.     Dell did not receive notice of Cloud Byte's accusations of infringement of the '249 patent until Cloud Byte filed the complaint in this action.

105.     Accordingly, Cloud Byte cannot recover pre-suit damages for the '249 patent in this action pursuant to 35 U.S.C. § 287.

106.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the '249 patent was subject to the marking requirements of 35 U.S.C. § 287 and that Cloud Byte cannot recover pre-suit damages for the '249 patent in this action.

## COUNT NINETEEN
### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 10,628,273)

107.    Dell restates and incorporates by reference its allegations in paragraphs 1–106 of its Counterclaims.

108.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of U.S. Patent No. 10,628,273 (hereinafter the "'273 patent") is infringed.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

109.    Cloud Byte has accused certain models of Dell's PowerEdge servers of infringing the '273 patent.  These products, together with any other products Cloud Byte may contend infringe the '273 patent, are referred to as the "'273 Noninfringing Products."

110.    For at least the reasons set forth in Dell's Answer above, the '273 Noninfringing Products have not infringed and do not infringe any valid and enforceable claim of the '273 patent, directly or indirectly, literally or under the doctrine of equivalents.

111.    Additionally, any such claims of infringement are barred by the doctrines of license, implied license, exhaustion, equitable estoppel, unenforceability, unclean hands, acquiescence, patent misuse, waiver, and/or implied waiver.

112.    To resolve the legal and factual questions raised by Cloud Byte and to afford Dell relief from the uncertainty and controversy that Cloud Byte's allegations have created, Dell is entitled to a declaratory judgement by the Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., that the manufacture, use, sale, offer for sale, or importation of the '273 Noninfringing Products have not infringed and are not infringing any valid, enforceable claim

of the '273 patent under any theory, including directly, individually, jointly, indirectly, by inducement, or by contribution.

## COUNT TWENTY
### (Declaratory Judgment of Invalidity of U.S. Patent No. 10,628,273)

113. Dell incorporates by reference as if fully set forth herein paragraphs 1–112 of its counterclaims.

114. Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether any asserted claim of the '273 patent is valid. This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

115. One or more claims of the '273 patent that Cloud Byte asserts or will properly assert against Dell are invalid for failure to comply with one or more conditions and requirements of patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, one or more claims are invalid under 35 U.S.C. §§ 102 and/or 103, because each element of one or more such claims is disclosed in prior art references, considered alone or in combination with other prior art references. Such prior art references include those raised in Dell's Invalidity Contentions served in this action.

116. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the claims of the '273 patent are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112.

## COUNT TWENTY-ONE
### (Declaration of Failure to Comply with 35 U.S.C. § 287 (U.S. Patent No. 10,628,273))

117.     Dell incorporates by reference as if fully set forth herein paragraphs 1–116 of its counterclaims.

118.     Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether the '273 patent had any period in which a patentee, owner, and/or licensee was required to mark their products and systems in accordance with 35 U.S.C. § 287.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

119.     Upon information and belief, Cloud Byte and its predecessors-in-interest did not mark, or require licensees or others authorized to make, sell, and offer for sale to mark, products that were made, sold, or offered for sale in the United States that would embody the '273 patent under Cloud Byte's theory of infringement (with which Dell disagrees).

120.     Dell did not receive notice of Cloud Byte's accusations of infringement of the '273 patent until Cloud Byte filed the complaint in this action.

121.     Accordingly, Cloud Byte cannot recover pre-suit damages for the '273 patent in this action pursuant to 35 U.S.C. § 287.

122.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the '273 patent was subject to the marking requirements of 35 U.S.C. § 287 and that Cloud Byte cannot recover pre-suit damages for the '273 patent in this action.

## COUNT TWENTY-TWO
### (Declaration of Unenforceability of All Asserted Patents)

123.    Dell incorporates by reference as if fully set forth herein paragraphs 1–122 of its counterclaims.

124.    Cloud Byte's filing of this action and Dell's denials and affirmative defenses raise a definite and concrete, real and substantial, justiciable, and continuing case or controversy between Dell and Cloud Byte as to whether the Asserted Patents are enforceable.  This controversy is of sufficient immediacy and reality to warrant the issuance of a Declaratory Judgment.

125.    One or more claims of the Asserted Patents that Cloud Byte asserts against Dell are unenforceable under the equitable doctrine set out in Dell's Tenth Defense above.

126.    For example, NEC acquiesced to the sale of the accused PowerEdge server and networking products in the United States through NEC and Dell's OEM relationship and other business relationships and partnerships.  These relationships render the Asserted Patents unenforceable against Dell.

127.    As another example, NEC acquiesced to, and licensed and/or implied licensed, the sale of the accused networking products through its membership in, and commitments made through, the Open Networking Foundation.  This conduct renders the Asserted Patents unenforceable against Dell.

128.    As another example, to the extent Cloud Byte now asserts claims against Linux implementations on Dell's accused products, that assertion is barred due to NEC's prior commitment to Open Invention Network.

129.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Dell requests a declaration by the Court that the Asserted Patent are unenforceable against Dell due to at least the facts set out above.

## PRAYER FOR RELIEF

Dell respectfully requests that this Court enter judgment in its favor against Plaintiff, and grant the following relief:

A.    A judgment dismissing Plaintiff's Complaint against Dell in its entirety with prejudice;

B.    An Order declaring that Plaintiff takes nothing on the claims asserted in the Plaintiff's Complaint;

C.    A Declaration that Dell has not infringed any claim of any of the Asserted Patents;

D.    A Declaration that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112;

E.    A Declaration that the Asserted Patents were subject to the marking requirements of 35 U.S.C. § 287 and that Cloud Byte cannot recover pre-suit damages for the Asserted Patents in this action;

F.    A Declaration that the Asserted Patents are unenforceable against Dell;

G.    All costs be taxed against Plaintiff;

H.    A finding that this case is exceptional pursuant to 35 U.S.C. § 285 and awarding Dell its reasonable attorneys' fees, expenses, and costs incurred in connection with this action;

I.    An award to Dell its costs, expenses, disbursements, and attorneys' fees incurred in connection with this action; and

J.    Any such other relief in favor of Dell and against Plaintiff as the Court may deem appropriate and just under the circumstances.

Date: September 26, 2025

Respectfully submitted,

By: */s/ Paul E. Torchia*
Paul E. Torchia
Josh Krevitt
Brian Rosenthal
Laura F. Corbin
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
ptorchia@gibsondunn.com
jkrevitt@gibsondunn.com
brosenthal@gibsondunn.com
lcorbin@gibsondunn.com

Nathan Curtis
Audrey Yang
GIBSON DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100,
Dallas, TX 75201
ncurtis@gibsondunn.com
ayang@gibsondunn.com

Deron R. Dacus
Texas State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
ddacus@dacusfirm.com
(903) 705-1117 (Telephone)
(903) 581-2543(Facsimile)

*Attorneys for Defendants Dell Inc. and Dell Technologies Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 26, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to CM/ECF participants in this case.

<u>*/s/ Paul E. Torchia*</u>
Paul E. Torchia