

SUPREME COURT OF SINGAPORE
LEGAL REGISTRY

Our Ref: TEA 6/2025/AG

12 August 2025

The Honorable Rodney Gilstrap
United States District Court
For the Eastern District of Texas
Sam B. Hall, Jr. Federal Building and
United States Courthouse

**REQUEST, PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS, FOR INTERNATIONAL JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FROM NEC ASIA PACIFIC PTE LTD & IP WAVE PTE LTD**

<u>Civil Action No. 2:24-cv-637-JRG</u>

We refer to the four Letters of Request for international judicial assistance dated 12 June 2025 ("**Requests**") from the United States District Court for the Eastern District of Texas ("**Foreign Court**"), which we received on 10 July 2025 and forwarded to the Attorney-General's Chambers of Singapore ("**AGC**") on 21 July 2025 pursuant to Order 55, Rule 3(b) of the Rules of Court 2021 ("**ROC**").

2.      In the Requests, the Foreign Court has requested that evidence be recorded from designated corporate witnesses ("**Witnesses**") from NEC Asia Pacific Pte Ltd ("**NEC APAC**") and IP Wave Pte Ltd ("**IP Wave**") and for NEC APAC and IP Wave to produce certain documents for the purposes of a civil law case before it (the "**Proceedings**"). The Requests are made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "**Hague Convention**").

3.      The brief facts of the Proceedings are as follows:

a)      *Plaintiff:* Cloud Byte LLC ("**Cloud Byte**")

b)      *Defendants:* Dell Inc. and Dell Technologies, Inc. (collectively, "**Dell**")

c)      *Nature of action:* The Proceedings involve the alleged infringement of seven U.S. patents ("**Asserted Patents**") by Dell by making, using, offering to sell, selling and/or importing into the United States certain servers and network devices and/or instructing others in respect of the same. The Asserted Patents were originally assigned to NEC Corporation, subsequently assigned to NEC APAC (the wholly owned subsidiary of NEC Corporation), and thereafter to IP Wave, before finally being assigned to Cloud Byte. Cloud Byte alleges that as a result of Dell's

infringement of the Asserted Patents, Cloud Byte is entitled to damages constituting, in part, a reasonable royalty on a licence for the Asserted Patents. Dell's defence is that it has not infringed the Asserted Patents because the Asserted Patents are invalid. Dell has also raised issues pertaining to licensing, damages and standing in its defence.

4.      The Requests comprise the following:

a)      <u>Request 1</u>: For evidence to be taken from the Witnesses from NEC APAC on the questions set out at Annex A of the Requests.

b)      <u>Request 2</u>: For IP Wave to produce the documents set out at Annex A of the Requests.

c)      <u>Request 3</u>: For evidence to be taken from the Witnesses from IP Wave on the questions set out at Annex A of the Requests.

d)      <u>Request 4</u>: For NEC APAC to produce the documents set out at Annex A of the Requests.

5.      Please be informed that AGC requires further information in order to accede to the Requests.

<u>Requests 1 & 3 – Article 3(f) of the Hague Convention</u>

6.      Article 3(f) of the Hague Convention requires the requesting state to specify *"the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined"*. This entails that the questions are drafted in a clear and concise manner and should avoid being vague and uncertain.[1] However, several questions at Annex A of Requests 1 and 3 are open-ended. For example:

a)      With respect to Request 1:

(i)      Question 1 asks that the Witnesses from NEC APAC describe the nature and length of the relationship between NEC Corporation, NEC APAC, IP Wave and Cloud Byte.

(ii)     Questions 2 and 3 ask that the Witnesses from NEC APAC describe the events leading up to the assignment of the Asserted Patents from NEC Corporation to NEC APAC and from NEC APAC to IP Wave.

(iii)    Question 4 asks that the Witnesses from NEC APAC describe NEC APAC's involvement in the Proceedings.

(iv)     Question 19 asks that the Witnesses give evidence on the terms of any licences, covenants not to sue, and/or agreements that NEC Corporation and/or NEC APAC has entered into that include the Asserted Patents.

---

[1] The Hague Convention on Private International Law Permanent Bureau, *Practical Handbook on the Operation of the Evidence Convention* (4th Ed, 2020) at [129].

b)   With respect to Request 3:

(i)   Question 1 asks that the Witnesses from IP Wave describe the nature and length of the relationship between NEC Corporation, NEC APAC, IP Wave and Cloud Byte.

(ii)   Questions 2 and 3 ask that the Witnesses from IP Wave describe the events leading up to the assignment of the Asserted Patents from NEC APAC to IP Wave and from IP Wave to Cloud Byte.

(iii)   Question 4 asks that the Witnesses from IP Wave describe IP Wave's involvement in the Proceedings.

(iv)   Question 5 asks that the Witnesses give evidence on the terms of any licences, covenants not to sue, and/or agreements that NEC Corporation, NEC APAC and/or IP Wave has entered into that include the Asserted Patents.

7.    In AGC's view, the execution of Requests 1 and 3 would require familiarity with the facts of the Proceedings and/or the relevance of the information sought to the Proceedings, in order to be able to pose follow-up questions to clarify or expand on the questions posed and the answers provided. State Counsel from the Attorney-General's Chambers is currently not in a position to do so and would need the Foreign Court to submit revised questions which would have to be sufficiently clear and specific.

Requests 2 & 4 – Articles 3(e) and 23 of the Hague Convention

8.    Article 3(e) of the Hague Convention requires that the names and addresses of the witnesses be specified.[2]

9.    Article 23 of the Hague Convention provides that *"[a] Contracting State may…declare that it will not execute Letters of Request issued for the purposes of obtaining a pre-trial discovery of documents."* Singapore has made such a declaration and has also declared that Singapore understands *"Letters of Request issued for the purposes of obtaining a pre-trial discovery of documents"* to include any letter of request *"which requires a person…(b) to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or to be likely to be, in his possession, custody or power"*.

10.    *"[P]articular documents"* have been interpreted in applicable case law to mean (a) individual documents separately described (as opposed to a class of documents); and (b) actual documents which show by evidence to exist or have existed (as opposed to conjectural documents). Annex A to Requests 2 and 4 do not identify particular documents to be produced and instead describe them in broad terms. It is also unclear if the documents requested are actual documents shown by evidence to exist or have existed, or if they are conjectural documents.

11.    Further, in describing the purpose of the evidence sought, Requests 2 and 4 merely state that NEC APAC or IP WAVE *"would have possession"* of the documents sought, without more. No evidence has been provided by the said Requests that any of the requested documents is in the *"possession, custody or power"* of NEC APAC or IP Wave. Instead, the Requests state that *"IP Wave*

---

[2] See pages 13 of Request 2 and 18 of Request 4.

*may also have documents such as patent marking documents, licenses and patent sales agreement related to Cloud Byte's alleged damages and standing*[3] and *"NEC APAC may also have documents such as patent marking documents, licenses and patent sales agreement related to Cloud Byte's alleged damages and standing"*.[4]

12.    Please be informed that AGC requires the information set out above in order to accede to the Requests. The Defendant may consider instructing Singapore counsel to file the necessary application(s) under Order 55 Rule 2 of the ROC to obtain the documents sought. Engaging a Singapore counsel would enable the Defendant to ensure that such counsel is familiar with the facts of the Proceedings. The Singapore counsel would also be better placed to explain the relevance of the documents sought for the Proceedings.

13.    If the Defendant decides not to engage Singapore counsel to file the relevant application and the Foreign Court supplements the Requests with the necessary information, it should also provide AGC with the following in respect of each of the Requests for the purposes of making the relevant court applications (pursuant to Article 26 of the Hague Convention):

a)    Upfront payment of S$3,320 (the "**Sum**"), being the estimated expenses and disbursements to be incurred. Payment of the Sum shall be in the form of a Cashier's Order to the "Attorney-General's Chambers" at 1 Upper Pickering Street, Singapore 058288. The correspondence enclosing the Cashier's Order should cite the reference number AG/CIV/DM/SUPC/2025/8.

b)    A written undertaking that the Foreign Court will pay any other fees and costs (in excess of the Sum) related to the execution of the Foreign Court's request, including the witness' costs of attendance in court (if any), a draft of which is enclosed in **Annex 1**.

Yours faithfully,

GAN KAM YUIN
ASSISTANT REGISTRAR
SUPREME COURT, SINGAPORE

Encl.

Cc    The Honourable the Attorney General
      Attorney-General's Chambers
      1 Upper Pickering Street
      Singapore 058288
      Your Ref: AG/CIV/DM/SUPC/2025/8
      Attn: Satviender Kaur Nijer (State Counsel)

---

[3] See page 5 of Request 2.
[4] See page 5 of Request 4.

## **Annex 1 – Sample Undertaking**

Ref: AG/CIV/DM/SUPC/2025/8

To: Attorney-General's Chambers, Singapore

## Undertaking

I/We, [name of entity/ name of individual(s)] ([entity number/identification number]) having my/our address at [address], hereby undertake and warrant to pay to the Attorney-General's Chambers, Singapore any fees, costs and expenses in excess of the sum of S$3,320 which relate to the execution of the request for international judicial assistance that was made by the United States District Court for the Eastern District of Texas for the proceedings between the plaintiff, Cloud Byte LLC, and the defendant, Dell Inc. and Dell Technologies Inc., now pending before the Foreign Court.

_____

Name and Signature

1 Upper Pickering Street, Singapore 058288 ● tel +65 6908 9000 ● www.agc.gov.sg