IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CLOUD BYTE LLC, <br> *Plaintiff,* <br><br> v. <br><br> DELL INC. and DELL TECHNOLOGIES INC., <br> *Defendants*. | § § § § § § § § § § | CIVIL ACTION NO. 2:24-CV-00637-JRG <br><br> FILED UNDER SEAL |

**MEMORANDUM ORDER & OPINION**

Before the Court is the Motion to Dismiss Defendants' Counterclaims 3, 6, 9, 12, 15, 18, and 21 Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion") filed by Plaintiff Cloud Byte LLC ("Plaintiff," or "Cloud Byte"). (Dkt. No. 138.) Having considered the Motion, the Court finds that it should be and hereby is **GRANTED**.

I.  BACKGROUND

Cloud Byte filed the above-captioned case against Defendants Dell Inc. and Dell Technologies Inc. ("Defendants," or "Dell") on August 5, 2024, asserting seven patents against Dell; to-wit: U.S. Patent Nos. 7,739,544; 9,482,632; 9,560,177; 9,629,265; 9,651,320; 9,900,249; and 10,628,273 (collectively, the "Asserted Patents"). (Dkt. No. 1.)

In its answer, Dell asserted seventeen (17) affirmative defenses and twenty-two (22) counterclaims. (Dkt. No. 126.) Dell's sixth affirmative defense is for an alleged failure to mark—the answer states "Plaintiff and its predecessors-in-interest to the Asserted Patents failed to comply with the notice requirements of 35 U.S.C. § 287, barring Plaintiff from all monetary relief for acts that occurred prior to Plaintiff providing actual notice to Dell on the date of the filing of the Complaint in this action." (*Id*. at 15.) Dell's third, sixth, ninth, twelfth, fifteenth, eighteenth, and twenty-first counterclaims (the "Marking Counterclaims") all relate to marking as well—each of

the Marking Counterclaims seeks a "Declaration of Failure to Comply with 35 U.S.C. § 287" for each of the Asserted Patents. (*Id*. at 21, 24, 27, 30, 33, 36, and 39.) All of the Marking Counterclaims seek the same relief of a declaration "that Cloud Byte cannot recover pre-suit damages." (*Id*.)

## II.    LEGAL AUTHORITY

"The Supreme Court has long held that in general, 'a litigant may not use a declaratory-judgement action to obtain piecemeal adjudication of defenses that *would not finally and conclusively resolve* the underlying controversy." *AbbVie Inc. v. MedImmune Ltd.*, 881 F.3d 1334, 1337 (Fed. Cir. 2018) (quoting *MedImmune, Inc. v. Genetech, Inc. et al.*, 549 U.S. 118, 127 n.7 (2007)). However, the Supreme Court has found that the Declaratory Judgement Act grants jurisdiction over certain counterclaims brought by parties accused of infringement, such as invalidity. *See Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 96 (1993).

In addition, the Declaratory Judgement Act grants federal courts broad discretion in determining whether to exercise jurisdiction over claims seeking declaratory relief. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (discussing the "unique breadth" of a federal court's "discretion to decline to enter a declaratory judgement.") In exercising that broad discretion, "[t]rial courts must determine whether hearing the case would serve the objectives for which the Declaratory Judgement Act was created, namely, allowing a party who is reasonably at legal risk because of an unresolved legal dispute[] to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." *Ford Motor Co. v. United States*, 811 F.3d 1371, 1378 (Fed. Cir. 2016) (internal citations omitted).

### III.     ANALYSIS

Cloud Byte asserts that this Court should dismiss Dell's Marking Counterclaims because the Marking Counterclaims do not further the purpose of the Declaratory Judgement Act.[1] (Dkt. No. 138 at 4.) It asserts that the Marking Counterclaims waste judicial resources because they are "verbatim duplicates" of Dell's sixth defense. (*Id.*) It further argues the Court should decline to exercise jurisdiction over these counterclaims because "[d]eclaratory judgement jurisdiction is not a vehicle for defendants to reframe defenses as affirmative claims. Nor is it a mechanism to obtain procedural advantages through relabeling. Dell seeks to do both." (*Id.* at 5.)

Dell responds that "courts have consistently recognized the benefit of declaratory judgement claims in patent suits," and argue that "Dell's Marking Counterclaims—like its invalidity and non-infringement counterclaims—will allow Dell to conclusively establish its rights as to all tried patents regardless of the outcome of Cloud Byte's claims at trial." (Dkt. No. 143 at 4-5.) It asserts that because of the resources it has expended to develop the record to make its case for no pre-suit liability, and the risk that with only a marking defense its rights and liability on pre-suit damages could remain in question for future litigation following trial (if, for example, Dell were to prevail on non-infringement), this Court should permit its Marking Counterclaims in this suit. (*Id.* at 5.)

The Court finds that in this case, Dell's Marking Counterclaims, which mirror its marking defense, would not serve the purposes of the Declaratory Judgement Act. The two cases of courts

---

[1] Cloud Byte also asserts that, as an initial matter, the Court should dismiss Dell's Marking Counterclaims under Fed. R. Civ. P. 12(b)(6) because they fail to state a justiciable claim under Article III in the declaratory judgement context. *See, e.g. Calderon v. Ashmus*, 523 U.S. 740, 747 (1998). The Court finds that because it has determined the Motion should be granted on the basis of Cloud Byte's second argument—regarding discretionary jurisdiction and the purpose of the Declaratory Judgement Act—it declines to provide an additional opinion regarding whether marking counterclaims generally are justiciable under Article III of the Constitution.

declining to dismiss marking counterclaims which Dell cites are inapposite, as neither involves a similar factual situation of the movant invoking the purpose of the Declaratory Judgement Act in seeking to have them dismissed. *See Seitz v. Envirotech Sys. Worldwide Inc.*, No. H-02-4782, 2007 WL 1795678, at *3 (S.D. Tex. June 19, 2007) (denying a motion to strike, *inter alia*, a marking counterclaim in a dispute concerning Fed. R. Civ. P. 15 and leave to amend counterclaims); *SafeNet, Inc. v. Uniloc USA, Inc.*, No. 6:15-cv-00097, 2015 WL 10793747, at *10 (E.D. Tex. Aug. 19, 2015), *report and recommendation adopted*, 015 WL 7272196 (E.D. Tex. Nov. 17, 2015) (declining to dismiss declaratory judgement action involving noninfringement, invalidity, failure to mark, release, breach of contract, fraud/fraudulent inducement, and negligent misrepresentation, where both briefing from the parties and the court's analysis focused on whether subject matter jurisdiction existed for the entire action as a whole).

      The Court determines that *Super-Sparkly Safety Stuff v. Skyline USA* is a more appropriate comparison to the facts of this case, wherein the Northern District of Texas dismissed marking counterclaims that "mirror[ed the defendant's] affirmative defenses" on the grounds that they "would not further the Declaratory Judgement Act's purpose," since the defendant "simply recast as counterclaims the very arguments it pled in response to [the plaintiff's] claims." *See Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.* No. 3:18-cv-00587, 2019 WL 4860959, at *2 (N.D. Tex. Oct. 2, 2019). The Court finds that where, as here, litigation is already well underway and Dell has been given, and has taken, the opportunity to assert a marking defense concerning its liability for pre-suit damages, Dell is not in danger of being left with an unresolved legal dispute regarding its potential liability in this case. Accordingly, the Court declines to exercise jurisdiction over the Marking Counterclaims, as it finds that they are highly duplicative and do not serve the purpose of the Declaratory Judgement Act.

IV.     **CONCLUSION**

For the reasons stated herein, the Court finds that Plaintiff's Motion to Dismiss Defendants' Counterclaims 3, 6, 9, 12, 15, 18, and 21 is **GRANTED**, and these counterclaims are **DISMISSED**.

Since the Parties filed their briefing under seal, the Court files this Order under seal as well. However, the Parties are **ORDERED** to jointly prepare a redacted version of this Order for public viewing and to file the same on the Court's docket as an attachment to a Notice of Redaction within five (5) business days of this Order.

**So ORDERED and SIGNED this 29th day of January, 2026.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE