**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CLOUD BYTE LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>DELL INC. and<br>DELL TECHNOLOGIES INC.,<br><br>       Defendants. | Case No. 2:24-cv-00637-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS DELL INC. AND DELL TECHNOLOGIES INC.'S SUR-REPLY IN
OPPOSITION TO CLOUD BYTE'S PARTIAL MOTION FOR SUMMARY JUDGMENT
ON DEFENDANTS' DAMAGES-RELATED DEFENSES**

███████████████████████████████████

**TABLE OF CONTENTS**

Page

A.    Cloud Byte Cannot Meet Its Burden on Territoriality ........................................... 1

B.    Dell's Equitable Defenses ........................................................................................ 1

    1.    Waiver ............................................................................................................. 3

    2.    Acquiescence ................................................................................................... 4

    3.    Equitable Estoppel .......................................................................................... 4

    4.    Unclean Hands and Patent Misuse .................................................................. 5

C.    License, Implied License, and Exhaustion ............................................................. 5

    1.    Dell's ██████████████████████████ ............................................ 5

    2.    Dell's Sales of Servers with Red Hat Linux Were Expressly Licensed or Exhausted Through OIN ................................................................................... 6

    3.    Dell Is Licensed to the '249 Patent Through ONF .......................................... 7

    4.    Implied License ............................................................................................... 7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Byam v. Bullard,*
    4 F. Cas. 934 (C.C.D. Mass. 1852) ................................................................6

*Headwater Rsch. LLC v. AT&T Inc.,*
    2025 WL 3030728 (E.D. Tex. July 8, 2025) .......................................2, 3

*High Point SARL v. Sprint Nextel Corp.,*
    817 F.3d 1325 (Fed. Cir. 2016) ...............................................2, 3, 5

*JumpSport, Inc. v. Acad., Ltd.,*
    2018 WL 10124888 (E.D. Tex. Sept. 6, 2018) ...............................4

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.,*
    2018 WL 7893901 (D. Del. Dec. 17, 2018)................................6

*Staton Techiya, LLC v. Samsung Elecs. Co.,*
    742 F. Supp. 3d 602 (E.D. Tex. 2024)....................................6

*TransCore, LP v. Elec. Transaction Consultants Corp.,*
    563 F.3d 1271 (Fed. Cir. 2009)................................................8

**Statutes**

35 U.S.C. § 271(f)...................................................................1

**Rules**

Fed. R. Civ. P. 56(c)(2).........................................................2

ii

████████████████████████████████████████

## TABLE OF EXHIBITS

| Exhibit | Document |
|---------|----------|
| Exhibit 32 | Red Hat's Open Source Participation Guidelines, available at https://www.redhat.com/en/resources/open-source-participation-guidelines-overview |

████████████████████████████████████████████████

**TABLE OF ABBREVIATIONS**

| Term | Meaning |
| --- | --- |
| '249 patent | U.S. Patent No. 9,900,249 (Dkt. 1-6) |
| '265 patent | U.S. Patent No. 9,629,265 (Dkt. 1-4) |
| '273 patent | U.S. Patent No. 10,628,273 (Dkt. 1-7) |
| '320 patent | U.S. Patent No. 9,651,320 (Dkt. 1-5) |
| '544 patent | U.S. Patent No. 7,739,544 (Dkt. 1-1) |
| '632 patent | U.S. Patent No. 9,482,632 (Dkt. 1-2) |
| Accused Products | The Dell products Cloud Byte has accused of infringing the Asserted Patents |
| Asserted Patents | The '249, '265, '273, '320, '544, and '632 patents |
| Becker Rpt. | Expert Report of Dr. Stephen Becker, dated December 5, 2025 (Opp. Ex. 23, Dkt. 236-24) |
| Becker Reb. Rpt. | Rebuttal Expert Report of Dr. Stephen Becker, dated December 21, 2025 (Opp. Ex. 2, Dkt. 236-2) |
| Chambers Tr. | Transcript of the October 31, 2025 Deposition of Eric Chambers (Opp. Ex. 8, Dkt. 236-9) |
| Cloud Byte | Plaintiff Cloud Byte LLC |
| Dell | Defendants Dell Inc. and Dell Technologies Inc. |
| ████████████ | NEC_DELL_EDTX_0001900 (Opp. Ex. 11, Dkt. 236-12) |
| Donegan Tr. | Transcript of the November 5, 2025 Deposition of Christopher Donegan (Opp. Ex. 16, Dkt. 236-17) |
| Inf. Cont. Ex. 11 | Exhibit 11 to Cloud Byte's Infringement Contentions, dated November 21, 2024 (Dkt. 191-13) |
| ██████ | DELL_CLOUDBYTE_0169250 (Opp. Ex. 10, Dkt. 236-11) |
| Mot. or Motion | Cloud Byte's Motion for Summary Judgment on Defendants' Damages Related Defenses (Dkt. 194) |
| MSJ of No Direct or Indirect Inf. | Defendants' Motion for Partial Summary Judgment of Non-Infringement by Dell with Respect to Dell's Sales of the Accused Products and Dell's Customers' Use of Those Products (Dkt. 189) |

███████████████████████████████████████████

| Term | Meaning |
| --- | --- |
| NEC | NEC Corporation and its subsidiaries, including NEC Corporation of America |
| NEC America | NEC Corporation of America |
| ██████████ | NEC_DELL_EDTX_0064032 (Opp. Ex. 18, Dkt. 236-19) |
| ██████████ | DELL_CLOUDBYTE_0169293 (Opp. Ex. 21) |
| OEM | Original Equipment Manufacturer |
| OEM Agr. | DELL_CLOUDBYTE_0172022 (Opp. Ex. 22, Dkt. 236-23) |
| OIN | Open Invention Network |
| OIN Agr. | NEC_DELL_EDTX_0000074 (Opp. Ex. 15, Dkt. 236-16) |
| ONF | Open Networking Foundation |
| Opp. or Opposition | Dell's Opposition to Cloud Byte's Partial Motion for Summary Judgment on Defendants' Damages Related Defenses (Dkt. 236) |
| Opp. to MSJ Affirmative Def. | Dell's Opposition to Cloud Byte's Partial Motion for Summary Judgment on Dell's Pleaded Defenses (Dkt. 233) |
| Red Hat Website | Red Hat's Open Source Participation Guidelines, available at https://www.redhat.com/en/resources/open-source-participation-guidelines-overview (Ex. 32). |
| Rep. or Reply | Cloud Byte's Reply in Support of Its Motion for Summary Judgment on Defendants' Damages Related Defenses (Dkt. 253) |
| Rosing Rpt. | Expert Report of Dr. Tajana Rosing, dated December 5, 2025 (Opp Ex. 7, Dkt. 236-8) |
| Wicker Reb. | Rebuttal Expert Report of Dr. Stephen Wicker, dated December 19, 2025 (Opp. Ex. 17, Dkt. 236-18) |
| Wicker Rpt. | Expert Report of Dr. Stephen Wicker, dated December 5, 2025 (Opp. Ex. 6, Dkt. 236-7) |
| Williams Rpt. | Opening Expert Report of Tim A. Williams, Ph.D (Opp. Ex. 29, Dkt. 236-30) |

In its Reply, Cloud Byte again fails to establish that it is entitled to summary judgment on "territoriality," Dell's equitable defenses, and Dell's defenses of license, implied license, and exhaustion.   Cloud Byte's arguments are based on misunderstandings of law and mischaracterizations of the record.  Cloud Byte's motion should be denied.

## A.      Cloud Byte Cannot Meet Its Burden on Territoriality

Cloud Byte bears the burden to prove infringement and damages for all sales in its damages base—including the foreign sales Cloud Byte tries to sweep into the case—and has not attempted to meet these burdens on summary judgment either in its Motion or in its Reply.  Cloud Byte argues that "Dell's 'post-sale configuration' arguments concern infringement merits." Rep. at 1.  This is true; and it is also true, as explained in Dell's Opposition, that territoriality is a defense to infringement, which is Cloud Byte's burden to prove.  Opp. at 5.  Cloud Byte stakes its infringement accusation of foreign sales on the brief importation of the products into the United States during distribution. Opp. at 6; Reply at 1.  But Cloud Byte must prove that the products as imported actually infringe.  It did not offer any evidence in its motion to do so.  Moreover, as Dell has shown, the products require post-sale configuration before they allegedly infringe—so importation alone *could not* allegedly infringe.  *See* Opp. at 5–6; MSJ of No Direct or Indirect Inf. at 6–7.  Cloud Byte also alludes to an infringement theory under 35 U.S.C. § 271(f) (Rep. at 1), but has offered no evidence to support that theory or to show the requirements of Section 271(f) are met.  The Court should hold Cloud Byte to its burden of proof and deny the motion.

## B.      Dell's Equitable Defenses

Cloud Byte's leading argument against Dell's equitable defenses is that ██████████ ███████████████████████████████████████. Rep. at 2.  But this ██ is entirely irrelevant.  Waiver, acquiescence, and equitable estoppel all turn on the objective behavior of the patentee *toward the accused infringer* and what beliefs that objective behavior would reasonably

1



induce. *E.g., Headwater Rsch. LLC v. AT&T Inc.*, 2025 WL 3030728, at *2 (E.D. Tex. July 8, 2025), *report and recommendation adopted*, 2025 WL 3028536 (E.D. Tex. Oct. 29, 2025). Thus, even ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮, it could not possibly have induced any belief in Dell. If anything, these ▮▮▮ further support Dell's equitable defenses. Despite ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1]

Cloud Byte also ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮. *See High Point SARL v. Sprint Nextel Corp.*, 817 F.3d 1325, 1327, 1330 (Fed. Cir. 2016) (affirming equitable estoppel where accused infringer exceeded "limited license" provided in the parties' agreement).[2]

---

[1] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Donegan Tr. (Opp. Ex. 16) 112:22–113:7.

[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

████████████████████████████████████████████████████████

### 1.    Waiver

Cloud Byte offers no meaningful response to Dell's evidence on waiver.  Instead, Cloud Byte misstates the law, arguing that "[i]ntent to relinquish rights cannot be inferred from silence." Rep. at 2.  Cloud Byte cites no authority for this proposition, which is directly contrary to this District's caselaw.  *See, e.g.*, *Headwater*, 2025 WL 3030728, at *3 ("[I]ntent can also be shown through silence and inaction.").  And, in any event, ███████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

Cloud Byte attempts to distinguish *Headwater v. AT&T* by baldly asserting that "NEC had no knowledge of the accused infringing features."  Rep. at 3 n.2. The overwhelming evidence, however, belies this distinction.  NEC had detailed knowledge of the Accused Products and all the information it needed to make the infringement allegations Cloud Byte later made in the Complaint.  Wicker Rpt. (Opp. Ex. 6) ¶¶ 839, 858, 872, 880, 883; Rosing Rpt. (Opp. Ex. 7) ¶¶ 73, 91, 103, 110, 113.  Cloud Byte's remaining arguments rest on the contractual provisions discussed above, which do nothing to undermine Dell's evidence and certainly do not show no material dispute of fact exists.  Cloud Byte's suggestion that ██████████████████████████ "negat[ed] any inference of waiver from silence" because they "served the same function" as providing *actual notice* of alleged infringement is nonsensical.  Rep. at 3 n.2.  As discussed above, ████████████████████████████████████, so they could not possibly have negated the reasonable inference of waiver.

_____

████████████████████████████████████

████████████████████████████████████████████████████

### 2.    Acquiescence

With respect to the defense of acquiescence, Cloud Byte again argues that ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████    Rep. at 3.

As explained, the agreements are irrelevant—acquiescence focuses on the patentee's "assurances *to the defendant*." *JumpSport, Inc. v. Acad., Ltd.*, 2018 WL 10124888, at \*4 (E.D. Tex. Sept. 6, 2018) (emphasis added).  Cloud Byte also warns that "Dell's theory would lead to perverse results, immunizing any party with prior business dealings from infringement claims."  Rep. at 3.  Dell has not argued that *any* business relationship automatically gives rise to an equitable defense— plainly, these defenses require a deeply fact-intensive inquiry that Cloud Byte encourages the Court to avoid.  The "perverse result" here would be the one Cloud Byte seeks, and the equitable defenses guard against: a patentee and defendant collaborate for a decade with respect to the specific accused products and, in some instances, the accused functionality (OpenFlow and VMware), while patentee says nothing of the patents it later, suddenly, asserts.

### 3.    Equitable Estoppel

Cloud Byte argues that "silence" is not enough.  But NEC's conduct was not mere silence.  As discussed above, ███████████████████████████████████████████████.  Opp. at 6–7, 10-11.  Cloud Byte's discussion of Dell's cases only further supports Dell's argument.  As in *High Point*, some of ████████████████████ were "about interoperability regarding the [alleged] patented technology."  Rep. at 4; Chambers Tr. (Opp. Ex. 8) 76:2–77:8, 114:24– 115:8; NEC Presentation (Opp. Ex. 18) at -033.  Cloud Byte attempts to distinguish *High Point* by arguing that ████████████████████████████████████████████████ ████████████████████████████.  Rep. at 4.  But this was also the case in *High Point*. 817 F.3d at 1327 (noting the parties' "agreement did not grant [the defendant] . . . rights under the



patents-in-suit" and that the patentee "did not discuss with any of the involved parties the patents-in-suit in an infringement context"). Similarly, as in *Headwater*, ████████████ ████████████████████████████ Opp. at 7. ████████████████████████

████████████████████████████████████████████

████████████████████████████████████ And NEC had sufficient knowledge of the Accused Products to make the same allegations Cloud Byte later made. *See supra* at 3. Cloud Byte's bare assertions to the contrary fall far short of its summary judgment burden. Rep. at 4.

### 4.    Unclean Hands and Patent Misuse

With respect to the unclean hands and patent misuse defenses, Cloud Byte argues that its "predecessors expressly preserv[ing] rights against Dell in every agreement" is the "opposite" of misconduct. Rep. at 5. But, throughout the entire time NEC and its successors were supposedly "preserving" their rights against Dell, ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ *See* Opp. to MSJ Affirmative Def. (Dkt. 233) at 9–10. This scheme, and Cloud Byte's continued prosecution in spite of these facts, is the type of bad faith conduct that gives rise to unclean hands and patent misuse defenses. *See Staton Techiya, LLC v. Samsung Elecs. Co.*, 742 F. Supp. 3d 602, 646 (E.D. Tex. 2024).

### C.    License, Implied License, and Exhaustion

#### 1.    Dell's ████████████ Were Authorized

With respect to Dell's license defense for the specific sales of accused products made for and ████████████████, Cloud Byte remarkably argues that Dell has "no authority" to support the common-sense proposition, supported by the ████████████████, that a sale

5

██████████████████████████████████████████

made to patentee at patentee's request is authorized—a proposition so obvious that it has been settled law since the 1800s. *See, e.g.*, *Byam v. Bullard*, 4 F. Cas. 934, 934 (C.C.D. Mass. 1852) (No. 2,262) (opinion of future Supreme Court Justice Curtis); *see also Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, 2018 WL 7893901, at *5 (D. Del. Dec. 17, 2018) (sales by accused infringer to licensee were authorized and thus subject to the marking statute); ████████ (Opp. Ex. 22) at -032 (granting "rights necessary to carry out the Purpose" of the agreement). The "absurd result" here (Rep. at 5) would be to allow NEC to induce Dell to sell products to NEC, benefit from NEC's use and resale of those products, and then, claiming NEC did not authorize its own requested sales, include those very sales in a damages base years later.

### 2. Dell's Sales of Servers with Red Hat Linux Were Expressly Licensed or Exhausted Through OIN

Cloud Byte argues that Dell's OIN license and exhaustion defenses fail because Red Hat Enterprise Linux ("RHEL") is not a "Linux System." Rep. at 6. ████████████

██████████████████████████████████████████

████████████████████████ Dell's expert Dr. Wicker explained how every RHEL high availability package Cloud Byte accuses of infringement is an open-source package on this list, and thus the accused software falls within the scope of the OIN license. Wicker Reb. (Opp. Ex. 17) at ¶¶ 470–473. In rebuttal, Cloud Byte asserts, without evidence, that Red Hat's software cannot be available under an open-source license because it is "paid." Rep. at 6. But, as Dr. Wicker and Red Hat itself have noted, every package Red Hat adds to its subscription software is first released to the public as an open-source version. Red Hat Website (Ex. 32) at 4; Wicker Reb. ¶ 470. Thus, it is entirely consistent that the accused software is both "generally available under an Open Source License" and is also available through Red Hat's paid high availability add-on subscription. Rep. at 6. Cloud Byte further argues that Dell is not licensed because it is not a

6

"channel entity" under the agreement because it has "no such relationship" with Red Hat. *Id.* This assertion is impossible to square with the broad definition of "channel entity" in the agreement and with Cloud Byte's infringement contentions, which rely on Dell being a reseller and distributor of Red Hat. Williams Rpt. (Opp. Ex. 29) ¶¶ 291–322; Inf. Cont. Ex. 11 (Dkt. 191-13); OIN Agr. (Opp. Ex. 15) at -171. It is undisputed that Dell is a "reseller" and "distributor" (*i.e.* a "channel entity") of Red Hat's Linux software. *Id.*

### 3.    Dell Is Licensed to the '249 Patent Through ONF

Cloud Byte argues that Dell is not licensed to the '249 patent because the ONF agreement only covers "optional features within OpenFlow not covered by any license." Rep. at 5. Cloud Byte does not support this argument with evidence or expert testimony, or rebut Dell's evidence to the contrary, so it cannot meet its summary judgment burden. *See* Becker Rpt. (Opp. Ex. 23) ¶¶ 74–85. Moreover, as explained in Dell's Opposition, the fact that "Cloud Byte no longer accuses [OpenFlow]," Rep. at 5, does not moot Dell's declaratory judgment counterclaim on this issue, which Cloud Byte entirely ignores. *See* Opp. at 14; Dell's Declaratory Judgment Counterclaims (Dkt. 126) ¶¶ 123–129. Finally, Cloud Byte argues that "Dell points to no express license agreement"—but, as Dell pointed out in its Opposition, Dell's rights flow from the ONF agreement and IPR policy and NEC's commitments made by virtue of its membership in ONF. *See* Opp. at 13–14.

### 4.    Implied License

Cloud Byte argues that NEC did not give Dell an "affirmative grant of consent" giving rise to an implied license. Rep. at 6. Cloud Byte, however, ignores that conduct can create the impression of consent sufficient to support an implied license. Such conduct can create an implied

7

████████████████████████████████████

license even where there is an express license with a more limited scope.[3]  *See, e.g.*, *TransCore,*

*LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1279 (Fed. Cir. 2009).

Cloud Byte's attempts to distinguish Dell's cases are inapt.  Contrary to Cloud Byte's

assertions, like in *Mass Engineered* and *Wang Laboratories*, ██████████████████████

████████████████████████████████████████████████████

████████████████████████████████  Cloud Byte notes that *Mass*

*Engineered* involved products marketed jointly "alongside the patentee's products."  Rep. at 7 n.3.

But this only further supports Dell's defense given ████████████████████████████

████████  Opp. at 7.  Cloud Byte admits ████████████████████████████

████████████████████████████████—which is the same conduct that "create[d]

the impression of consent" leading to an implied license in *Mass Engineered*.  633 F. Supp. 2d at

389.

Dated:  February 2, 2026         By:   */s/ Paul E. Torchia*
                                       _____
                                       Paul E. Torchia
                                       Josh Krevitt
                                       Brian Rosenthal
                                       Laura F. Corbin
                                       Karl W. Kowallis
                                       Eric A. Menist
                                       Jaclyn S. Hellreich
                                       Erin Kim
                                       GIBSON, DUNN & CRUTCHER LLP
                                       200 Park Avenue
                                       New York, NY  10166-0193
                                       ptorchia@gibsondunn.com

---

[3] Dell and NEC's OEM agreement is not inconsistent with an implied license because it includes "rights necessary to carry out the Purpose" of the agreement and does not disclaim an implied license.  Rep. at 2; OEM Agr. (Opp. Ex. 22) at -032.  And Cloud Byte cites no caselaw suggesting that boilerplate provisions in contracts necessarily preclude a finding of implied license.

8

jkrevitt@gibsondunn.com
brosenthal@gibsondunn.com
lcorbin@gibsondunn.com
kkowallis@gibsondunn.com
emenist@gibsondunn.com
jhellreich@gibsondunn.com
ekim@gibsondunn.com

Nathan Curtis
Audrey Yang
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100,
Dallas, TX 75201
ncurtis@gibsondunn.com
ayang@gibsondunn.com

Neema Jalali
GIBSON DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600,
San Francisco, CA 94111-3715
njalali@gibsondunn.com

Deron R. Dacus
Texas State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
ddacus@dacusfirm.com
(903) 705-1117 (Telephone)
(903) 581-2543(Facsimile)

*Attorneys for Defendants Dell Inc. and
Dell Technologies Inc.*

9

████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, the foregoing was filed electronically in compliance with Local Rule CV-5(a) and served via electronic mail on all counsel of record who have consented to electronic service.

/s/ *Paul Torchia*
Paul Torchia

10