███████████████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CLOUD BYTE LLC,<br><br>       Plaintiff,<br><br>v.<br><br>DELL INC. and DELL TECHNOLOGIES, INC.,<br><br>       Defendants. | No. 2:24-cv-00637-JRG<br><br>**JURY TRIAL DEMANDED** |

## <u>PLAINTIFF CLOUD BYTE LLC'S MOTIONS *IN LIMINE*</u>

████████████████████████████████████

**TABLE OF CONTENTS**

**Page**

I.      CLOUD BYTE MOTION *IN LIMINE* NO. 1: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY RELATED TO ANY SCHEME OR CONSPIRACY BETWEEN ██████████████████████████ ████████ ...................................................................................... 1

    A.      The Arrangements Between, And The Alleged Roles Of, ████████ ████████████████ Should Be Excluded (Subparts (a) And (d)) ........... 2

    B.      Allegations Related To Any Corporate Relationship Between Cloud Byte And NEC And Pejorative Labels For Cloud Byte Are Inaccurate And Misleading (Subparts (b) And (e)) ............................................................ 3

    C.      Dell Should Be Precluded From Insinuating That The Considerations In The Transfer Agreements Are Not Arms-Length, Bargained For Values (Subpart (c)) ...................................................................................... 4

II.     CLOUD BYTE MOTION *IN LIMINE* NO. 2: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY REGARDING ANY PRE-SUIT ACTIONS OR ANALYSIS BY CLOUD BYTE OR ITS PREDECESSORS-IN-INTEREST .................. 5

    A.      There Is No Legal Requirement Of Pre-Suit Notice ................................ 5

    B.      Delay In Filing Suit Is Not A Defense And Is Irrelevant To Liability .................... 6

    C.      Any Pre-Suit Analysis By Cloud Byte Or Its Predecessors-In-Interest Of Dell Products Are Irrelevant And Prejudicial ........................................... 7

III.    CLOUD BYTE MOTION *IN LIMINE* NO. 3: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY RELATED TO THE ACCUSED INSTRUMENTALITIES PRACTICING DELL OR THIRD-PARTY PATENTS OR THAT DELL HAS PATENTS IN THE SAME FIELD ................................................ 8

IV.     CLOUD BYTE MOTION *IN LIMINE* NO. 4: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY REGARDING CONVERSATIONS WITH INDIVIDUALS NOT IDENTIFIED IN DELL'S INITIAL DISCLOSURES OR UNTIMELY EVIDENCE ..................................................................... 11

V.      CLOUD BYTE MOTION *IN LIMINE* NO. 5: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY SUGGESTING THAT DELL DOES NOT USE THE ACCUSED FUNCTIONALITIES IN ITS OWN NETWORK IN THE UNITED STATES ..................................................................... 14

███████████████████████████

## TABLE OF AUTHORITIES

**Page**

### Cases

*Bio-Technology Gen. Corp. v. Genentech, Inc.*,
  80 F.3d 1553 (Fed. Cir. 1996) ....................................................................................... 9

*Cameco Indus. v. La. Cane Mfg., Inc.*,
  No. Civ. A. 92-3158, 1995 WL 468234 (E.D. La. July 27, 1995) ........................................ 11

*Cellular Commc'ns Equipment LLC v. HTC Corp.*,
  No. 6:16-cv-363-KNM, Dkt. 163 (E.D. Tex. Aug. 10, 2018) ...................................................... 12

*Daingean Techs. Ltd. v. T-Mobile USA, Inc.*,
  No. 2:23-CV-347-JRG-RSP, Dkt. 348 (E.D. Tex. Mar. 10, 2025) ........................................... 6

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
  No. 2:15-cv-00037-RWS-RSP, 2017 WL 11658860 (E.D. Tex. July 25, 2017) ....................... 7

*Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*,
  62 F.3d 1512 (Fed. Cir. 1995) ...................................................................................... 5

*ION, Inc. v. Sercel, Inc.*,
  No. 5:06-cv-236-DF, 2010 WL 11530981 (E.D. Tex. Jan. 6, 2010) ........................................ 7

*KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:16-cv-01314-JRG-RSP, 2018 WL 11469193 (E.D. Tex. May 3, 2018) ................... 9, 11

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
  No. 2:22-cv-322-JRG-RSP, Dkt. 509 (E.D. Tex. May 9, 2024) ................................................ 6

*Maxell, Ltd. v. Apple Inc.*,
  No. 5:19-CV-00036-RWS, 2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) .......................... 9, 11

*Metaswitch Networks Ltd. v. Genband US LLC*,
  No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016) .............................. 3

*PalTalk Holdings, Inc. v. Microsoft Corp.*,
  No. 2:06-CV-367 (DF), 2009 WL 10677783 (E.D. Tex. Feb. 25, 2009) ................................. 10

*Realtime Data, LLC v. Actian Corp.*,
  No. 6:15-cv-463 RWS-JDL, 2017 WL 11662045 (E.D. Tex., May 4, 2017) .......................... 10

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*,
  580 U.S. 328 (2017) ...................................................................................................... 6

███████████████████████████████████████

*Sonos, Inc. v. D&M Holdings Inc.*,
   No. 14-1330-WCB, 2017 WL 5633204 (D. Del. Nov. 21, 2017) .............................................11

*In re Subpoena to Quinn Emanuel Urquhart & Sullivan, LLP*,
   No. 3:25-mc-80048, Dkt. 7 (N.D. Cal. Mar. 12, 2025)..................................................................4

*Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*,
   No. 2:23-cv-00059-JRG, Dkt. 275 (E.D. Tex. Jan. 21, 2025) ......................................................6

*Witt v. Chesapeake Expl., L.L.C.*,
   No. 2:10-CV-22-TJW, 2011 WL 2790174 (E.D. Tex. July 14, 2011) ......................................10

## Statutes

35 U.S.C. § 271(a) ............................................................................................................................5

35 U.S.C. § 286..................................................................................................................................6

## Other Authorities

Fed. R. Civ. P. 26(a)(1)(A) .............................................................................................................12

Fed. R. Civ. P. 26(a)(2)(B)..............................................................................................................10

Fed. R. Civ. P. 37(c)(1) ...................................................................................................................12

Fed. R. Evid. 402 .................................................................................................. 1, 5, 6, 12

Fed. R. Evid. 403 .............................................................................................. 1, 5, 6, 7, 12

████████████████████████████

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| '249 Patent | U.S. Patent No. 9,900,249 |
| '265 Patent | U.S. Patent No. 9,629,265 |
| '273 Patent | U.S. Patent No. 10,628,273 |
| '320 Patent | U.S. Patent No. 9,651,320 |
| '544 Patent | U.S. Patent No. 7,739,544 |
| '632 Patent | U.S. Patent No. 9,482,632 |
| Accused Instrumentalities | The products Cloud Byte accused of infringing the Asserted Patents |
| Asserted Claims | The claims of the Asserted Patents that Cloud Byte asserts against Dell |
| Asserted Patents | The '632, '265, '320, '249, '273, and '544 Patents |
| Becker Rebuttal Rpt. | Expert Rebuttal Report of Stephen L. Becker, Ph.D. on Behalf of Dell Inc., and Dell Technologies Inc. (Ex. 1) |
| Broadcom | Broadcom Inc. |
| Cantor Tr. | Excerpts of the transcript of the deposition of Matthew Cantor, dated October 16, 2025 (Ex. 3) |
| Cloud Byte | Plaintiff Cloud Byte LLC |
| Court MIL or Standing MIL | Second Amended Standing Order on Motions in Limine in Cases Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as well as Declaratory Judgment Actions Which Relate to the Same, *available at* https://www.txed.uscourts.gov/sites/default/files/judgeFiles/ 12.23.25%20Second%20Amended%20Patent% 20Standing%20Limine%20Order.pdf |
| Dell | Defendants Dell Inc. and Dell Technologies Inc. |
| Doma Tr. | Excerpts from the transcript of the deposition of Vamshidhar Doma, dated October 28, 2025 (Ex. 11) |
| Donegan Tr. | Excerpts of the transcript of the deposition of Christopher Donegan, dated November 5, 2025 (Ex. 2) |
| EMC | EMC Corporation |
| Garland Tr. | Excerpts of the transcript of the deposition of John Garland, dated November 6, 2025 (Ex. 4) |
| iDRAC | Integrated Dell Remote Access Controller |
| IP Wave | IP Wave Pte. Ltd. |
| ███████████ | ████████████████████ |
| | █████████████ |
| MIL | Motion *in limine* |

| Abbreviation | Description |
|---|---|
| Motion to Strike Pokharna | Plaintiff Cloud Byte LLC's Motion to Exclude, or in the Alternative, Motion to Strike Certain Opinions of Dell's Technical Expert Dr. Himanshu Pokharna (Dkt. 203) |
| NEC | NEC Corporation, and its subsidiaries, including NEC Corporation of America |
| ██████████ | ██████████ |
| Preston Tr. | Excerpts of the transcript of the deposition of Richard Preston, dated December 4, 2025 (Ex. 7) |
| ███ | ██████ |
| Quinn Emanuel | Quinn Emanuel Urquhart & Sullivan, LLP |
| Rosing Rebuttal Rpt. | Rebuttal Expert Report of Tajana Rosing, Ph.D. Regarding Non-Infringement of U.S. Patent Nos. 9,482,632, 9,629,265 and 9,651,320. (Ex. 9) |
| Schmidt Tr. | Excerpts of the transcript of the deposition of David Schmidt, dated October 16, 2025 (Ex. 10) |
| Tse Decl. | Declaration of Jonathan Tse in Support of Cloud Byte's Motions *in Limine* |
| Vicknair Tr. | Excerpts of the transcript of the deposition of Dwayne Vicknair, dated October 23, 2025 (Ex. 6) |
| Wicker Rebuttal Rpt. | Rebuttal Expert Report of Stephen B. Wicker, Ph.D. Regarding Non-Infringement of U.S. Patent Nos. 7,739,544, 10,628,273, and 9,900,249 (Ex. 8) |

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**TABLE OF EXHIBITS**

| Exhibit | Description |
|---|---|
| Exhibit 1 | Excerpts from Becker Rebuttal Rpt. |
| Exhibit 2 | Excerpts from Donegan Tr. |
| Exhibit 3 | Excerpts from Cantor Tr. |
| Exhibit 4 | Excerpts from Garland Tr. |
| Exhibit 5 | Dell's Fourth Supplemental Initial and Additional Disclosures |
| Exhibit 6 | Excerpts from Vicknair Tr. |
| Exhibit 7 | Excerpts from Preston Tr. |
| Exhibit 8 | Excerpts from Wicker Rebuttal Rpt. |
| Exhibit 9 | Excerpts from Rosing Rebuttal Rpt. |
| Exhibit 10 | Excerpts from Schmidt Tr. |
| Exhibit 11 | Excerpts from Doma Tr. |

███████████████████████████████████████████████

**I.    CLOUD BYTE MOTION *IN LIMINE* NO. 1: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY RELATED TO ANY SCHEME OR CONSPIRACY BETWEEN** ██████████████████████████████████████

Dell should be precluded from introducing any argument, evidence, or testimony that alludes to or insinuates any scheme or conspiracy between ███████████████████

███████████████████████████████████████████████

██████████████████████████████████ ). *See, e.g.*, Dkt. 233 at 9–10[1]; *id.* at 8; Dkt. 311 at 1, 2, 7. Among other things, Dell should not be allowed to argue or elicit testimony regarding an alleged plot having absolutely no basis in fact that:

(a)  NEC is the real plaintiff, patent owner, or a real party-in-interest;

(b)  Cloud Byte and NEC are alter egos, related companies, or affiliated with one another;

(c)  the ███████████████ consideration for the Asserted Patents ██████████████ are "illusory," not bona fide, or do not reflect the true, bargained for value of the patent portfolios containing the Asserted Patents (Dkt. 233 at 8);

(d)  ████████████████████████████████████████████████████████████████████████████████████████████████████████████ and

(e)  Cloud Byte is a "patent monetization" or "IP litigation" company.

This inflammatory rhetoric has no bearing on the claims and defenses at issue in the trial and will only serve to unduly prejudice the jury to Cloud Byte's detriment; therefore, this conspiracy narrative should be excluded under Rules 402 and 403.

The issues the jury will decide at trial are straightforward: whether Dell infringes the

---

[1]  ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

██████████████████████████████

Asserted Patents, whether those patents are valid, and if liability is established, what damages Dell owes. Dell's conspiracy narrative has zero probative value on these questions. Instead, it would confuse the jury, consume valuable trial time, and unduly prejudice Cloud Byte. Dell's narrative rests on attorney argument and mischaracterizations of documents and testimony—not on admissible evidence. *See* Dkt. 233 at 8, 9–10; Dkt. 311 at 1, 7. There is nothing unlawful, unusual, or improper about Cloud Byte's acquisition and assertion of patent rights previously owned by another company. Cloud Byte's corporate structure, the consideration recited in patent assignment agreements, and the alleged relationships with or between non-parties do not advance or defeat any claim or defense properly before the jury. The prejudice to Cloud Byte is acute given the inflammatory nature of Dell's narrative, which would force Cloud Byte to divert precious trial time rebutting allegations that have nothing to do with infringement, validity, or damages.

### A.    The Arrangements Between, And The Alleged Roles Of, ████████████ ████████████████████ Should Be Excluded (Subparts (a) And (d))

Dell's conspiracy narrative improperly injects ██████████████████████████ ███████████████████████████████████████████████ into a case about patent infringement. Dr. Becker (Dell's damages expert) first raised this baseless narrative in his discussion of Cloud Byte's background (*see* Ex. 1, ¶¶ 22–26), which Dell later repeated with respect to its lack of standing defense (*see* Dkt. 233 at 7–8) and its attempt to strike NEC trial witnesses (*see* Dkt. 311 at 1). Much of this conspiracy narrative should already be precluded by at least Court MIL 12 related to the funding of litigation ██████████████████████ ███████████████████ and Court MIL 25 related to the empty chair defense (as Dell should not be able to backdoor argument impugning NEC's absence at trial). Standing MIL at 3, 4. In addition, standing is a jurisdictional defense decided by the Court—not the jury—and any discovery disputes are already precluded by Court MIL 1. Standing MIL at 1–2. The remaining

2

████████████████████████████████████

aspects of Dell's conspiracy narrative under subparts (a) and (d)—such as who the alleged "real" plaintiff or patent owner is, or the ███████████████████████████████████ amount to nothing more than innuendo designed to suggest impropriety by ████████████ ██████████████████████████ where none exists. These allegations are irrelevant to every claim and defense the jury will hear and only serve to distract the jury from the merits.

> **B.    Allegations Related To Any Corporate Relationship Between Cloud Byte And NEC And Pejorative Labels For Cloud Byte Are Inaccurate And Misleading (Subparts (b) And (e))**

Cloud Byte and non-party NEC have no relationship beyond the transfer of the Asserted Patents and the governing agreements. *See, e.g.*, Ex. 2 at 75:5–12 (testifying that "there's no relationship" "between Cloud Byte and NEC"). Nor has Dell adduced any evidence of NEC controlling Cloud Byte. *See, e.g.*, Ex. 3 at 118:16–119:6 (testifying that ███████████████ ██████████████████████████████ and Cloud Byte owns all title and interest to the Asserted Patents). Allowing such arguments creates a serious risk that the jury will improperly impute the actions of non-party NEC—including its alleged role in the conspiracy narrative or any pre-suit actions or analysis it may or may not have taken (*see infra*, Section II), onto Cloud Byte. This Court has previously granted a similar motion *in limine*. *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831, at *5–6 (E.D. Tex. Mar. 1, 2016) (excluding argument as "to whether one company is an 'alter ego'" of another).

Further, any mischaracterization of Cloud Byte as a "patent monetization" or "IP litigation" company is not only incomplete but also misleading. Cloud Byte's corporate witness testified unequivocally that Cloud Byte is "an American technology company" that, among other things, "identif[ies] technology partners, customers, parties that could work with our technology to increase its value and . . . deploy in the marketplace." Ex. 2 at 22:20–23:8. Cloud Byte is far more than a patent licensing company, and allowing Dell to affix any pejorative label onto Cloud Byte

3



would mislead the jury. Although Court MIL 11 does not expressly identify the "patent monetization" or "IP litigation" terms, it does already identify similar terms, such as "patent assertion entity," that are already excluded for the same reasons. Standing MIL at 3.

### C. Dell Should Be Precluded From Insinuating That The Considerations In The Transfer Agreements Are Not Arms-Length, Bargained For Values (Subpart (c))

Dell and its experts should not be permitted to impugn the ███████ in the ███████████ or ███████ in the ███████████████████ as "illusory" or not resulting from arm's-length, bargained-for transactions. *See* Ex. 1, ¶¶ 218 ███████████

███████████████████████████████████████

███████████████████████████████████,[2] 220 ███████████

███████████████████████████████; Dkt. 233 at 8 ███████████

███████████████████████████████████████

███████████████████████████████████████ Not only has Cloud Byte's corporate witness rejected Dell's mischaracterization of these considerations (Ex. 4 at 38:16–39:12 (denying that the Cloud Byte was not required to "actually pay ███████ to IP Wave," explaining that the portfolio is "extremely valuable" and "I'm not concerned about the possibility of returning ███████████████")), so too has Dell itself. *In re Subpoena to Quinn Emanuel Urquhart & Sullivan, LLP*, No. 3:25-mc-80048, Dkt. 7 at 14 (N.D. Cal. Mar. 12, 2025) (characterizing Quinn Emanuel, NEC, IP Wave, and Cloud Byte as "arm's-length third parties"). Dell cannot credibly attack the bona fides of these transactions while simultaneously characterizing the very same parties as arm's-length counterparts in other proceedings. Any suggestion that the considerations in the transfer agreements do not represent

---

[2] All emphases added unless otherwise noted.

actual, bargained-for values of the portfolio is contradicted by the record and should be excluded.

Accordingly, Dell should be precluded from introducing any argument, evidence, or testimony related to its conspiracy narrative between ███████████████████████ ████, including at least the five points identified above.

## II. CLOUD BYTE MOTION *IN LIMINE* NO. 2: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY REGARDING ANY PRE-SUIT ACTIONS OR ANALYSIS BY CLOUD BYTE OR ITS PREDECESSORS-IN-INTEREST

Dell should be precluded from offering any argument, evidence, or testimony suggesting that: (a) Cloud Byte was legally required to notify Dell before filing suit; (b) Cloud Byte or its predecessors-in-interest waited too long to file suit or that any alleged delay indicates the Asserted Patents lack value, the infringement was not serious, or Cloud Byte or its predecessors-in-interest doubted their own claims; and (c) any pre-suit analysis by Cloud Byte or its predecessors-in-interest (or lack thereof) related to non-infringement or invalidity. These arguments are legally irrelevant, factually unfounded, and highly prejudicial. Fed. R. Evid. 402, 403.

### A. There Is No Legal Requirement Of Pre-Suit Notice

Patent infringement under 35 U.S.C. § 271(a) is a strict liability offense. *Hilton Davis Chem. Co. v. Warner-Jenkinson Co.*, 62 F.3d 1512, 1527 (Fed. Cir. 1995), *supplemented*, 64 F.3d 675 (Fed. Cir. 1995), and *rev'd on other grounds*, 520 U.S. 17 (1997), and *adhered to*, 114 F.3d 1161 (Fed. Cir. 1997). There is no requirement that a patentee provide advance notice or attempt to resolve a dispute before filing suit. *See* 35 U.S.C. § 271(a). Courts in this District routinely preclude suggestions that a patentee was obligated to provide additional pre-suit notice or satisfy some purported prerequisite before filing suit. *See Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-cv-322-JRG-RSP, Dkt. 509 at 2 (E.D. Tex. May 9, 2024) (granting motion *in limine* "to the extent Defendants may not suggest Plaintiff was legally obligated to provide pre-suit notice, but does not bar Defendants' ability to show that the lawsuit was their first notice of infringement"); *Daingean*

5

*Techs. Ltd. v. T-Mobile USA, Inc.*, No. 2:23-CV-347-JRG-RSP, Dkt. 348 at 3 (E.D. Tex. Mar. 10, 2025) (agreed motion *in limine* precluding "evidence, testimony, or argument regarding or suggesting that [Plaintiff] was legally obligated to provide pre-suit notice, but Defendants may introduce evidence, testimony, or argument regarding the date of first notice of infringement").

Dell has no cognizable basis to suggest that Cloud Byte or its predecessors-in-interest had a duty to inform Dell before filing its Complaint.[3] Allowing Dell to imply otherwise would mislead the jury into believing that Cloud Byte breached a legal obligation that does not exist.

**B.    Delay In Filing Suit Is Not A Defense And Is Irrelevant To Liability**

Any argument that Cloud Byte or its predecessors-in-interest waited too long to file suit—and any attendant implication that the patents lack value, that the infringement was insignificant, or that Cloud Byte or its predecessors doubted their own claims—is legally irrelevant and would improperly prejudice the jury. Fed. R. Evid. 402, 403.

*First*, laches is no longer a viable defense and cannot bar damages within the six-year statutory period under 35 U.S.C. § 286. *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 346 (2017). Courts in this District have excluded testimony relating to any alleged delay in filing suit. *Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*, No. 2:23-cv-00059-JRG, Dkt. 275 at 3 (E.D. Tex. Jan. 21, 2025) (granting motion *in limine* to preclude "testimony or argument that delay in filing suit is a defense to patent infringement"). Any admission of delay adduced at trial would only confuse the jury. Fed. R. Evid. 403.

*Second*, the jury's task is to determine whether Dell infringed valid patents and, if so, the appropriate damages—not to speculate about litigation timing or past business decisions. Allowing

---

[3]    Cloud Byte ██████ disputes whether Dell needed to be given any pre-suit notice and whether any marking obligations were triggered. *See* Dkt. 238 at 8–15.

Dell to argue that any delay reflects a weak infringement position or low patent value would invite the jury to treat timing as a proxy for merit, encouraging adverse inferences untethered to any claim element and effectively creating an improper equitable defense disguised as a credibility argument. Courts in this District routinely preclude such arguments. *See, e.g.*, *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-cv-00037-RWS-RSP, 2017 WL 11658860, at *2 (E.D. Tex. July 25, 2017) ("Defendant will not . . . present evidence of argument that Plaintiffs are estopped or undeserving of damages because of Plaintiffs' delay in filing suit."); *ION, Inc. v. Sercel, Inc.*, No. 5:06-cv-236-DF, 2010 WL 11530981, at *3–4 (E.D. Tex. Jan. 6, 2010) (granting motion *in limine* holding that "evidence related to laches or plaintiff's alleged delay in filing suit should be prohibited" as courts "generally reserve[] such equitable issues, and the evidence related to laches does not sufficiently overlap with other issues as to be properly before the jury").

### C. Any Pre-Suit Analysis By Cloud Byte Or Its Predecessors-In-Interest Of Dell Products Are Irrelevant And Prejudicial

Finally, Dell should be barred from suggesting that Cloud Byte or its predecessors-in-interest previously determined that any of the Accused Instrumentalities did or did not practice or infringe any of the Asserted Patents for purposes of non-infringement or invalidity. This argument would improperly shift the jury's focus from performing an objective, claim-by-claim comparison of the Accused Instrumentalities or prior art to the Asserted Claims to treating prior legal analysis (or its absence) as admissions or legal conclusions, spawning collateral mini-trials. Such pre-suit analysis has no bearing on the present non-infringement or invalidity analysis and would be extremely prejudicial to Cloud Byte.

One example is Dell's anticipated argument that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



Another example is Cloud Byte's '320 Patent claim chart attached to its Complaint (Dkt. 1-12), which Dell has confirmed through its opposition to this MIL that it intends to use at trial. Tse Decl., ¶ 2. Dell misunderstands the import of Cloud Byte's '320 Patent claim chart, which simply identified the only Dell public materials Cloud Byte could find at that time on relevant functionalities in non-accused Dell products that Cloud Byte believed were enhanced and carried forward in later models. To be sure, Cloud Byte never accused those Dell products in its Complaint, Infringement Contentions, or expert reports. Dkt. 1 at 7; Dkt. 203 at 14–15. Yet in his expert report, Dell's invalidity expert, Dr. Pokharna, ▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅▅

▅▅▅▅▅▅▅▅▅▅ Insofar as Cloud Byte's request to strike Dr. Pokharna's opinions on this same claim chart is denied, his reliance on Dell products not accused of infringement is irrelevant and unduly prejudicial and should be precluded at least under Court MIL 1. Standing MIL at 1.

Accordingly, Dell should be precluded from introducing any evidence, argument, or testimony related to any pre-suit actions or analysis performed by Cloud Byte or its predecessors-in-interest, including for at least the three points identified above.

**III.    CLOUD BYTE MOTION *IN LIMINE* NO. 3: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY RELATED TO THE ACCUSED INSTRUMENTALITIES PRACTICING DELL OR THIRD-PARTY PATENTS OR THAT DELL HAS PATENTS IN THE SAME FIELD**

Dell should be precluded from introducing any argument, evidence, or testimony that the Accused Instrumentalities practice Dell or third-party patents, or that Dell or its fact witnesses hold patents in the same technical field as the Accused Instrumentalities. At trial, Dell may attempt to elicit testimony that the Accused Instrumentalities are already patented by Dell and/or licensed to third parties. Indeed, Dell is currently seeking to introduce over 100 patents and patent publications on its exhibit list—almost all assigned to Dell or its predecessor EMC—and to identify Dell's fact witnesses as inventors. Tse Decl., ¶¶ 3, 4. Introducing these irrelevant patents and patent publications for the first time at trial would be improper and deeply prejudicial.

None of these 100+ patents and patent publications are elected prior art or appear anywhere in Dell's invalidity contentions. *Id.*, ¶ 5. The Federal Circuit and courts in this District, including this Court, have excluded similar arguments. *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("The existence of one's own patent does not constitute a defense to infringement of someone else's patent."); *Maxell, Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2021 WL 3021253, at *6 (E.D. Tex. Feb. 26, 2021) ("The Court is unable to determine a specific, limited purpose for which more than 50 patents and patent applications may be used other than to invite the jury to improperly consider them as evidence of invalidity."); *KAIST IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-cv-01314-JRG-RSP, 2018 WL 11469193, at *1 (E.D. Tex. May 3, 2018) (precluding arguments that "the Accused Instrumentalities practice other patents").

Moreover, none of Dell's experts analyzed or relied upon these patents for invalidity or non-infringement. Tse Decl., ¶ 6. More than half of these patents were produced by Dell after the close of expert discovery, depriving Cloud Byte of any opportunity to question the Dell inventors. *Id.*, ¶ 3. "Allowing [one party's expert] to provide testimony . . . based on data and analysis that was not disclosed in [the] expert report would unfairly prejudice [the other party], violate the

9

dictates of Rule 26(a)(2)(B), and defeat one of the primary purposes that the expert report serves." *Witt v. Chesapeake Expl., L.L.C.*, No. 2:10-CV-22-TJW, 2011 WL 2790174, at *2 (E.D. Tex. July 14, 2011) (limiting expert testimony to "what is contained in his expert report"). Without expert analysis establishing any connection between these patents and the issues at trial, any suggestion these patents "cover" the Accused Instrumentalities would be pure speculation dressed up as evidence. Courts in this District consistently exclude such evidence. *See PalTalk Holdings, Inc. v. Microsoft Corp.*, No. 2:06-CV-367 (DF), 2009 WL 10677783, at *3 (E.D. Tex. Feb. 25, 2009) (precluding the defendant from arguing that its own patents and patent applications cover the accused products where defendant failed to show they "bear[] a reasonable relationship to the issues to be presented at trial"); *Realtime Data, LLC v. Actian Corp.*, No. 6:15-cv-463 RWS-JDL, 2017 WL 11662045, at *1 (E.D. Tex., May 4, 2017) (granting motion *in limine* to "exclude evidence, argument and reference to Riverbed's patent portfolio").

Any marginal probative value of evidence that the Accused Instrumentalities practice Dell or third-party patents, or that Dell or its fact witnesses hold patents in the same technical field, is vastly outweighed by the risk of jury confusion and prejudice. Such evidence would invite the jury to conclude—improperly—that the Accused Instrumentalities cannot infringe the Asserted Patents or that the Asserted Patents are invalid.

Evidence that Dell or its predecessor EMC were assigned 100+ patents or patent applications that are practiced by, or in the same technical field as, the Accused Instrumentalities risks leading jurors to the false conclusion that Dell already has "patent coverage" for the accused technology and therefore cannot be infringing. Courts have precluded accused infringers from leveraging their own patents for exactly this purpose. *Cameco Indus. v. La. Cane Mfg., Inc.*, No. Civ. A. 92-3158, 1995 WL 468234, at *6 (E.D. La. July 27, 1995) ("[A]dmission of [defendant's]

10

patent or patent application . . . is likely to give the jury the false impression that a patent on the accused machine means that it is substantially different from the machine claimed in plaintiff's patent . . . . [and] would be only distracting and confusing to the jury, while providing little, if any, relevant information."); *see also Sonos, Inc. v. D&M Holdings Inc.*, No. 14-1330-WCB, 2017 WL 5633204, at *1 (D. Del. Nov. 21, 2017) (recognizing that introducing an accused infringer's patents or patent applications risks misleading "the jury into believing that [defendant's] patents give it the right to practice technology" even when that technology infringes another party's patents); *KAIST IP*, 2018 WL 11469193, at *1 (precluding arguments that "the Accused Instrumentalities practice other patents").

Allowing Dell to argue that the Accused Instrumentalities practice any Dell or third-party patents also creates substantial risk that jurors will conflate these unanalyzed patents with Dell's actual invalidity defenses and treat them as supplemental invalidity grounds. *Maxell*, 2021 WL 3021253, at *6 (finding that "more than 50 patents and patent applications" had no purpose "other than to invite the jury to improperly consider them as evidence of invalidity"). The result would be a significant jury waste of trial time, as the jury would be forced to evaluate what each irrelevant patent covers and how it relates to this case—an exercise that serves Dell's interest in confusion, not the jury's interest in reaching a just verdict.

Accordingly, Dell should be precluded from introducing evidence, argument, or testimony related to the Accused Instrumentalities practicing any Dell or third-party patents or that Dell or Dell fact witnesses have patents in the same technical field as the Accused Instrumentalities, including any discussions of the specific number of patents that Dell or its fact witnesses have or any discussions of any specific Dell patents.

## IV.    CLOUD BYTE MOTION *IN LIMINE* NO. 4: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY REGARDING CONVERSATIONS WITH

11

████████████████████████████████

## INDIVIDUALS NOT IDENTIFIED IN DELL'S INITIAL DISCLOSURES OR UNTIMELY EVIDENCE

Dell should not be allowed to introduce any argument, evidence, or testimony: (a) based on conversations between Dell's witnesses and individuals not identified in its initial disclosures; (b) based on evidence that was not timely produced during fact discovery. Fed. R. Civ. P. 26(a)(1)(A), 37(c)(1); Fed. R. Evid. 402, 403.

*First*, any reliance by Dell on conversations its witnesses (fact or expert) may have had with individuals not identified on Dell's initial disclosures violates Rules 26(a)(1)(A) and 37(c)(1) and is extremely prejudicial to Cloud Byte, who had no opportunity to subpoena and/or depose those individuals during fact discovery. *Cellular Commc'ns Equipment LLC v. HTC Corp.*, No. 6:16-cv-363-KNM (E.D. Tex. Aug. 10, 2018), Dkt. 163 at 3–4 ("[P]laintiff is deprived of the opportunity to present competing expert testimony on the matter, which amounts to substantial prejudice.").

For example, Dr. Becker (Dell's damages expert) relied on conversations ████████ ████████████████████████ for his damages analysis in his Rebuttal Report. Specifically,

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████ But Dell never identified ████████████ in Dell's initial disclosures. *See* Ex. 5. Cloud Byte learned of

12

██████████████████████████████████████████████

his existence and relevance to the case for the first time when it received Dr. Becker's Rebuttal Expert Report, depriving Cloud Byte and its damages expert of any meaningful opportunity of responding to those opinions.[4] ████████████ is just one example. Dell should be precluded from introducing at trial any testimony or opinions grounded in conversations with individuals it never disclosed—conversations that Cloud Byte had no opportunity to probe through discovery.

*Second*, Dell should be precluded from introducing at trial through its fact witnesses untimely evidence that was produced after the close of fact discovery. One example is ████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ Given that Cloud Byte is not aware of how such code will be used by Dell and has had no opportunity to rebut any such usage, Dell should be precluded from offering its opinions on the ████████████████ source code.

By way of another example, Dell's exhibit list is replete with documents produced for the first time after the close of fact discovery, including after expert discovery closed and exhibit lists were exchanged. Tse Decl., ¶ 8. Allowing Dell to introduce such eleventh-hour exhibits would severely prejudice Cloud Byte, which can only speculate as to their relevance and intended use, and would reward Dell for its untimely production.

Accordingly, Dell should be precluded from introducing any evidence, argument, or testimony related to any conversations with individuals not identified in its initial disclosures or

---

[4] While Dell did identify ████████████ in its initial disclosures, Dell only identified the scope of its relevant knowledge to be "[i]nformation relating to the Accused Functionalities of the '273 patent" and never identified ████████████████████████████████

████████████████████████

███████████████████████████████████████████████

untimely evidence.

## V. CLOUD BYTE MOTION *IN LIMINE* NO. 5: TO PRECLUDE ARGUMENT, EVIDENCE, OR TESTIMONY SUGGESTING THAT DELL DOES NOT USE THE ACCUSED FUNCTIONALITIES IN ITS OWN NETWORK IN THE UNITED STATES

Having designated four corporate witnesses on Topic No. 13 related to "Dell and Dell's customers' use of the accused functionalities," Dell is bound by those witnesses' testimony and cannot now hide behind their lack of preparation or professed ignorance. Dell designated Messrs. Dwayne Vicknair, David Schmidt, and Vamshidhar Doma as its corporate witnesses for, among other topics, Topic No. 13, which sought details related to Dell and its customers' own use, including internal use and testing, of the Accused Functionalities for purposes of direct infringement. Tse Decl., ¶ 9. However, at their respective depositions, it became clear that they were unprepared to testify on that topic on behalf of Dell. Ex. 6 at 114:3–21; Ex. 10 at 62:20-25, 64:5-11, 64:23-65:1, 65:25-66:6, 68:25-69:9, 70:21-71:2, 72;3-8; Ex. 11 at 105:17-106:4. To remedy this deficiency, Dell subsequently designated Mr. Richard Preston on the same topic for at least the '273 Patent. Tse Decl., ¶ 9. At his deposition, which occurred after the close of fact discovery, Mr. Preston merely confirmed that Dell would have this information, ████████████

███████████████████████████

███████████████████████████████████████

███████████████████████████████

███████████████████████████████████████

███████████████████████████████

█████████████████████████████

█  ██  ██████████████████████████████████████

████████████████████████████████████████████████

███



- ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮

▮ ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Critically, this is not a case where Dell testified it does not use the Accused Functionalities. Rather, Dell's designated corporate representatives all disclaimed knowledge on the very topics that they were designated to address—leaving an evidentiary void of Dell's own making.

Having failed to meet its discovery obligations, Dell and its experts should now be precluded from arguing that Dell does not use the Accused Instrumentalities or Accused Functionalities in its own network for internal use or testing. *See, e.g.*, Ex. 8, ¶¶ 122–25, 397–407; Ex. 9, ¶¶ 134–39, 278–83. Cloud Byte has consistently asserted that Dell directly infringed based, in part, on Dell's internal testing, development, and operation of the Accused Instrumentalities prior to and independent of customer deployment. Dkt. 240 at 1, 6 n.5, 7, 8, 10, 14. Permitting Dell to suggest that it does not use the Accused Functionalities or Accused Instrumentalities in its own U.S. network would be squarely inconsistent with Dell's deficient Rule 30(b)(6) testimony and reward the very discovery failure that created this evidentiary gap. Such argument would also invite improper jury speculation about the value of the patented inventions. Jurors could infer—incorrectly—that if Dell does not use the Accused Functionalities or Accused Instrumentalities in its own network, the technology must lack technical or economic value. That inference carries a high risk of distorting the damages analysis based on considerations wholly untethered to the reasonable royalty framework.

Accordingly, Dell should be precluded from introducing any evidence, argument, or testimony related to its lack of use of the Accused Functionalities and/or Accused Instrumentalities in the United States.

███████████████████████████

Dated: February 16, 2026

Respectfully submitted,

*/s/ Yury Kapgan, with permission Brian Mack*
Yury Kapgan (admitted in EDTX)
yurykapgan@quinnemanuel.com
Ryan    Goldstein    (admitted    in    EDTX)
ryangoldstein@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Fax: (213) 443-3100

Brian    Mack    (admitted    in    EDTX)
brianmack@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Of Counsel:*
Claire Abernathy Henry
Texas State Bar No. 24053063 Andrea Fair
Texas State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

*Attorneys for Plaintiff Cloud Byte LLC*

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 16, 2026 the foregoing document was served via email on all counsel of record.

_/s/ Brian Mack_____
Brian Mack

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and the parties met and conferred by teleconference on February 13, 2026. Dell opposes the relief sought in this motion.

_/s/ Brian Mack_____
Brian Mack

17