**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CLOUD BYTE LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DELL INC. and DELL TECHNOLOGIES, INC.,<br><br>　　　　Defendants. | No. 2:24-cv-00637-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CLOUD BYTE LLC'S OPPOSITION TO DEFENDANTS DELL INC. AND
DELL TECHNOLOGIES INC.'S MOTIONS *IN LIMINE***

████████████████████████████████████

## TABLE OF CONTENTS

**Page**

I.      DELL'S MOTION *IN LIMINE* NO. 1: NO TESTIMONY, EVIDENCE, OR ARGUMENT ABOUT CLOUD BYTE'S UNCONSUMMATED LICENSE AGREEMENTS, OR NEGOTIATIONS OR DISCUSSIONS WITH ANY TARGET LICENSEES REGARDING UNCONSUMMATED LICENSE AGREEMENTS—INCLUDING NO SUGGESTIONS RELATING TO THE VOLUME OR IDENTITIES OF PROSPECTIVE LICENSEES ........................................1

II.     DELL'S MOTION *IN LIMINE* NO. 2: NO TESTIMONY, EVIDENCE, OR ARGUMENT ABOUT ALLEGED INFRINGEMENT BASED ON DELL'S INTERNAL USE OR TESTING ........................................................................1

III.    DELL'S MOTION *IN LIMINE* NO. 3: NO TESTIMONY, EVIDENCE, OR ARGUMENT OFFERED BY CLOUD BYTE THAT DELL'S EMPLOYEES OR CORPORATE REPRESENTATIVE LACK KNOWLEDGE THAT IS OUTSIDE OF PERSONAL KNOWLEDGE OR RULE 30(B)(6) TOPICS .........................................4

IV.     DELL'S MOTION *IN LIMINE* NO. 4: NO TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING IRRELEVANT AND PREJUDICIAL FIGURES THAT RISK SKEWING THE DAMAGES HORIZON, *E.G.*, DELL'S REVENUE FOR THE ACCUSED PRODUCTS AND DELL'S REVENUE FOR ITS INFRASTRUCTURE SOLUTIONS GROUP ....................................................7

V.      DELL'S MOTION *IN LIMINE* NO. 5: NO TESTIMONY, EVIDENCE, OR ARGUMENT ABOUT THE PURPORTED TRANSFER PRICE IN THE ███ ████████████████████████████████, OR THE ██████████████████████ ........................................................................11

i

████████████████████

## TABLE OF AUTHORITIES

**Page**

### Cases

*Anonymous Media Rsch. Holdings LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:23-cv-00439-JRG-RSP, Dkt. 219 (E.D. Tex. Aug. 20, 2025) ...........................................5

*Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*,
807 F.3d 1283 (Fed. Cir. 2015) .............................................................................................2

*Cellular Commc'ns Equip. LLC v. Apple Inc.*,
No. 6:14-cv-251-KNM, 2016 WL 11496010 (E.D. Tex. Sept. 2, 2016) ...................................8

*Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.*,
No. 2:23-cv-587, Dkt. 267 (E.D. Tex. Aug. 26, 2025) ...........................................................5

*DataTreasury Corp. v. Wells Fargo & Co.*,
No. 2:06-cv-72-DF, Dkt. 2392 (E.D. Tex. Oct. 5, 2010)..........................................................6

*Dow Chemical Co. v. Mee Indus., Inc.*,
341 F.3d 1370 (Fed. Cir. 2003) .............................................................................................3

*Endress Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*,
892 F. Supp. 1123 (S.D. Ind. 1995), *aff'd*, 122 F.3d 1040 (Fed. Cir. 1997) ............................11

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014) .............................................................................................10

*G+ Commc'ns, LLC v. Samsung Elecs. Co.*,
No. 2:22-cv-00078-JRG, Dkt. 512 (E.D. Tex. Nov. 30, 2023) ...................................................6

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970) ......................................................................................1

*Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:22-cv-00422-JRG-RSP, Dkt. 350 (E.D. Tex. July 8, 2024).............................................6

*Headwater Rsch. LLC v. Verizon Commc'ns, Inc.*,
No. 2:23-cv-00352-JRG-RSP, Dkt. 302 (E.D. Tex. June 5, 2025) ...........................................6

*Headwater Rsch. LLC v. Verizon Commc'ns, Inc.*,
No. 2:23-cv-00352-JRG-RSP, Dkt. 318 (E.D. Tex. June 13, 2025) .........................................10

*Info-Hold, Inc. v. Muzak LLC*,
783 F.3d 1365 (Fed. Cir. 2015) .............................................................................................3

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 18-cv-452-WCB, 2022 WL 2800911 (D. Del. June 27, 2022) ............................................3

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) .......................................................................................10, 13

*Lone Star Tech. Innovations, LLC v. ASUSTeK Comp. Inc.*,
   No. 6:19-cv-00059-RWS, Dkt. 227 (E.D. Tex. May 21, 2021) ...............................................11

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009) .................................................................................................1

*Netlist, Inc. v. Samsung Elecs. Co.*,
   No. 2:21-cv-00463-JRG, Dkt. 432 (E.D. Tex. Apr. 5, 2023) ....................................................6

*PACT XPP Techs., AG v. Xilinx, Inc.*,
   No. 2:07-cv-563-RSP, 2012 WL 2774971 (E.D. Tex. May 13, 2012) .....................................13

*Parthenon Unified Memory Arch. LLC v. Apple Inc.*,
   No. 2:15-cv-621-JRG-RSP, 2016 WL 7670833 (E.D. Tex. Sept. 21, 2016) ...........................11

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
   No. 2:15-cv-00621-JRG, Dkt. 246 (E.D. Tex. Sept. 21, 2016) .................................................8

*Seagen Inc. v. Daiichi Sankyo Co., Ltd.*,
   2:20-cv-00337-JRG, Dkt. 347 (E.D. Tex. Mar. 15, 2022).........................................................7

*Simpleair, Inc. v. Microsoft Corp.*,
   No. 2:11-cv-416-JRG, 2014 WL 12607759 (E.D. Tex. Feb. 10, 2014) .....................................2

*Smart RF Inc. v. AT&T Mobility LLC*,
   No. 2:24-cv-195, Dkt. 250 (E.D. Tex. Oct. 29, 2025) .............................................................11

*Solas OLED Ltd. v. Samsung Elecs. Co., Ltd.*,
   No. 2:21-cv-00105, 2022 WL 1912868 (E.D. Tex. May 30, 2022).........................................11

*In re Subpoena to Quinn Emanuel Urquhart & Sullivan, LLP*,
   No. 3:25-mc-80048, Dkt. 7 (N.D. Cal Mar. 12, 2025).............................................................12

*Synopsys, Inc. v. Real Intent, Inc.*,
   No. 20-cv-02819-EJD, 2024 WL 4351870 (N.D. Cal. Sept. 30, 2024).....................................3

*TecSec v. Adobe Inc.*,
   No. 1:10-cv-115, 2018 WL 11388472 (E.D. Va. Nov. 21, 2018)............................................13

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011) ..............................................................................................10

████████████████████████████████████

*Universal Connectivity Techs. Inc. v. Lenovo Grp. Ltd.*,
No. 2:23-cv-00449-JRG, Dkt. 331 (E.D. Tex. Jan. 29, 2026) ....................................................10

## Rules

Local Rule CV-7(h) ....................................................................................................................16

## Statutes

35 U.S.C. § 271(a) .......................................................................................................................1

35 U.S.C. § 284 ............................................................................................................................3

██████████████████████████

**TABLE OF ABBREVIATIONS**

| Abbreviation | Description |
|---|---|
| '249 Patent | U.S. Patent No. 9,900,249 |
| '265 Patent | U.S. Patent No. 9,629,265 |
| '273 Patent | U.S. Patent No. 10,628,273 |
| '320 Patent | U.S. Patent No. 9,651,320 |
| '544 Patent | U.S. Patent No. 7,739,544 |
| '632 Patent | U.S. Patent No. 9,482,632 |
| Accused Instrumentalities | The products Cloud Byte accused of infringing the Asserted Patents |
| Akemann Rpt. | Expert Report of Michael P. Akemann, dated December 5, 2025 (Ex. E) |
| Asserted Claims | The claims of the Asserted Patents that Cloud Byte asserts against Dell |
| Asserted Patents | The '632, '265, '320, '249, '273, and '544 Patents |
| Becker Reb. Rpt. | Expert Rebuttal Report of Stephen L. Becker, Ph.D. on Behalf of Dell Inc., and Dell Technologies Inc. (Ex. F) |
| Cloud Byte | Plaintiff Cloud Byte LLC |
| Court MIL or Standing MIL | Second Amended Standing Order on Motions in Limine in Cases Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as well as Declaratory Judgment Actions Which Relate to the Same, *available at* https://www.txed.uscourts.gov/sites/default/files/judgeFiles/12.23.25%20Second%20Amended%20Patent%20Standing%20Limine%20Order.pdf |
| Dell | Defendants Dell Inc. and Dell Technologies Inc. |
| Dell's Server Revenue Share Spreadsheet | Excerpts of a spreadsheet produced by Dell bearing Bates number DELL_CLOUDBYTE_0448201 (Ex. G) |
| Donegan Tr. | Excerpts of the transcript of the deposition of Christopher Donegan, dated November 5, 2025 (Ex. H) |
| Garland Tr. | Excerpts of the transcript of the deposition of John Garland, dated November 6, 2025 (Ex. I) |
| IP Wave | IP Wave Pte. Ltd. |
| ███████████████ | ████████████████████████ |
| Lovicott Tr. | Excerpts of the transcript of the deposition of Dominick Lovicott, dated November 6, 2025 (Ex. A) |
| MIL | Motion *in limine* |
| Motion; Mot. | Dell's Motions *in Limine* (Dkt. 328) |
| NEC | NEC Corporation, and its subsidiaries, including NEC Corporation of America |

| Abbreviation | Description |
|---|---|
| NECAPAC | NEC Asia Pacific Pte. Ltd. |
| ███████████ | ████████████████████████ |
| | ████████████████████████ |
| Preston Tr. | Excerpts of the transcript of the deposition of Richard Preston, dated December 4, 2025 (Ex. C) |
| Saraiva Tr. | Excerpts of the transcript of the deposition of Marcelo Silva Saraiva, dated October 30, 2025 (Ex. B) |
| Tse Decl. | Declaration of Jonathan Tse in Support of Cloud Byte's Motions *in Limine* |
| Wicker Reb. Rpt. | Rebuttal Expert Report of Stephen B. Wicker, Ph.D. Regarding Non-Infringement of U.S. Patent Nos. 7,739,544, 10,628,273, and 9,900,249 (Ex. D) |

███████████████████████████████████████████

**TABLE OF EXHIBITS[1]**

| Exhibit | Description |
|---------|-------------|
| Exhibit A | Lovicott Tr. |
| Exhibit B | Saraiva Tr. |
| Exhibit C | Preston Tr. |
| Exhibit D | Wicker Reb. Rpt. |
| Exhibit E | Akemann Rpt. |
| Exhibit F | Becker Reb. Rpt. |
| Exhibit G | ████████████████████████████ |
| Exhibit H | Donegan Tr. |
| Exhibit I | Garland Tr. |

---

[1]  Each lettered Exhibit refers to the corresponding Exhibit to the attached Declaration of Jonathan Tse. Each numbered Exhibit refers to the corresponding Exhibits to the Declaration of Laura Corbin attached to the Motion.

I.   **DELL'S MOTION *IN LIMINE* NO. 1: NO TESTIMONY, EVIDENCE, OR ARGUMENT ABOUT CLOUD BYTE'S UNCONSUMMATED LICENSE AGREEMENTS, OR NEGOTIATIONS OR DISCUSSIONS WITH ANY TARGET LICENSEES REGARDING UNCONSUMMATED LICENSE AGREEMENTS— INCLUDING NO SUGGESTIONS RELATING TO THE VOLUME OR IDENTITIES OF PROSPECTIVE LICENSEES**

Cloud Byte agrees to Dell's Motion *in Limine* No. 1 based on the parties' agreement that it applies equally to both parties.

II.  **DELL'S MOTION *IN LIMINE* NO. 2: NO TESTIMONY, EVIDENCE, OR ARGUMENT ABOUT ALLEGED INFRINGEMENT BASED ON DELL'S INTERNAL USE OR TESTING**

Dell's Motion *in Limine* No. 2 seeks to exclude all evidence and argument concerning Dell's own internal use and testing of its own Accused Instrumentalities. The Motion should be denied because it conflates two legally distinct inquiries—liability and damages—and, if granted, would improperly strip from the jury highly probative evidence of Dell's direct infringement through its own use of the Accused Instrumentalities.[2]

*First,* Dell's internal use and testing of the Accused Instrumentalities is directly relevant to both infringement and damages. Dell does not—and cannot—dispute that is own domestic use of the Accused Instrumentalities constitutes independent acts of direct infringement under 35 U.S.C. § 271(a). Beyond establishing liability, the evidence is also probative of *Georgia-Pacific* Factor 11, as it demonstrates "'[t]he extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.'" *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009) (citing *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp.

---

[2] Cloud Byte's position here is consistent with its Motion *in Limine* No. 5. seeking to preclude Dell from arguing that it did not internally use or test the Accused Instrumentalities, as Cloud Byte should be allowed to rely on relevant testimony from Dell's witnesses while Dell should not be allowed to hide behind deficient testimony from its own designated corporate witnesses on Topic No. 13 related to Dell's use of the accused functionalities in the Accused Instrumentalities. Dkt. 329 at 14–15.

1

█████████████████████████████████████████████

1116, 1120 (S.D.N.Y. 1970)). Evidence that Dell itself relies on the patented technology in its own operations demonstrates the value of the Asserted Patents.

Dell's own witnesses confirmed precisely this kind of internal use and testing across multiple Asserted Patents. For the '320, '632, '273, and '544 Patents, witnesses including Messrs. Lovicott, Preston, and Saraiva testified to ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ Dell cannot preclude Cloud Byte from relying on relevant sworn testimony by its own corporate witnesses at trial.

*Second*, Dell's contention that this evidence should be excluded because Cloud Byte has not articulated a specific damages theory tied to Dell's internal use and testing is of no moment. Direct infringement turns on liability, not damages, and Dell's domestic testing and internal operation of the Accused Instrumentalities constitute independent infringing acts. *Simpleair, Inc. v. Microsoft Corp.*, No. 2:11-cv-416-JRG, 2014 WL 12607759, at *2 (E.D. Tex. Feb. 10, 2014) ("[I]ssues of infringement, validity, and damages are adequately distinct and separate from each other . . . ."); *see also Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1294

2

(Fed. Cir. 2015) (affirming direct infringement based on "developing, testing, and selling to its customers"). The absence of a separate expert-supported model for internal use and testing does not erase the infringement or render the evidence inadmissible. *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-cv-452-WCB, 2022 WL 2800911, at *8 (D. Del. June 27, 2022) (denying exclusion of direct infringement theory where patentee lacked "a corresponding damages theory" because "*de minimis* infringement is still infringement, and [patentee] would be entitled to nominal damages if it establishes that [defendant] infringes the asserted claims by testing the accused products"); *see also Synopsys, Inc. v. Real Intent, Inc.*, No. 20-cv-02819-EJD, 2024 WL 4351870, at *4 (N.D. Cal. Sept. 30, 2024) ("[E]ven if [plaintiff's damages expert] concedes that there are no patent damages because there is no evidence that the accused product was ever sold, the Court is not convinced that [the plaintiff] would be prevented from seeking a jury finding on infringement as to [the defendant's] alleged use . . . And even without a viable damages theory, [the plaintiff] may be entitled to at least nominal damages.").

Indeed, the Patent Act itself forecloses Dell's argument. Section 284 mandates that damages shall be "adequate to compensate for the infringement, but in no event less than a reasonable royalty." 35 U.S.C. § 284. The Federal Circuit has held that "reasonable royalty damages can be awarded even without [supporting expert] testimony" and that a district court errs by declining to award a reasonable royalty once infringement is found. *Dow Chemical Co. v. Mee Indus., Inc.*, 341 F.3d 1370, 1381–82 (Fed. Cir. 2003); *see also Info-Hold, Inc. v. Muzak LLC*, 783 F.3d 1365, 1372 (Fed. Cir. 2015) ("35 U.S.C. § 284 requires the district court to award damages 'in an amount no less than a reasonable royalty' even if the plaintiff[] has no evidence to proffer."). Dell cites no authority to the contrary. Mot. 3–4.

3

***Third***, Dell's jury confusion argument has it backwards. Evidence of Dell's internal use and testing is part of a comprehensive, coherent account of how Dell has infringed the Asserted Patents. There is nothing confusing about presenting to the jury the full scope of a defendant's infringing conduct—including that the defendant found the patented technology valuable enough to use in its own operations. What *would* confuse and mislead the jury is an artificially truncated picture of Dell's infringement that omits Dell's own reliance on the accused technology, potentially leading the jury to undervalue the Asserted Patents.

***Fourth***, Dell's '273 Patent "disclaimer" argument fails. Dell contends that "Cloud Byte has disclaimed any theory of liability based on testing or internal use for that patent." Mot. 4. But Cloud Byte's argument was directed at Dell's failure to meet its burden as to its § 273 prior commercial use defense—not a concession that Dell does not infringe through internal use. Dkt. 249 at 6. Dell cannot have it both ways: it cannot invoke its own internal use and testing to support an affirmative defense under § 273 while simultaneously seeking to exclude Cloud Byte's evidence of that very same conduct as a basis for infringement. Dell's own technical expert, Dr. Wicker, placed Dell's internal testing of the '273 Accused Instrumentalities squarely at issue. *See* Ex. D ¶¶ 401–402. Having done so, it would be manifestly unfair to now prevent Cloud Byte from addressing that evidence before the jury.

Accordingly, Dell's Motion *in Limine* No. 2 should be denied.

## III. DELL'S MOTION *IN LIMINE* NO. 3: NO TESTIMONY, EVIDENCE, OR ARGUMENT OFFERED BY CLOUD BYTE THAT DELL'S EMPLOYEES OR CORPORATE REPRESENTATIVE LACK KNOWLEDGE THAT IS OUTSIDE OF PERSONAL KNOWLEDGE OR RULE 30(B)(6) TOPICS

Cloud Byte does not intend to present any testimony, evidence, or argument that the Dell witnesses or corporate representatives "have not read the Asserted Patents, formed opinions regarding those patents including noninfringement or positions about non-infringing alternatives,

unless the witnesses were designated on those topics during discovery under Rule 30(b)(6)." Mot. 5. But Dell's Motion *in Limine* No. 3 sweeps far beyond that reasonable proposition, and if granted as written, would improperly handcuff Cloud Byte's ability to cross-examine Dell's trial witnesses.

The core problem is this: Dell has refused to identify which witnesses it intends to call live at trial or who its corporate representative will be. Tse Decl., ¶ 2. Granting this motion as written would create a perverse incentive for Dell to call employees or corporate representatives with deliberately limited personal knowledge or who were designated on narrow or no Rule 30(b)(6) topics—and then invoke this order to shield those witnesses from meaningful cross-examination. This concern is not hypothetical. Dell did not designate Messrs. John Bacon, Paul Koteras, or Abdul Thakkadi on any of Cloud Byte's Rule 30(b)(6) topics. Tse Decl., ¶ 3. And based on Dell's representation that it did not intend to call them at trial, Cloud Byte withdrew its Rule 30(b)(1) notices in good faith and did not depose these individuals during fact discovery. Tse Decl., ¶ 4. Dell should not be rewarded for that gamesmanship.

To protect the integrity of trial while respecting legitimate principles underlying Dell's motion, Cloud Byte respectfully requests that the Court adopt two well-established carveouts: (1) the parties are permitted to confirm that a fact witness is not testifying as an expert and is not applying claim language in his or her testimony; and (2) the parties are permitted to question the opposing party's corporate representative at trial regarding the opposing party's high-level positions taken in the litigation and at trial (regarding infringement, invalidity, and damages).

These carveouts are neither novel nor controversial. This Court has granted the same or substantially similar protections in other cases. *See, e.g.*, *Collision Commc'ns, Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:23-cv-587, Dkt. 267 at 1–2 (E.D. Tex. Aug. 26, 2025). Indeed, even the cases Dell itself cites support these carveouts. *See, e.g.*, *Anonymous Media Rsch. Holdings LLC v.*

5

*Samsung Elecs. Co., Ltd.*, No. 2:23-cv-00439-JRG-RSP, Dkt. 219 at 4 (E.D. Tex. Aug. 20, 2025) (permitting plaintiff "to confirm that a fact witness is not testifying as an expert and was not applying claim language in his direct testimony"); *Headwater Rsch. LLC v. Verizon Commc'ns, Inc.*, No. 2:23-cv-00352-JRG-RSP, Dkt. 302 at 5 (E.D. Tex. June 5, 2025) (granting motion *in limine* with carveouts permitting plaintiff to "confirm that a fact witness is not testifying as an expert and was not applying claim language in his or her direct testimony," to "confirm with a fact witness that their role in the trial is not to provide expert opinions about the patents-in-suit," and to "question the opposing party's corporate representative at trial regarding that opposing party's high-level positions taken in the litigation and at trial (regarding infringement, invalidity, and damages)"). Dell's cases do not suggest that Cloud Byte's additional, sought-for protections are improper.[3]

The need for these protections is heightened here. Cloud Byte has only two corporate witnesses, while Dell has identified fourteen Dell-employee witnesses on its trial witness list. Tse

---

[3] *See, e.g.*, *Headwater Rsch. LLC v. Samsung Elecs. Co., Ltd.*, No. 2:22-cv-00422-JRG-RSP, Dkt. 350 at 3 (E.D. Tex. July 8, 2024) (precluding plaintiff from "present[ing] any argument, evidence, or testimony suggesting that a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a 30(b)(6) witness on said topic."); *DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72-DF, Dkt. 2392 at 48–49 (E.D. Tex. Oct. 5, 2010) (precluded parties from "asserting that a person who is acting as a Party's corporate representative at trial (1) has a legal obligation to prepare to testify on any particular topic, (2) is charged with the knowledge of others within the company, or (3) has the ability to bind the Party with his or her trial testimony"); *Netlist, Inc. v. Samsung Elecs. Co.*, No. 2:21-cv-00463-JRG, Dkt. 432 at 12 (E.D. Tex. Apr. 5, 2023) (precluding "argument, evidence, or questions suggesting a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company" for witnesses testifying who were "never noticed or deposed as a 30(b)(6) witness"); *G+ Commc'ns, LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00078-JRG, Dkt. 512 at 4 (E.D. Tex. Nov. 30, 2023) (granting Samsung's MIL No. 5); *id.*, Dkt. 422 at 7-8 (E.D. Tex. Nov. 15, 2023) (MIL No. 5 seeking to preclude any "argument, evidence, or questioning" that "a party's corporate representative at trial is obligated to prepare on any particular topic or is charged with knowledge of others within the company unless said representative was previously designated as a [Rule] 30(b)(6) witness on said topic").

Decl. ¶ 5. Without these carveouts, the asymmetry in trial witnesses—combined with Dell's refusal to disclose which witnesses it will actually call—would leave Cloud Byte unable to effectively cross-examine witnesses that Dell has strategically selected to limit Cloud Byte's ability to probe Dell's positions.

Accordingly, Dell's Motion *in Limine* No. 3 should be denied and Cloud Byte's counter-proposal should be granted.

IV.    **DELL'S MOTION *IN LIMINE* NO. 4: NO TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING IRRELEVANT AND PREJUDICIAL FIGURES THAT RISK SKEWING THE DAMAGES HORIZON, *E.G.*, DELL'S REVENUE FOR THE ACCUSED PRODUCTS AND DELL'S REVENUE FOR ITS INFRASTRUCTURE SOLUTIONS GROUP**

Dell asks this Court to bar all testimony, evidence, and argument regarding "total revenue of the Accused Products and Dell's Infrastructure Solutions Group." Mot. 6. Dell's motion fundamentally mischaracterizes the evidence Cloud Byte intends to present and, if granted, would prevent Cloud Byte's damages expert from explaining his own analysis to the jury.

***The Court's MIL No. 3 does not support Dell's request.*** Dell invokes Court MIL No. 3, but that order precludes "evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation." Cloud Byte will not present Dell's company-wide financials. Nor does Cloud Byte intend to present revenues for Dell's Infrastructure Solutions Group, rendering that portion of Dell's motion moot. What Cloud Byte *will* present is revenue tied to the Accused Instrumentalities—financial data that is directly relevant to, and indeed integral to, both parties' damages analyses.

***Dell's central premise is wrong.*** Dell claims the financial figures at issue "do not drive, or even factor into, Dr. Akemann's damages analysis." Mot. at 7. Dr. Akemann's product-level financial revenue data is woven into his per-unit royalty calculations in multiple ways. A motion *in limine* is not a vehicle for back-door *Daubert* challenges to an expert's methodology. *Seagen*

7

████████████████████████████████████████

*Inc. v. Daiichi Sankyo Co., Ltd.*, 2:20-cv-00337-JRG, Dkt. 347 at 4 n.1 (E.D. Tex. Mar. 15, 2022) ("MILs should not be used as a back-door motion to strike expert opinions or *Daubert* motion").

Specifically, Dr. Akemann derives the incremental profit margins that serve as direct inputs to his per-unit royalty rates from Dell's revenue and cost data for the Accused Instrumentalities. For example, ████████████████████████████████

████████████████████████████████████████

████. Ex. E ¶ 298; Ex. 5.3a–b. ████████████████████████████

████████████ *Id.* Ex. 5.5a. These margins are the building blocks of Dr. Akemann's damages model. They cannot be calculated, explained or tested by the jury without reference to the underlying revenue and cost figures from which they are derived. The Court has recognized that "parties may introduce evidence, testimony, or argument concerning profits or revenues concerning the accused products." *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-00621-JRG, Dkt. 246 at 5 (E.D. Tex. Sept. 21, 2016).

Dr. Akemann also relies on revenue data from services tied to the Accused Instrumentalities to support his analysis of *Georgia-Pacific* Factors 6 and 8. Dell dismisses these figures as "large numbers" that appear "without doing any work in his damages analysis." Mot. 8 (████████████████████████). Not so. Under *Georgia-Pacific* Factor 6, Dr. Akemann opines that ████████████████████████

████████████████████████████████████████

████████████████████████████. Ex. E ¶¶ 466–468. Under *Georgia-Pacific* Factor 8, Dr. Akemann relies on the commercial success and profitability of the Accused Instrumentalities. *Id.* ¶¶ 473–475. These are textbook *Georgia-Pacific* considerations that require financial data to present to a jury. *Cellular Commc'ns Equip. LLC v. Apple Inc.*, No. 6:14-cv-251-

8

███████████████████████████████████████████

KNM, 2016 WL 11496010, at *2 (E.D. Tex. Sept. 2, 2016) (excluding *only* "argument, evidence, testimony, or reference about financial amounts that are not part of [the expert's] damages analysis, that are irrelevant to this action, and that are otherwise intended to present large numbers to the jury").

*Dell's own damages expert relies on the same categories of financial data.* Dr. Becker uses Dell's market share data (which includes total revenue), ISG revenue trends, and incremental margins throughout his *Georgia-Pacific* analysis. *See, e.g.*, Ex. F ¶¶ 300–302 (Factor 8, commercial success of Accused Instrumentalities based on unit sales per year); *id.* ¶¶ 378–379 (Factors 4–5, comparing ████ █████ ████ █ █████ █ ████ █ ███████ █████████████████████████████████████); *see also* Ex. G; Ex. F ¶¶ 252–253 (citing ████████████████████████████ to support his '544 Patent income approach). If Dell's own expert finds this revenue data sufficiently reliable and relevant to undergird his opinions, Dell cannot credibly argue that the same data is too prejudicial for the jury to hear when presented by CloudByte. Regardless of how this Court rules on this Motion, Dr. Becker should be precluded from relying on revenue that would violate this Court's MIL, including to suggest that Dell's solvency could be threatened by this litigation. But there is nothing improper with either damages expert relying on revenue properly tied to the Accused Instrumentalities.

*Dell's own concessions undermine its motion.* Dell has agreed that Cloud Byte may present the average selling price and number of units sold for the Accused Instrumentalities, as well as quarterly growth percentages. Tse Decl. ¶ 6. These concessions are telling: Dell acknowledges that the jury needs financial context about the Accused Instrumentalities to evaluate the damages evidence. But average selling prices and unit counts alone do not convey the information the *Georgia-Pacific* framework requires. They do not tell the jury about Dell's profit

9

margins, the growth of specific product lines, or the extent of convoyed sales—all of which are inputs to Dr. Akemann's analysis that he must be able to explain. Moreover, because Dell concedes that jurors may receive average selling price and unit count data, jurors can calculate total revenue from those two figures with simple arithmetic. Barring the jury from seeing revenue data that Dr. Akemann actually relies upon, while permitting the jury to derive the same figures through straightforward math, elevates form over substance and serves no legitimate purpose under Rule 403.

**Dell's cited cases are inapposite.** The cases Dell cites involved fundamentally different circumstances. In *Universal Connectivity Techs. Inc. v. Lenovo Grp. Ltd.*, this Court expressly preserved the plaintiff's ability to "seek leave to mention total revenues or profits for the accused products, if they determine that such numbers will be necessary" for their damages expert's calculations. No. 2:23-cv-00449-JRG, Dkt. 331 at 6–7 (E.D. Tex. Jan. 29, 2026). As demonstrated above, these numbers *are necessary* for Cloud Byte's damages calculations. In *Uniloc USA, Inc. v. Microsoft Corp.*, the plaintiff used $19 billion in total product revenue as part of a now-rejected 25% rule of thumb calculation, with no apportionment to the patented feature. 632 F.3d 1292, 1315, 1320 (Fed. Cir. 2011). Here, Dr. Akemann's damages model is built on properly apportioned per-unit royalties, and revenue data is used to derive margins and inform *Georgia-Pacific* factors—not as a royalty base.[4] Further, Dell may challenge the weight and sufficiency of the revenue data presented on cross-examination.

---

[4] As such, cases like *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) (addressing "overall revenues, which have no demonstrated correlation to the value of the patented feature alone") or *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014) (addressing "undue emphasis on the value of the entire product") are inapposite. So are *Headwater Rsch. LLC v. Verizon Commc'ns, Inc.*, No. 2:23-cv-00352-JRG-RSP, Dkt. 318 at 2-3 (E.D. Tex. June 13, 2025) (excluding total revenues from FCC spectrum auctions untethered to the *Georgia-*



Accordingly, Dell's Motion *in Limine* No. 4 should be denied.

## V.    DELL'S MOTION *IN LIMINE* NO. 5: NO TESTIMONY, EVIDENCE, OR ARGUMENT ABOUT THE PURPORTED TRANSFER PRICE IN THE ██████ ████████████████████████ , OR THE ██████████████

Dell's Motion *in Limine* No. 5 seeks to preclude Cloud Byte from introducing any evidence

of ███████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████ . This Motion should be denied.

**_The consideration amounts are probative of patent value._** ████████████████████

████████████████████████████████████ are directly

relevant to determining a reasonable royalty. *See, e.g.*, *Solas OLED Ltd. v. Samsung Elecs. Co.,

Ltd.*, No. 2:21-cv-00105, 2022 WL 1912868, at *3 (E.D. Tex. May 30, 2022) ("Licensing and sale

agreements involving the [asserted patents] are relevant and probative for the hypothetical

negotiation . . . ."); *Lone Star Tech. Innovations, LLC v. ASUSTeK Comp. Inc.*, No. 6:19-cv-00059-

RWS, Dkt. 227 at 27 (E.D. Tex. May 21, 2021) (instructing jury that "[t]he value that the patent

owner gave to purchase the patent may be relevant to the determination of a reasonable royalty");

*Endress Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 892 F. Supp. 1123, 1131–32 (S.D. Ind.

1995), *aff'd*, 122 F.3d 1040, 1043 (Fed. Cir. 1997) ("Where, as here, the current patent owner

purchased the patent, the value of the consideration given in exchange for the patent may be

relevant to the determination of a reasonable royalty because it may bear on the amount that might

have been accepted by a prudent patentee who was engaging in a hypothetical licensing

negotiation."); *Parthenon Unified Memory Arch. LLC v. Apple Inc.*, No. 2:15-cv-621-JRG-RSP,

---

*Pacific* factors or damages calculations) and *Smart RF Inc. v. AT&T Mobility LLC*, No. 2:24-cv-195, Dkt. 250 at 4 (E.D. Tex. Oct. 29, 2025) (excluding "large dollar amounts … unless they are actual inputs" into the damages expert's calculations, and permitting use of any percentages derived from those "large dollar amounts").

██████████████████████████████████

2016 WL 7670833, at *2 (E.D. Tex. Sept. 21, 2016) (patent purchase agreements are relevant to hypothetical negotiation).

***Dell has failed to show unfair prejudice.*** Cloud Byte is █████████████████████ ████████████████████████████████████. *See, e.g.*, Dkt. 329 at 3; Dkt. 64 at 2, 4; Ex. 9 at 31:13–20, 118:20–22; Ex. H at 62:5–25, 75:5–77:9, 92:23–93:9. Dell itself has acknowledged that ████████████████████████████████████ *In re Subpoena to Quinn Emanuel Urquhart & Sullivan, LLP*, No. 3:25-mc-80048, Dkt. 7 at 14 (N.D. Cal Mar. 12, 2025). There is no factual support in the record for Dell's assertion that ██ ████████████████████████████████████████████

***Dell's*** ██████████████████ ***argument is misleading.*** Dell claims that ███████ ████████████████████████████████████ Mot. 9. But █████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ █████████████████████████

12

███████████████████████████████████████████████████████

***Dell's conspiracy narrative is unsupported and inflammatory.*** Dell's characterization that

██████████████████████████████████████████████████████████████

███████████████████████ (Mot. 10) is factually baseless, inflammatory and prejudicial. As

detailed in Cloud Byte's Motion *in Limine* No. 1, the record evidence refutes this narrative. *See*

Dkt. 329 at 3–4. Dell has no factual basis for its assertion that ████████████████████

██████████████████████████████████████████████████████████████

██████████████

***Dell's cited cases are distinguishable.*** In *PACT XPP Techs., AG v. Xilinx, Inc.*, the Court

excluded evidence of the defendant's acquisition of and projected revenues for an entire company

producing "a broad array of technology, products, and employees"—figures that were not

sufficiently tied to the value of the specific accused technology. No. 2:07-cv-563-RSP, 2012 WL

2774971, at *1–2 (E.D. Tex. May 13, 2012). *LaserDynamics, Inc. v. Quanta Comp., Inc.* and

*Uniloc USA, Inc. v. Microsoft Corp.* stand for the unremarkable proposition that damages must be

apportioned to the patented feature rather than calculated on the entire product—a principle Cloud

Byte does not dispute. 694 F.3d 51, 67 (Fed. Cir. 2012); *see also* 632 F.3d 1292, 1320–21 (Fed.

Cir. 2011). And *TecSec v. Adobe Inc.* involved a motion *in limine* to prevent reference to pre-suit

damages pending a showing on patent marking. No. 1:10-cv-115, 2018 WL 11388472, at *9 (E.D.

Va. Nov. 21, 2018).

None of these cases involved ████████████████████████

██████████████████████████████████████. By contrast, Cloud Byte seeks to present ██████

██████████████████████████████████████████

████████████████████████████████████████████

███████████████—evidence that goes directly to the value of those patents in the hypothetical negotiation.

Dell's Motion *in Limine* No. 5 should be denied in full.

Dated: March 2, 2026

Respectfully submitted,

*/s/ Yury Kapgan, with permission Brian Mack*
Yury Kapgan (admitted in EDTX)
yurykapgan@quinnemanuel.com
Ryan Goldstein (admitted in EDTX)
ryangoldstein@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Fax: (213) 443-3100

Brian Mack (admitted in EDTX)
brianmack@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6400
Facsimile: (415) 875-6700

*Of Counsel:*
Claire Abernathy Henry
Texas State Bar No. 24053063 Andrea Fair
Texas State Bar No. 24078488
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
Telephone: (903) 757-6400
Fax: (903) 757-2323
claire@millerfairhenry.com

*Attorneys for Plaintiff Cloud Byte LLC*

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 2, 2026 the foregoing document was served via email on all counsel of record.

*/s/ Brian Mack*
Brian Mack

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and the parties met and conferred by teleconference on February 13, 2026. Dell opposes the relief sought in this motion.

*/s/ Brian Mack*
Brian Mack