**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CLOUD BYTE LLC,<br><br>        Plaintiff,<br>   v.<br><br>DELL INC. and<br>DELL TECHNOLOGIES INC.,<br><br>        Defendants. | Case No. 2:24-cv-00637-JRG<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS DELL INC. AND DELL TECHNOLOGIES INC.'S OPPOSITION TO
CLOUD BYTE'S MOTIONS *IN LIMINE***

████████████████████████████████████████

## TABLE OF CONTENTS

Page

A.    Opposition to Cloud Byte MIL 1: To Preclude Argument, Evidence, or Testimony Related to ██████████████████████ ████████████ ................................................................ 1

    1.    ███████████████████████████████ ██████████████████ ........................................... 2

    2.    ███████████████████████████████ ....... 3

    3.    ███████████████████████████████ .............................. 5

B.    Opposition to Cloud Byte MIL 2: To Preclude Argument, Evidence, or Testimony Regarding Any Pre-Suit Actions or Analysis by Cloud Byte or Its Predecessors-in-Interest ................................................................................................................. 6

    1.    Dell Will Not Argue "Cloud Byte Was Legally Required" to Give Dell Pre-Suit Notice for Any Purpose Other Than Marking, But Does Intend to Present the Fact That Dell Was Not Notified ............................................. 7

    2.    The Fact That ████████████████████████ Is Relevant to Damages, Willfulness, and Non-Infringement .......................................... 7

C.    Opposition to Cloud Byte MIL 3: To Preclude Argument, Evidence, or Testimony Related to the Accused Instrumentalities Practicing Dell or Third-Party Patents or That Dell Has Patents in the Same Field ................................. 10

D.    Opposition to Cloud Byte MIL 4: To Preclude Argument, Evidence, or Testimony Regarding Conversations with Individuals Not Identified in Dell's Initial Disclosures or Untimely Evidence ................................................................. 12

E.    Opposition to Cloud Byte MIL 5: To Preclude Argument, Evidence, or Testimony Suggesting That Dell Does Not Use the Accused Functionalities in Its Own Network in the United States ................................................................. 13

i

███████████████████████████████████

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alacritech, Inc. v. Dell Inc.*,
No. 2:16-CV-00695-RWS-RSP, 2023 WL 6793208 (E.D. Tex. Oct. 13, 2023)......................11

*ASUS Tech. Licensing Inc. et al. v. AT&T Corp.*,
No. 2:23-cv-486-JRG-RSP, Dkt. 829 (E.D. Tex. Nov. 11, 2025) ...............................................4

*Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.*,
No. CIV. A. 92-3158, 1995 WL 468234 (E.D. La. July 27, 1995) ..........................................11

*Daingean Techs. Ltd. v. T-Mobile USA, Inc.*,
No. 2:23-CV-347-JRG-RSP, Dkt. 348 (E.D. Tex. Mar. 10, 2025)............................................7

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
2017 WL 11658860 (E.D. Tex. July 25, 2017) .......................................................................8

*Hardin v. Samsung Elecs. Co.*,
NO. 2:21-CV-00290-JRG, Dkt 149 (E.D. Tex. Nov. 29, 2022)................................................6

*ION, Inc. v. Sercel, Inc.*,
2010 WL 11530981 (E.D. Tex. Jan. 6, 2010).........................................................................8

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
No. 2:22-cv-322-JRG-RSP, Dkt. 509 (E.D. Tex. May 9, 2024)...............................................7

*Novartis Vaccines & Diagnostics, Inc. v. Regeneron Pharms., Inc.*,
2018 WL 5282887 (S.D.N.Y. Oct. 24, 2018).........................................................................9

*Pers. Audio, LLC v. Togi Entm't, Inc.*,
No. 2:13-CV-13-JRG-RSP, 2014 U.S. Dist. LEXIS 191701 (E.D. Tex. Sep. 4,
2014) ....................................................................................................................................12

*Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.*,
No. 2:23-CV-00495-JRG-RSP, 2025 WL 2982341 (E.D. Tex. Oct. 22, 2025) ......................10

*Realtime Data, LLC v. Actian Corp.*,
No. 6:15-cv-463 ......................................................................................................................11

*Retractable Techs. Inc. v. Becton, Dickinson & Co.*,
No. 2:07-CV-250, 2009 WL 8725107 (E.D. Tex. Oct. 8, 2009) ............................................10

*SB IP Holdings LLC v. Vivint, Inc.*,
2023 WL 6799020 (E.D. Tex. Oct. 13, 2023) ........................................................................11

*Skelton v. Exam'r Corp.*,
No. 1:18-CV-203, 2019 U.S. Dist. LEXIS 245463 (E.D. Tex. Oct. 29, 2019) .................13, 14

███████████████████████████

*Smart RF Inc. v. AT&T Mobility LLC*,
   No. 2:24-CV-00195-JRG-RSP, Dkt. 250 (E.D. Tex. Oct. 29, 2025) ......................................11

*Touchstream Techs. Inc. v. Charter Commc'ns, Inc.*,
   No. 2:23-cv-00059-JRG, Dkt. 275 (E.D. Tex. Jan. 21, 2025) ...................................................8

*Video Solutions Pte. Ltd. v. Cisco Sys., Inc.*,
   No. 2:23-CV-00222-JRG, Dkt. 232 (E.D. Tex. Jan. 31, 2025) ...............................................13

████████████████████████████████████████████

**TABLE OF EXHIBITS**

| Exhibit | Document |
|---|---|
| Exhibit 1 | Excerpts of the Transcript of Deposition of John Garland, dated November 6, 2025 |
| Exhibit 2 | ████████████████████████████████████████ ████ |
| Exhibit 3 | Excerpts of the March 5, 2024, agreement ████████████████████ ████████████ produced by Cloud Byte in this Action bearing Bates No. CLOUDBYTE0021948 |
| Exhibit 4 | Excerpts of the January 11, 2024 agreement between ██████████ ████████████████████████████ bearing Bates No. NECCORP_DELL_0000065 |
| Exhibit 5 | Excerpts of Cloud Byte's Responses and Objections to Dell's Interrogatory No. 2, dated June 13, 2025 |
| Exhibit 6 | A document produced by Cloud Byte in this Action bearing Bates No. CLOUDBYTE0025821 |
| Exhibit 7 | Excerpts of the Transcript of Deposition of Christopher Donegan, dated November 5, 2025 |
| Exhibit 8 | ████████████████████████████████ ████████████████ produced by Cloud Byte in this Action bearing Bates No. CLOUDBYTE0025794 |
| Exhibit 9 | Excerpts of the Rebuttal Expert Report of Dr. Stephen Becker, dated December 21, 2025 |
| Exhibit 10 | A document produced by NEC in this Action bearing Bates No. NEC_DELL_EDTX_001799 |
| Exhibit 11 | A document produced by NEC in this Action bearing Bates No. NEC_DELL_EDTX_0001678 |
| Exhibit 12 | Excerpts of the Transcript of the Deposition of Eric Chambers, dated October 31, 2025 |
| Exhibit 13 | A document produced by Dell in this Action bearing Bates No. DELL_CLOUDBYTE_0169293 |
| Exhibit 14 | Excerpts of the Transcript of the Deposition of Dominick Lovicott, dated November 6, 2025 |
| Exhibit 15 | Intentionally left blank |
| Exhibit 16 | Intentionally left blank |
| Exhibit 17 | Intentionally left blank |
| Exhibit 18 | Excerpts of Cloud Byte Subpoena to Broadcom, dated April 16, 2025 |
| Exhibit 19 | Cloud Byte Updated Subpoena to Broadcom, dated October 2, 2025 |

| Exhibit | Document |
|---------|----------|
| Exhibit 20 | Excerpts of Dell Subpoena to Broadcom, dated May 12, 2025 |
| Exhibit 21 | Declaration of Third-Party VMware Regarding Authenticity of Business Records, dated December 18, 2025 |
| Exhibit 22 | Intentionally left blank |
| Exhibit 23 | Correspondence between K. Kowallis and Cloud Byte's counsel concerning Rule 30(b)(6) topics, dated November 3, 2025 |
| Exhibit 24 | Correspondence between E. Larson and Dell's counsel concerning Rule 30(b)(6) topics, dated November 16, 2025 |
| Exhibit 25 | Correspondence between L. Corbin and Cloud Byte's counsel, dated December 1, 2025 |
| Exhibit 26 | Excerpts of the Transcript of the Deposition of Richard Preston, dated December 4, 2025 |
| Exhibit 27 | Correspondence between Cloud Byte's counsel and Dell's counsel, dated December 15, 2025 |
| Exhibit 28 | Declaration of Third-Party ███████████., dated January 8, 2026 |
| Exhibit 29 | Supplemental Declaration of ██████████ dated February 6, 2026 |
| Exhibit 30 | Cloud Byte's Second Rule 30(b)(6) Notice to Dell, dated April 30, 2025 |
| Exhibit 31 | Dell's Objections and Responses to Cloud Byte's Second Rule 30(b)(6), dated June 12, 2025 |
| Exhibit 32 | Correspondence between R. Jin and Dell's counsel concerning Rule 30(b)(6) topics, dated September 23, 2025 |
| Exhibit 33 | Correspondence between R. Jin and Dell's counsel concerning Rule 30(b)(6) topics, dated October 8, 2025 |
| Exhibit 34 | Correspondence between L. Corbin and Cloud Byte's counsel concerning Rule 30(b)(6) topics, dated October 14, 2025 |
| Exhibit 35 | Correspondence between L. Corbin and Cloud Byte's counsel concerning Dell's Rule 30(b)(6) designees, dated September 18, 2025 |
| Exhibit 36 | Correspondence between L. Corbin and Cloud Byte's counsel concerning Dell's Rule 30(b)(6) designees, dated October 14, 2025 |
| Exhibit 37 | Correspondence between E. Larson and Dell's counsel concerning alleged deposition deficiencies, dated October 21, 2025 |
| Exhibit 38 | Correspondence between E. Larson and Dell's counsel concerning alleged deposition deficiencies, dated November 2, 2025 |
| Exhibit 39 | Correspondence between I. Koster and Dell's counsel concerning alleged deposition deficiencies, dated October 29, 2025 |

**TABLE OF ABBREVIATIONS**

| Term | Meaning |
|---|---|
| '249 patent | U.S. Patent No. 9,900,249 (Dkt. 1-6) |
| '265 patent | U.S. Patent No. 9,629,265 (Dkt. 1-4) |
| '273 patent | U.S. Patent No. 10,628,273 (Dkt. 1-7) |
| '320 patent | U.S. Patent No. 9,651,320 (Dkt. 1-5) |
| '544 patent | U.S. Patent No. 7,739,544 (Dkt. 1-1) |
| '632 patent | U.S. Patent No. 9,482,632 (Dkt. 1-2) |
| Accused Products | The Dell products Cloud Byte has accused of infringing the Asserted Patents |
| Asserted Patents | The '249, '265, '273, '320, '544, and '632 patents |
| Becker *Daubert* | Plaintiff's Daubert Motion to Exclude Certain Opinions of Dr. Stephen L. Becker (Dkt. 195) |
| Becker *Daubert* Opp. | Defendants Dell Inc. And Dell Technologies Inc.'s Opposition to Plaintiff's Daubert Motion to Exclude Certain Opinions of Dr. Stephen L. Becker (Dkt. 227) |
| Becker Reb. Rpt. | Rebuttal Expert Report of Stephen Becker, dated December 21, 2025 (Ex. 9) |
| Broadcom Decl. | Declaration of Third-Party VMware Regarding Authenticity of Business Records, dated December 18, 2025 (Ex. 21) |
| ██████ | █████████████████████████ |
| Clark 12/15/2025 Email | Excerpt of correspondence between Cloud Byte's counsel and Dell's counsel, dated December 15, 2025 (Ex. 27) |
| Cloud Byte | Plaintiff Cloud Byte LLC |
| Cloud Byte Broadcom Subpoenas | Cloud Byte Subpoena to Broadcom, dated April 16, 2025 (Ex. 18) and Cloud Byte Updated Subpoena to Broadcom, dated October 2, 2025 (Ex. 19) |
| ████████████ | CLOUDBYTE0025821 (Ex. 6) |
| ████████ | █████████████ produced by Cloud Byte in this Action bearing Bates No. |

███████████████████████████████████████████

| Term | Meaning |
|---|---|
| | CLOUDBYTE0025794 (Ex. 8) |
| Cloud Byte Opp. to MSJ of No Direct or Indirect Inf. | Cloud Byte's Opposition to Dell's Motion for Summary Judgment of No Direct or Indirect Infringement (Dkt. 240) |
| Cloud Byte Reply MTS Wicker | Cloud Byte's Reply to its Motion to Strike Certain Opinions of Dr. Stephen Wicker (Dkt. 244) |
| Cloud Byte Rsp. to Dell Rog. 2 | Excerpts of Cloud Byte's Responses and Objections to Dell's Interrogatory No. 2, dated June 13, 2025 (Ex. 5) |
| Corbin 12/1/2025 Email | Correspondence between L. Corbin and Cloud Byte's counsel, dated December 1, 2025 (Ex. 25) |
| ██████ Decl. | Declaration of Third-Party ███████ dated January 8, 2026 (Ex. 28) |
| Court MIL | Second Amended Standing Order on Motions in Limine in Cases Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, as Well as Declaratory Judgment Actions Which Relate to the Same, dated December 23, 2025 |
| Decl. | Declaration of Laura Corbin in Support of Defendants' Opposition to Cloud Byte's Motions *in Limine* |
| Dell | Defendants Dell Inc. and Dell Technologies Inc. |
| Dell Broadcom Subpoena | Dell Subpoena to Broadcom, dated May 12, 2025 (Ex. 20) |
| Dell MILs | Dell's Motions *in Limine* (Dkt. 328) |
| Dell MSJ | Defendants Dell Inc. and Dell Technologies Inc.'s Corrected Motion for Partial Summary Judgment of Non-infringement by Dell with Respect to Dell's Sales of the Accused Products and Dell's Customers' Use of Those Products (Dkt. 204) |
| Donegan Tr. | Transcript of Deposition of Christopher Donegan, taken November 5, 2025 (Ex. 7) |
| E. Larson 11/26/2025 Email | Correspondence between E. Larson and Dell's counsel concerning Rule 30(b)(6) topics, dated November 16, 2025 (Ex. 24) |
| ██████ Supp. Decl. | Supplemental Declaration of ██████., dated February 6, 2026 (Ex. 29) |

vii

| Term | Meaning |
|---|---|
| Garland Tr. | Transcript of Deposition of John Garland, taken November 6, 2025 (Ex. 1) |
| ██████████████ | CLOUDBYTE0021948 (Ex. 3) |
| Kowallis 11/3/2025 Email | Correspondence between K. Kowallis and Cloud Byte's counsel concerning Rule 30(b)(6) topics, dated November 3, 2025 (Ex. 23) |
| Lovicott Tr. | Transcript of the Deposition of Dominick Lovicott, dated November 6, 2025 (Ex. 14) |
| Marking MSJ | Defendant's Corrected Motion for Summary Judgment for Failure to Mark Under 35 U.S.C. § 287 or Give Pre-suit Notice of Alleged Infringement (Dkt. 205) |
| MSJ Opp. | Cloud Byte's Opposition to Dell's Corrected Motion for Partial Summary Judgment of Non-infringement (Dkt. 240) |
| Marking MSJ Opp. | Cloud Byte LLC's Opposition to Defendant's Corrected Motion for Summary Judgment for Failure to Mark Under 35 U.S.C. § 287 or Give Pre-suit Notice of Alleged Infringement (Dkt. 238) |
| MIL | Motion *in Limine* |
| Mot. or Motion | Cloud Byte's Motions *in Limine* (Dkt. 329) |
| Mot. to Compel | Dell's Motion to Compel Discovery (Dkt. 86) |
| Mot. to Strike Witnesses | Dell's Motion to Strike NEC Inventor Witnesses from Cloud Byte's Pretrial Witness List (Dkt. 311) |
| MSJ Opp. Damages-Related Def. | Cloud Byte's Motion for Summary Judgment on Dell's Damages-Related Defenses (Dkt. 236) |
| NEC | NEC Corporation and its subsidiaries, including NEC Corporation of America |
| ██████████████ | NEC_DELL_EDTX_001799 (Ex. 10) |
| ██████████ | NECCORP_DELL_0000065 (Ex. 4) |
| NEC Whitepaper | DELL_CLOUDBYTE_0169293 (Ex. 13) |
| Opp. to Mot. to Strike Witnesses | Cloud Byte's Opposition to Dell's Motion to Strike NEC Inventor Witnesses from Cloud Byte's Pretrial Witness List (Dkt. 335) |
| Opp. to Mot. to Compel | Cloud Byte's Opposition to Dell's Motion to Compel Discovery (Dkt. 93) |
| Pokharna Opp. | Defendants Dell Inc. and Dell Technologies |

| Term | Meaning |
|------|---------|
|  | Inc.'s Opposition to Plaintiff Cloud Byte LLC's Motion to Exclude, or in the Alternative, Motion to Strike Certain Opinions of Dell's Technical Expert Dr. Himanshu Pokharna (Dkt. 230) |
| Pokharna Sur-reply | Defendants Dell Inc. and Dell Technologies Inc.'s Sur-reply in Opposition to Plaintiff Cloud Byte Llc's Motion to Exclude, or in the Alternative, Motion to Strike Certain Opinions of Dell's Technical Expert Dr. Himanshu Pokharna (Dkt. 305) |
| Preston Tr. | Transcript of the Deposition of Richard Preston, dated December 4, 2025 (Ex. 26) |
| Quinn | Quinn, Emanuel, Urquhart & Sullivan LLP |
|  | NEC_DELL_EDTX_0001678 (Ex. 11) |

ix

███████████████████████████████████

Cloud Byte's "five" MILs are fourteen separate motions transparently twisted and packaged into five vague buckets. Cloud Byte's violation of the Court's Standing Order on MILs, limiting the number of MILs each party can file, could not be more clear. For this reason alone, the Court should deny Cloud Byte's motions.

The substance of Cloud Byte's motion is even worse than this threshold procedural problem. Cloud Byte moves to prevent Dell from telling the jury anything about the Plaintiff in this case or its predecessor—the party at the hypothetical negotiation, NEC. Cloud Byte seeks to prevent Dell from explaining the full background of Dell's own witnesses and the Dell research and development that led to Dell's patents as well as the Accused Products. Cloud Byte seeks to prevent Dell from responding to Cloud Byte's experts' claims of direct infringement through Dell's purported internal use, even though Cloud Byte's experts should not be permitted to present that testimony to the jury in the first place. In short, Cloud Byte seeks to prevent Dell from responding to and rebutting Cloud Byte's narrative and impeaching Cloud Byte's witnesses. Cloud Byte's MILs would effectively deprive Dell of its day in court entirely. They should be denied in full.

**A.     Opposition to Cloud Byte MIL 1: To Preclude Argument, Evidence, or Testimony Related to Any** ███████████████
████████████████



Accordingly, much of Cloud Byte's sub-parted and wide-ranging MIL is moot. Every other aspect of this MIL should be denied, as the testimony, evidence, and argument Dell seeks to offer is critically relevant and Dell would suffer enormous unfair prejudice if precluded from explaining who Cloud Byte is, who formed Cloud Byte and

1

████████████████████████████████████████████████████

why, and establishing Cloud Byte's relationship with its predecessor-in-interest, NEC.

1.    ████████████████████████████████████
████████████████████████████████████

Cloud Byte's motion makes clear that it ███████████████████████████████

████████████████████████████████████████████████, and

to skew the damages horizon for the jury—exactly as Dell anticipated.  Dell's MIL 5 explains why

the jury should not be permitted to see those numbers.  *See* Dell MILs (Dkt. 328) at 9–10.  Cloud

Byte's goal now is not only to introduce those figures to the jury, but to prevent Dell from even

responding to, or contextualizing, those numbers.  This would severely and unfairly prejudice Dell.

████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████Therefore, any suggestion that these figures are true

████████████████████████ is contrary to the record evidence and the clear terms of the

agreements themselves.  Dell should be permitted to explain this to the jury.

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████ Indeed, Cloud

Byte offers no evidence to the contrary.  Cloud Byte does not cite any testimony from the entity

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████ Instead, both NEC and Cloud Byte benefitted from

███████████████████████████████.  *See* Becker Reb. Rpt (Ex. 9) ¶ 220.[2]

Thus, the ████████████████ have no connection with any reasonable royalty

analysis, valuation of the Asserted Patents, or any other issues in the case.  ██████████████

██████████████████████████████████████████

██  To the extent the court permits these numbers before the jury, Dell should be permitted to

respond.  Cloud Byte's motion should be denied.

**2.**  ██████████████████████████████████████████

---

[1] ██████████████████████████████████████████

██████████████████████████ *See* Mot. to Strike Witnesses (Dkt. 311) at 3, n.1; Opp. to Mot. to Strike Witnesses (Dkt. 335) at 8.

[2] Cloud Byte attempts to rely on an argument made by Dell in briefing on its March 2025 motion to compel discovery from Quinn, in which Dell explained that certain claims of common-interest privilege were belied by ***Cloud Byte's*** previous position that it maintained an arm's length relationship with NEC. *In re Subpoena to Quinn Emanuel Urquhart & Sullivan, LLP*, No. 3:25-mc-80048, Dkt. 7 at 14 (N.D. Cal. Mar. 12, 2025).  This was not a concession, or admission—and the fact that this is a centerpiece of Cloud Byte's argument on this point shows that it lacks actual evidence to rebut Dell's position.

███████████████████████████████████████████████

***NEC Relationship.*** Evidence and argument regarding ████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████—is highly

relevant to multiple issues. As an initial matter, NEC is the relevant party at the hypothetical

negotiation. Cloud Byte is asserting past damages covering a period while NEC owned the patents.

Cloud Byte intends to rely on NEC's testimony and emails at trial. NEC's behavior, incentives,

and relationship with Cloud Byte are indisputably relevant.

Additionally, the relationship is relevant to the background and identity of the Plaintiff in

this case. *See ASUS Tech. Licensing Inc. v. AT&T Corp.*, 2:23-cv-486-JRG-RSP, Dkt. 829 at 2

(E.D. Tex. Nov. 11, 2025) (allowing presentation of "factual evidence of the relationship between"

plaintiff and predecessor entities). The relationship is also critical to explaining that the ████

████████████████████████████████████████████████

████████████████████████████████ And ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████ and impeach witnesses (for example, the surprise NEC inventor witness Cloud

Byte now seeks to present at trial over Dell's objection). Dell may also need to rely on the

████████████████████████████ to rebut any argument from Cloud Byte at trial about any

purported gaps in the evidence Dell obtained from NEC (*see, e.g.*, Opp. to Mot. to Strike Witnesses

(Dkt. 335) at 10 (arguing Dell is "at fault" for lack of NEC discovery); Marking MSJ Opp. (Dkt.

238) at 14)—when ████████████████████████████████████████

██████████████████.

4

██████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████ Cloud Byte did so to resolve a motion to compel after it disclaimed any corporate knowledge of the negotiation of that agreement or its own corporate history.  Mot. to Compel (Dkt. 86); Opp. to Mot. to Compel (Dkt. 93) at 4–5; Joint Notice (Dkt. 97). ██████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████.

3.    █████████████████████████████████
█████████████████████

███████████████████████████████████████████████████

Finally, ██████████████████████████████████████████████

█████████████████████████████████████████ Cloud Byte wants to present itself as "an American technology company," and "far more than a patent licensing company" (Mot. at 3), while restricting Dell's ability to respond to this narrative. ██████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████. █████████████████████████████████

██████████████████████████████ Donegan Tr. (Ex. 7) 63:14–24.

Dell will comply with the Court's standing MIL 11, which expressly forbids derogatory terms but permits other neutral and factual ones, including "non-practicing entity." Consistent with the Court's MIL 11, Dell should be permitted to accurately call Cloud Byte a non-practicing entity, ███████████████████████████████████████████████████

████████████████████████████████████

**B.**  **Opposition to Cloud Byte MIL 2: To Preclude Argument, Evidence, or Testimony Regarding Any Pre-Suit Actions or Analysis by Cloud Byte or Its Predecessors-in-Interest**

In its MIL 2, as written, Cloud Byte broadly seeks to prevent Dell from discussing "any pre-suit actions or analysis" by Cloud Byte or NEC—which, nonsensically, would prevent any evidence about anything Cloud Byte or NEC did before August 2024, including: the filing of the patents, the acquisition of the patents, Cloud Byte's founding and organization, and the conduct surrounding and relevant to the hypothetical negotiations from 2017–2020. The facial overbreadth of this MIL is the result of Cloud Byte attempting to improperly cram at least three separate MILs into one. *See Hardin v. Samsung Elecs. Co.*, NO. 2:21-CV-00290-JRG, Dkt 149, at 2 (E.D. Tex.

6

Nov. 29, 2022) ("*Limine* motions that are multifarious so as to exceed the [five motion limit] will also not be considered."). To the extent the Court considers the substance of this MIL, Dell addresses each of Cloud Byte's sub-motions below.

**1. Dell Will Not Argue "Cloud Byte Was Legally Required" to Give Dell Pre-Suit Notice for Any Purpose Other Than Marking, But Does Intend to Present the Fact That Dell Was Not Notified**

Dell agrees that pre-suit notice is not "legally required" to prove a claim of patent infringement and will not suggest to the jury otherwise. However, pre-suit notice *is* a legal requirement to obtain pre-suit damages under the marking statute when embodying products are not marked, as was the case here. *See* Marking MSJ (Dkt. 205); 35 U.S.C. § 287. Dell should be permitted to argue and present evidence accordingly.

Additionally, the underlying fact that Cloud Byte and NEC did not provide pre-suit notice of the patents or Dell's alleged infringement to Dell is plainly relevant to merits and damages issues, including but not limited to willfulness and marking. Cloud Byte's own cited cases acknowledge that Dell is permitted to show that its first notice of alleged infringement (by either Cloud Byte or NEC) was the filing of the Complaint. *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-cv-322-JRG-RSP, Dkt. 509 at 2 (E.D. Tex. May 9, 2024); *Daingean Techs. Ltd. v. T-Mobile USA, Inc.*, No. 2:23-CV-347-JRG-RSP, Dkt. 348 at 3 (E.D. Tex. Mar. 10, 2025).

**2. The Fact That ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Is Relevant to Damages, Willfulness, and Non-Infringement**

Cloud Byte contends that Dell should not be able to argue that Cloud Byte and NEC "waited too long to file suit" or that the timing of the suit shows the patents lack value or Cloud Byte's infringement case is weak. Mot. at 6. Cloud Byte's only cited cases relate to narrow rulings barring defendants from arguing that "delay in filing suit is a defense to patent infringement" (while still allowing defendants to introduce relevant facts regarding timing), or barring defendants

7

███████████████████████████████████████████████████████

from advancing laches or equitable defenses at trial.  *See Touchstream Techs. Inc. v. Charter Commc'ns, Inc.*, No. 2:23-cv-00059-JRG, Dkt. 275 at 3 (E.D. Tex. Jan. 21, 2025); *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 2017 WL 11658860, at *2 (E.D. Tex. July 25, 2017) (barring argument of "estopp[el]"); *ION, Inc. v. Sercel, Inc.*, 2010 WL 11530981, at *3–4 (E.D. Tex. Jan. 6, 2010) (barring evidence of laches).[3]  Dell will not argue before the jury that Cloud Byte's claims are barred by laches, estoppel, or other equitable defenses.  *See* Court MIL 5.  But the Court's standing MIL allows presentation of evidence that is both relevant to equitable defenses and "also serve[s] another evidentiary purpose relevant to jury issues."  *Id.*

As explained throughout Dell's summary judgment and *Daubert* papers, Dell and its counterparty at the hypothetical negotiation, NEC, ███████████████████████████ ██████████  *See* Becker *Daubert* Opp. (Dkt. 227) at 13.  ███████████████████████

███████████████████████████████████████████████████████

████████████████████████.  *See* MSJ Opp. Damages-Related Def. (Dkt. 236) at 7; Becker *Daubert* Opp. (Dkt. 227) at 15 n.4.  █████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████  Throughout these close relationships, █████████████████████████████████████████████████

---

[3] Cloud Byte's incorrect arguments that Dell is advancing a "laches" defense through Dr. Becker's testimony is already addressed in the parties' *Daubert* briefing.  *See* Dkt. 227 at 7–8.

8

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

Dell will not argue that NEC or Cloud Byte "delayed" in filing suit. But Dell does intend to present the facts set out above, and argue to the jury that these are relevant to damages, willfulness, and non-infringement. For example, these facts are clearly relevant to the hypothetical negotiation, and would have impacted NEC's demands at the bargaining table. *See* Becker Reb. Rpt. (Ex. 9) ¶¶ 293, 379, 400, 421, 440, 459. Had NEC believed these six patents were worth ██ ██████ for a nonexclusive license, it would (in the non-hypothetical world) have said something to Dell. It did not. That strongly indicates that the patents are not, in fact, worth ███████ Additionally, the fact that ████████████████████████████ during the ██████████

████████████████████████████████████████████████

███████, ██████████████████████████████████████████

is highly relevant to Dell's mental state, which in turn is relevant to counter Cloud Byte's claims of willfulness. *See, e.g., Novartis Vaccines & Diagnostics, Inc. v. Regeneron Pharms., Inc.*, 2018 WL 5282887, at \*3 (S.D.N.Y. Oct. 24, 2018) (noting almost seven-year silence as to asserted patent was "serious roadblock" for willful infringement claim); NEC Whitepaper (Ex. 13) at -303.

Finally, the fact that ████████████████████████████ is relevant to non-infringement. Dell will establish that the Accused Products do not meet every element of the asserted claims, and will not argue to the jury that non-infringement can be proved in any other way. But in evaluating non-infringement, the jury should be permitted to consider circumstantial evidence, such as the fact that ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████. Cloud Byte's motion should be

9

████████████████████████████████

denied.[4]

### C.    Opposition to Cloud Byte MIL 3: To Preclude Argument, Evidence, or Testimony Related to the Accused Instrumentalities Practicing Dell or Third-Party Patents or That Dell Has Patents in the Same Field

Dell developed the thermal functionalities accused in this case over decades, through painstaking and costly research and development. *See* Lovicott Tr. (Ex. 14) 12:15–14:1, 110:4–112:18. That work resulted in many patents. Two of Dell's trial witnesses have worked on thermal functionality at Dell for over 40 years collectively and are inventors on nearly 100 Dell patents pertaining to the thermal control capabilities of the technology they worked to develop. Cloud Byte seeks to prevent Dell from having its fact witnesses mention their own patents, and to prevent Dr. Becker from testifying regarding the impact these patents would have on the hypothetical negotiation (a portion of his report that was not subject to Cloud Byte's *Daubert* motion). *See* Becker Reb. Rpt. (Ex. 9) ¶¶ 348–351. Dell's patents are relevant and important for the issues of damages, willfulness, and the development of the Accused Products. These uses are proper and regularly permitted. *See, e.g.*, *Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-CV-250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009) (noting defendants' patents relevant to *Georgia-Pacific* factor 13 and to rebut willfulness); *Pictiva Displays Int'l Ltd. v. Samsung Elecs. Co.*, No. 2:23-CV-00495-JRG-RSP, 2025 WL 2982341, at *7 (E.D. Tex. Oct. 22, 2025) (defendants' patents relevant to damages); *SB IP Holdings LLC v. Vivint, Inc.*, 2023 WL

---

[4] Cloud Byte argues that Dell should not be permitted to present the fact that Cloud Byte accused Dell's prior art PowerEdge servers of infringing the '320 patent in its Complaint. The Complaint is not a "presuit action[] or analysis" and thus does not fall within Cloud Byte's MIL. In any event, Cloud Byte's arguments are wrong, including for the reasons already explained by Dell. *See* Pokharna Opp. (Dkt. 230) at 13–15; Pokharna Surreply (Dkt. 305) at 5. The Court's standing MIL 1 does not apply, as there is no "dropped claim" here. Dell's invalidity expert relied on those assertions and Cloud Byte responded. Dell should be permitted to offer argument and testimony on this issue consistent with the experts' evaluation of this evidence.

6799020, at *1 (E.D. Tex. Oct. 13, 2023) (allowing defendants "to rely on their own patents to rebut alleged willfulness" and noting "Courts routinely admit such evidence for these purposes"); *Alacritech, Inc. v. Dell Inc.*, No. 2:16-CV-00695-RWS-RSP, 2023 WL 6793208, at *4 (E.D. Tex. Oct. 13, 2023) (holding "Defendants should be able to present a story of their independent development to address the allegations of willfulness").  Dell's patents are also relevant to show that Dell respects the patent system and rebut any argument to the contrary.  *See Smart RF Inc. v. AT&T Mobility LLC*, No. 2:24-CV-00195-JRG-RSP, Dkt. 250, at 2 (E.D. Tex. Oct. 29, 2025).

Dell's patents on its initial trial exhibit list are particularly important to describing Dell's development history because most of them were invented by Dell's trial witnesses, Dominick Lovicott and Hasnain Shabbir.  These witnesses should be permitted to discuss their own patents when discussing their independent development of the Accused Products.[5]

Cloud Byte's only argument in support of its proposed blanket ban on testimony regarding Dell's patent portfolio rests on an incorrect assertion that Dell will use its patents to support non-infringement and invalidity positions.  But Dell has never suggested that it does not infringe the Asserted Patents because of its own patents and will not do so at trial.  Cloud Byte's cited cases focus on preventing arguments Dell agrees not to make.  *See, e.g.*, *Realtime Data, LLC v. Actian Corp.*, No. 6:15-cv-463 RWS-JDL, 2017 WL 11662045, at *1 (E.D. Tex., May 4, 2017); *see also Cameco Indus., Inc. v. Louisiana Cane Mfg., Inc.*, No. CIV. A. 92-3158, 1995 WL 468234, at *5–6 (E.D. La. July 27, 1995).

---

[5] Cloud Byte complains Dell includes over 100 Dell patents on its initial trial exhibit list.  Both parties' initial trial exhibit lists near or exceed 1,000 exhibits, and both parties will need to substantially narrow prior to submission of the Joint Pretrial Order.  Dell plans to introduce into evidence no more than a handful of Dell patents as trial exhibits.

Finally, Cloud Byte's motion vaguely alludes to "third-party patents" without providing additional context.  Without additional specificity, this portion of the MIL should be denied as vague.  To the extent Cloud Byte intends its motion to cover Dr. Becker's testimony regarding his stacking analysis, that testimony is already subject to Cloud Byte's fully briefed *Daubert* motion.  *See* Becker *Daubert* Opp. (Dkt. 227) at 10–11.  Dell has no knowledge of any other evidence or expert opinions that could be implicated by Cloud Byte's motion, but without more specificity from Cloud Byte, Dell cannot fully respond to and opposes this MIL as vague.

**D.      Opposition to Cloud Byte MIL 4: To Preclude Argument, Evidence, or Testimony Regarding Conversations with Individuals Not Identified in Dell's Initial Disclosures or Untimely Evidence**

In its MIL 4, Cloud Byte vaguely seeks to prevent Dell from relying on undefined "untimely evidence."  Mot. at 12.  Because this MIL would require a case-by-case evaluation of which evidence is considered "untimely"—a level of specificity that Cloud Byte does not even attempt to offer—the MIL should be denied as "vague, overbroad, and unenforceable."  *See Pers. Audio, LLC v. Togi Ent., Inc.*, No. 2:13-CV-13-JRG-RSP, 2014 U.S. Dist. LEXIS 191701, at *5 (E.D. Tex. Sep. 4, 2014).  Cloud Byte attempts to lump together three unrelated issues in this MIL as nonexclusive "examples" of "untimely evidence."  None of Cloud Byte's arguments have merit, and each sub-part of this MIL should be denied.

Cloud Byte first argues that Dell should be precluded from "reliance … on conversations its witnesses (fact or expert) may have had with individuals not identified on Dell's initial disclosures."  Mot. at 12.  The only specific "example" Cloud Byte identifies is a conversation relied upon by Dr. Becker between himself and a Broadcom employee[6] regarding VMware's pricing of the accused operating system versus the prior art version of that software.  Cloud Byte,

---

[6] Broadcom acquired, and now owns, VMware.

however, did not move in its *Daubert* motion to strike the portion of Dr. Becker's expert report discussing that conversation, and its attempt to do so now is untimely and improper. *See generally* Becker *Daubert* (Dkt. 195); *see Video Solutions Pte. Ltd. v. Cisco Sys., Inc.*, No. 2:23-CV-00222-JRG, Dkt. 232, at 5 (E.D. Tex. Jan. 31, 2025) (denying MIL as "untimely *Daubert* motion that should have been brought previously"). In any event, VMware was identified on Dell's initial disclosures, and both parties subpoenaed Broadcom (indeed, Cloud Byte issued *two* subpoenas to Broadcom). *See* Dell Initial Disclosures (Dkt. 329-6); Cloud Byte Broadcom Subpoenas (Exs. 18, 19); Dell Broadcom Subpoena (Ex. 20). Dell obtained a declaration from Broadcom. Broadcom Decl. (Ex. 21). The proposition that Broadcom's relevance to this case was unknown to Cloud Byte, or not "disclosed," is incorrect. Cloud Byte suggests that the Broadcom employee is "just one example" of the vague issue addressed by its MIL, but provided no other examples. Cloud Byte's MIL should be denied in its entirety. *See Skelton v. Exam'r Corp.*, No. 1:18-CV-203, 2019 U.S. Dist. LEXIS 245463, at *11 (E.D. Tex. Oct. 29, 2019) (noting that without "particularity as to the nature or circumstances of any such evidence, the court cannot make an informed ruling in a vacuum").[7]

**E.    Opposition to Cloud Byte MIL 5: To Preclude Argument, Evidence, or Testimony Suggesting That Dell Does Not Use the Accused Functionalities in Its Own Network in the United States**

Facing a complete failure of proof that Dell's customers actually use the accused features at all, let alone to the extent necessary to support its expansive damages claims, Cloud Byte attempts to pivot and pursue infringement based on alleged internal use and testing—a theory with no link to its damages theories and already disavowed in Cloud Byte's papers. *See* Dell's MIL 2 (Dkt. 328). As explained in Dell's MIL 2, Dell's alleged internal use (or nonuse) of the accused

---

[7] Cloud Byte's next two arguments relate to a portion of ▓▓▓▓▓▓ and raise vague objections to unidentified trial exhibits. These arguments are incorrect, vague, improper, and Dell will address any specific evidentiary issues at the pretrial conference if necessary.

features is simply not relevant to Cloud Byte's damages claim, would confuse the jury, unfairly prejudice Dell, and should not be discussed by either party. *Id.* at 3-4.  The Court should adopt Dell's MIL 2, which would render Cloud Byte's MIL 5 moot.

Cloud Byte's MIL 5 seeks to allow Cloud Byte's experts to offer opinions on direct infringement regarding internal use and testing, but preclude Dell's experts from offering the rebuttal opinions set out in their expert reports.  *See* Mot. at 15.  Cloud Byte offers not a single case or legal citation in support of its request for this extraordinary relief.  Instead, the sole basis for Cloud Byte's MIL 5 is a wholly inaccurate characterization of events during fact discovery.

In reality, Cloud Byte failed to seek discovery on Dell's own use of the accused functionality until the final moments of fact discovery, and did not pursue any infringement theory based on internal use until it was confronted with Dell's summary judgment motion.  *See* Dell MSJ (Dkt. 204); CB Opp. (Dkt. 240).  The Rule 30(b)(6) topic Cloud Byte identifies in its Motion was narrowed by agreement of the parties to cover training and instructions provided to customers, and the customers' own use of the products, to the extent known to Dell.  *See* Decl. ¶¶ 3–4.  Dell produced three witnesses on this Topic (to cover the different Accused Products and functionalities) and only received a complaint regarding preparedness on this Topic with respect to Mr. Vicknair, who was designated with respect to the functionalities at issue for the '273 patent. Decl. ¶ 5.  Dell responded that the parties had agreed that Dell's internal use was outside the narrowed scope of this topic.  Kowallis 11/3/2025 Email (Ex. 23).  On November 16, the day before the close of fact discovery, Cloud Byte stated that it intended to seek a live witness (with respect to the '273 patent only) on "Dell's use of the accused functionality on its own servers."  E. Larson 11/16/2025 Email (Ex. 24).  At midnight on November 17, the final day of fact discovery, Cloud Byte filed two motions to compel, addressing 6 different topics, but not Dell's internal use. Dkts. 158, 159.

████████████████████████████████████████████████

Nevertheless, Dell designated Richard Preston to testify on Dell's internal use relating to the '273 patent after the close of discovery, and Mr. Preston did provide testimony on this topic and was educated by Dell's IT personnel in preparation for his deposition. *See* Corbin 12/1/2025 Email (Ex. 25); Preston Tr. (Ex. 26) 147:22–149:19, 160:10–19. Cloud Byte later complained that Mr. Preston did not know certain details—like specifically *where* geographically Dell's IT servers were located (*see* Clark 12/15/2025 Email (Ex. 27))—but this detail was not within the scope of the topic. In short, Dell fully complied with its discovery obligations.

Cloud Byte's arguments in support of its MIL 5 show why Dell's MIL 2 should be granted. Cloud Byte argues that evidence regarding Dell's internal use of the accused functionalities "carries a high risk of distorting the damages analysis based on considerations wholly untethered to the reasonable royalty framework." Mot. at 15. By the same token, any evidence or argument about Dell's internal use, or nonuse, is "wholly untethered" to Cloud Byte's reasonable royalty theory—indeed, Cloud Byte *expressly disclaimed* any damages based on Dell's own use of the Accused Products. Cloud Byte Reply MTS Wicker (Dkt. 244) at 1 n.2. Cloud Byte also argues that testimony "that Dell does not use the Accused Functionalities or Accused Instrumentalities in its own network" would "invite improper jury speculation" about the value of the patents. But this goes both ways. Cloud Byte also should not be able to argue that Dell *does* use the accused features to invite speculation that customers must do the same—particularly when the testimony from the customers themselves reveals that they do not use or value the accused features. *E.g.,* ████████ Decl. (Ex. 28) ¶¶ 5–9; ████████ Supp. Decl. (Ex. 29) ¶¶ 5–10. Thus, neither party should present arguments or evidence on Dell's internal use (or nonuse) of the accused functionalities, as proposed in Dell's MIL 2.

15

███████████████████████████████████

Dated:  March 2, 2026

By:  */s/ Paul E. Torchia*

Paul E. Torchia
Josh Krevitt
Brian Rosenthal
Laura F. Corbin
Karl W. Kowallis
Eric A. Menist
Jaclyn S. Hellreich
Erin Kim
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
ptorchia@gibsondunn.com
jkrevitt@gibsondunn.com
brosenthal@gibsondunn.com
lcorbin@gibsondunn.com
kkowallis@gibsondunn.com
emenist@gibsondunn.com
jhellreich@gibsondunn.com
ekim@gibsondunn.com

Nathan Curtis
Audrey Yang
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100,
Dallas, TX 75201
ncurtis@gibsondunn.com
ayang@gibsondunn.com

Neema Jalali
GIBSON DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600,
San Francisco, CA 94111-3715
njalali@gibsondunn.com

Deron R. Dacus
Texas State Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
ddacus@dacusfirm.com
(903) 705-1117 (Telephone)
(903) 581-2543(Facsimile)

*Attorneys for Defendants Dell Inc. and Dell Technologies Inc.*

16

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2026, the foregoing was filed electronically in compliance with Local Rule CV-5(a) and served via electronic mail on all counsel of record who have consented to electronic service.

/s/ *Paul Torchia*
Paul Torchia

17