IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CLOUD BYTE LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00637-JRG |
| | § | |
| DELL INC. and DELL TECHNOLOGIES, INC., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on April 6-7, 2026 regarding pending pretrial motions between Plaintiff Cloud Byte LLC ("Plaintiff," or "Cloud Byte") and Defendants Dell Inc. and Dell Technologies, Inc. ("Defendants," or "Dell"). The Court took up fourteen (14) pretrial motions. (Dkt. Nos. 190, 192, 193, 196, 199, 200, 201, 203, 205, 210-1, 311, 326, 333, 365.)[1] This Order memorializes the Court's rulings on these pretrial motions as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

**1. Dell's Motion to Exclude Certain Opinions of Tim A. Williams, Ph.D. (Dkt. No. 193)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.[2] Regarding vSphere Fault Tolerance, the Court found that Dr. Williams' opinions had not been properly disclosed and the

---

[1] The Court **CARRIED** the following pretrial motions: Dkt. Nos. 191, 194, 195, 204, as well as the Parties' motions in *limine* (Dkt. Nos. 328, 329), and exhibit disputes, all to be taken up at a later date.

[2] The portions of the motion related to the dropped '249 Patent were **DENIED AS MOOT**, as were the portions related to vSphere Cluster Services and Distributed Resource Scheduler.

motion was **GRANTED**. Regarding Proactive HA and VM Component Protection, the motion was **DENIED**, but the Court **ORDERED** that Dell's expert, Dr. Wicker, may provide a brief supplemental report responding to Dr. Willaims' opinions on these two points.

Regarding apportionment for the '273 patent, the Court found that Dr. Williams' apportionment in ¶¶ 409-14 was insufficient and these paragraphs were struck. On the issue of apportionment, it was **ORDERED** that Dr. Williams provide a supplement to replace ¶¶ 409-14 with a more robust apportionment opinion.

### 2. Dell's Motion to Strike Certain Opinions of Murali Annavaram, Ph.D. (Dkt. No. 196)

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.[3] Regarding Dr. Annavaram's apportionment opinions for the '320 and '265 patents, the motion was **GRANTED**. The Court found that Dr. Annavaram's use of survey data for his apportionment was not sufficiently reliable to satisfy the *Daubert* standard. It was **ORDERED** that Dr. Annavaram may provide supplementation to his opinions on the narrow issue of his apportionment regarding these two patents. Regarding Dr. Annavaram's apportionment opinions for the '544 patent, the motion was **DENIED**.

### 3. Cloud Byte's Motion to Stike Certain Opinions of Dell's Technical Expert Dr. Stephen B. Wicker (Dkt. No. 200)

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion was **DENIED** as to unasserted prior art, prior commercial use, claim constructions, claim 13 of the '544 patent, additional prior commercial use, and marking. The Court determined that each of these opinions offered by Dr. Wicker are sufficiently reliable.

Regarding Dr. Wicker's written description opinions, the motion was **GRANTED**, given that Dell dropped its written description defense for the '544 and '273 patents.

---

[3] The portions of the motion related to the dropped '632 patent were **DENIED AS MOOT**.

Regarding the previously unidentified non-infringing alternative opinions, the motion was **DENIED** with respect to Dr. Wicker's opinions that (1) customers could wait until actual failure to respond rather than preemptively copy data to a hot spare and (2) customers could switch from an active standby system manually or without scaling. However, the motion was **GRANTED** with respect to the opinion that customers could incorporate differences from other Broadcom-based RAID controller products, as the Court found that only the ServeRAID 5210e had been properly disclosed. Dr. Wicker's non-infringing alternative opinions relating to "other Broadcom-based RAID controller products" were also struck.

### 4. Cloud Byte's Motion to Strike Certain Opinions of Dell's Technical Expert Dr. Tajana Rosing (Dkt. No. 199)

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.[4] The portions of the motion concerning Dr. Rosing's claim construction opinions and marking were **DENIED**. The portion of the motion concerning Dr. Rosing's opinions employing what Cloud Byte characterized as the "wrong legal standard" was **DENIED** as well, as the Court determined that Dr. Rosing applied the proper legal standard in her opinions regarding the microprocessors present in the accused products.

The portion of the motion regarding Dr. Rosing's apportionment opinions for the '265 patent was **GRANTED-IN-PART**. The Court declined to strike Dr. Rosing's 12.5% upper bound, but found that her 5% lower bound was not the product of sufficiently reliable expert analysis. Accordingly, it was **ORDERED** that Dr. Rosing may not present the 5% "floor" to the jury, and it is struck such from her report, though she may opine that she views 12.5% as a "ceiling" and an unspecified lower figure is appropriate.

---

[4] The portions of the motion relating only to the dropped '632 patent were **DENIED AS MOOT**.

**5.  Cloud Byte's Motion to Exclude, or in the Alternative, Motion to Strike Certain Opinions of Dell's Technical Expert Dr. Himanshu Pokharna (Dkt. No. 203)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**.[5] Regarding Dr. Pokharna's claim construction opinions, invalidity opinions, and opinions relying on Cloud Byte's initial claim chart, the Court found that these sections of Dr. Pokharna's report were sufficiently reliable and **DENIED** the motion.

Regarding Dr. Pokharna's reliance on unasserted prior art, the motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. The portion of this section relating to the R610 and T610 servers was **GRANTED** as unopposed in light of a representation from Dell that it no longer opposed this part of the motion. The portion of this section relating to the iDRAC 6 source code was **DENIED AS MOOT** for the production source code in light of Dell's representation that it would not rely on the production source code at trial, and was otherwise **DENIED** for the developmental source code as an untimely discovery dispute.

**6.  Dell's Motion to Strike the Opinions of Dr. Michael P. Akemann (Dkt. No. 201)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court found that Dr. Akemann's methodology regarding his apportionment of the royalty rate was sufficiently reliable and accordingly **DENIED** this portion of the motion. Regarding Dr. Akemann's opinions on the size of his royalty base, the Court **GRANTED** this portion of the motion with respect to the '273 and '544 patents. It was **ORDERED** that Dr. Akemann supplement his report to support his presently methodologically unsound determinations of the royalty base that do not address (1) which operating systems may have been installed, and (2) whether including servers equipped with PERC controllers containing the accused RAID functionality is an appropriate proxy for servers with three or more drives.

---

[5] The portions of the motion related to the dropped '632 patent were **DENIED AS MOOT**.

7. **Dell's Motion for Summary Judgement of Unenforceability of the Asserted Claims of U.S. Patent No. 9,900,249 (Dkt. No. 190)**

The motion was **DENIED AS MOOT** in light of Cloud Byte dropping the '249 patent from the case.

8. **Dell's Corrected Motion for Summary Judgement for Failure to Mark Under 35 U.S.C. § 287 or Give Pre-Suit Notice of Alleged Infringement (Dkt. No. 205)[6]**

The motion was **DENIED**. The Court determined there are disputes of material facts which preclude entry of summary judgement on this issue prior to trial.

9. **Cloud Byte's Corrected Motion for Partial Summary Judgement of No Invalidity of U.S. Patent Nos. 7,739,544, 9,482,632, 9,651,320, and 10,628,273 (Dkt. No. 210-1)[7]**

The motion was **DENIED**. Regarding written description, the Court found that the motion presented similar questions to the Motion to Strike Dr. Pokharna (Dkt. No. 203), which was similarly denied on this issue. For the remainder of the motion, the Court determined that the R710 server itself provides evidence of public availability such that a genuine dispute of material fact precludes a finding of summary judgement of no invalidity for the '320 patent.[8]

10. **Cloud Byte's Partial Motion for Summary Judgement on Dell's Pleaded Defenses (Dkt. No. 192)**

The motion was **GRANTED-IN-PART** and **DENIED-IN-PART**. Regarding standing, the Court **GRANTED** the motion upon a finding that there is no genuine dispute as to Cloud Byte's standing to bring the above-captioned case. Regarding improper venue, the Court **GRANTED** the motion as the parties agreed the Court's previous ruling on Dell's improper venue motion (Dkt. No. 121) resolved the question of venue in the present case.

---

[6] The previous iteration of this motion (Dkt. No. 197) is **DENIED AS MOOT**.
[7] The previous iteration of this motion (Dkt. No. 198) is **DENIED AS MOOT**.
[8] The portions of the motion related to the '632, '544, and '273 patents were **DENIED AS MOOT**, since Cloud Byte has since dropped the '632 patent and Dell has withdrawn its written description defenses for the '544 and '273 patents.

Regarding Dell's prior commercial use defense, the Court **GRANTED** the motion as to the '632, '265, '544, and '249 patents as Dell agreed it does not intend to assert this defense as to these patents. The Court **DENIED** this portion of the motion as to the '273 patent, as the parties agreed the prior denial of this portion of the motion to strike Dr. Wicker (Dkt. No. 200) was dispositive on this issue.

The Court **DENIED AS MOOT** the portion of the motion seeking summary judgement against Dell's § 101 defense, as Dell has since dropped this defense.

Regarding the remainder of the motion (Dell's failure to join a necessary party, ensnarement, prosecution history estoppel, and government sales defenses), the Court found that disputes of material fact remain and **DENIED** summary judgement as to the same.

**11. Dell's Motion to Strike NEC Inventors from Cloud Byte's Witness List (Dkt. No. 311)**

The motion was **GRANTED AS MODIFIED**. The Court **ORDERED** that Cloud Byte produce any inventors it intends to call as witnesses for deposition by Dell, at Cloud Byte's cost and expense.

Following this ruling from the Court, Cloud Byte agreed to withdraw four of the inventors, and affirmed that it still intends to call Mr. Hajime Zembutsu. Cloud Byte agreed to make Mr. Zembutsu available for a deposition at least ten (10) days prior to trial in a major U.S. city, and the deposition is to last one day. Cloud Byte also agreed on the record to limit Mr. Zembutsu's testimony to the scope of Cloud Byte's original disclosure regarding his knowledge and expertise. The Court **accepted** this agreement as read into the record.

**12. Cloud Byte's Opposed Motion for Leave to Supplement the Expert Reports of Dr. Murali Annavaram and Dr. Tim A. Williams (Dkt. No. 326)**

The motion was **GRANTED** by agreement of the parties.

6

**13. Dell's Opposed Motion for Leave to Submit Supplemental Expert Report of Dr. Stephen Becker (Dkt. No. 333)**

The motion was **GRANTED** by agreement of the parties.

**14. Cloud Byte's Motion to Exceed Trial Exhibit Limits (Dkt. No. 365)**

The motion was **DENIED**.

**15. Scheduling Regarding Expert Supplements**

The parties read an agreed schedule regarding expert report supplementation into the record, which the Court **accepted**. The schedule is as follows:

- By April 29, 2026, Cloud Byte will serve the supplemental reports on the specific areas of supplementation ordered by the Court. Also by April 29, Cloud Byte will provide an agreed-upon update to Dr. Akemann's report in response to updated financial information received from Dell.

- By May 20, 2026, Dell will serve any necessary responses to those supplements, as well as Dr. Wicker's supplement on the topic authorized by the Court in response to Dr. Williams.

- By June 3, 2026, the parties will submit a status report to the Court regarding whether they anticipate the need for any further motion practice regarding the supplemented expert reports.

**16. Carried Items**

The following motions remain outstanding, and were **CARRIED** by the Court to be taken up at a later date:

- Cloud Byte's *Daubert* Motion to Exclude Certain Opinions of Dr. Stephen L. Becker (Dkt. No. 195);

- Dell's Motion for Summary Judgement of No Liability With Respect to U.S. Patent No. 10,628,273 (Dkt. No. 191);

- Dell's Corrected Motion for Partial Summary Judgement of Non-Infringement by Dell With Respect to Dell's Sales of the Accused Products and Dell's Customers' Use of Those Products (Dkt. No. 204);[9]

- Cloud Byte's Partial Motion for Summary Judgement on Defendants' Damages-Related Defenses (Dkt. No. 194);

- Cloud Byte's Motions in *Limine* (Dkt. No. 329);

- Dell's Motions in *Limine* (Dkt. No. 328);

- Exhibit disputes; and

- Disputes from the Joint Proposed Pretrial Order (Dkt. No. 362).

**So ORDERED and SIGNED this 28th day of April, 2026.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[9] The prior version of this motion (Dkt. No. 189) is **DENIED AS MOOT**.