**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| CLOUD BYTE LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DELL INC. and DELL TECHNOLOGIES INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:24-CV-00637-JRG |

**MEMORANDUM OPINION AND ORDER**

The Court held a Pretrial Conference in the above-captioned case on September 23, 2026. At the conference, the Court ruled on several pending pretrial motions and motions *in limine* ("MILs") filed by Plaintiff Cloud Byte LLC ("Plaintiff" or "Cloud Byte") and Defendants Dell Inc. and Dell Technologies Inc. (collectively, "Defendants" or "Dell") (collectively, the "Parties") (Dkt. Nos. 424, 195, 392, 395, 391, 393, 396, 394, 204, 191, 194, 329, and 328). This Order memorializes the Court's rulings on the pretrial motions and MILs as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the hearing, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

1. **Dell's Motion to Strike Hajime Zembutsu from Plaintiff Cloud Byte's Witness List (Dkt. No. 424)**

   The Motion was **WITHDRAWN**.

2. **Plaintiff's *Daubert* Motion to Exclude Certain Opinions of Dr. Stephen L. Becker (Dkt. No. 195)**

   The Motion was **DENIED**.

3. **Defendants Dell Inc. and Dell Technologies Inc.'s *Daubert* Motion to Exclude the Opinions of Dr. Tim A. Williams (Dkt. No. 392)**

   The Motion was **DENIED**.

4. **Dell's Motion to Exclude Certain Opinions of Dr. Michael P. Akemann (Dkt. No. 395)**

   The Motion was **DENIED**.

5. **Plaintiff Cloud Byte's Motion to Strike and Motion to Exclude Improper Opinions of Dr. Stephen Becker (Dkt. No. 391)**

   The Motion was **DENIED**.

6. **Cloud Byte's Motion to Exclude Certain Supplemental Opinions of Dell's Technical Expert Dr. Stephen B. Wicker (Dkt. No. 393)**

   The Motion was **DENIED**.

7. **Cloud Byte's Motion to Exclude Certain Supplemental Opinions of Dell's Technical Expert Dr. Tajana Rosing (Dkt. No. 396)**

   The Motion was **DENIED**.

8. **Dell's Motion to Exclude Certain Supplemental Opinions of Murali Annavarm, Ph.D (Dkt. No. 394)**

   The Motion was **DENIED**.

9. **Dell's Corrected Motion for Partial Summary Judgment of Non-Infringement by Dell with Respect to Dell's Sales of the Accused Products and Dell's Customers' Use of Those Products (Dkt. No. 204)**[1]

The Motion was **GRANTED IN PART.** Summary judgment in favor of Dell was **granted** holding no direct infringement of the '544 Patent as to servers that have less than three drives. The Motion was otherwise **denied**.

[1] The previous version of this Motion filed at Dkt. No. 189 is **DENIED AS MOOT**.

**10. Dell's Motion for Summary Judgment of No Liability with Respect to U.S. Patent No. 10,628,273 (Dkt. No. 191)**

The Motion was **GRANTED IN PART**. The Court found one of the infringement theories disclosed in Dr. Williams' report matches the invalidity arguments raised by Defendants and analyzed by Dr. Wicker in his report. The Court found that the '273 Patent was therefore invalidated by Plaintiff's position regarding infringement because all the elements are within the prior art, as analyzed by Dr. Wicker's report. Accordingly, the Court granted summary judgment establishing invalidity of the '273 Patent and thus no liability as to Dell. The Court bases its decision on the maxim: that which infringes, if earlier, invalidates.

**11. Plaintiff's Partial Motion for Summary Judgment on Defendants' Damages-Related Defenses (Dkt. No. 194)**

The Motion was **DENIED**.

**12. Parties' Opposed Motions *in Limine* (Dkt. Nos. 329, 328)**

a. *Plaintiff's Motion* in Limine *1: to preclude argument, evidence, or testimony related to any scheme or conspiracy between Pretium, Quinn Emanuel, NEC, and/or Cloud Byte*

This MIL was **GRANTED**.

b. *Plaintiff's Motion* in Limine *2: to preclude argument, evidence, or testimony regarding any pre-suit actions or analysis by Cloud Byte or its predecessors-in-interest*

This MIL was **GRANTED AS AGREED**. Dell agreed not to argue to the jury that NEC did not raise the patents with Dell as relevant to non-infringement.

c. *Plaintiff's Motion* in Limine *3: to preclude argument, evidence, or testimony related to the accused instrumentalities practicing Dell or third-party patents or that Dell has patents in the same field*

This MIL was **DENIED**.

d. *Plaintiff's Motion* in Limine *4: to preclude argument, evidence, or testimony regarding conversations with individuals not identified in Dell's initial disclosures or untimely evidence*

This MIL was **GRANTED** as to production code for iDRAC. The MIL was otherwise **withdrawn**.

e. *Plaintiff's Motion* in Limine *5: to preclude argument, evidence, or testimony suggesting that Dell does not use the accused functionalities in its own network in the United States*

This MIL was **DENIED**.

f. *Defendants' Motion* in Limine *1: no testimony, evidence, or argument about Cloud Byte's unconsummated license agreements, or negotiations or discussions with any target licensees regarding unconsummated license agreements—including no suggestions relating to the volume or identities of prospective licensees*

This MIL was **GRANTED AS AGREED**.

g. *Defendants' Motion* in Limine *2: no testimony, evidence, or argument about alleged infringement based on Dell's internal use or testing*

This MIL was **DENIED**.

h. *Defendants' Motion* in Limine *3: no testimony, evidence, or argument offered by Cloud Byte that Dell's employees or corporate representative lack knowledge that is outside of personal knowledge or rule 30(b)(6) topics*

This MIL was **WITHDRAWN**.

i. *Defendants' Motion* in Limine *4: no testimony, evidence, or argument regarding irrelevant and prejudicial figures that risk skewing the damages horizon, e.g., Dell's revenue for the accused products and dell's revenue for its infrastructure solutions group*

This MIL was **GRANTED AS AGREED**. The Parties agree Cloud Byte will not reference Dell's overall revenues, the revenues of the infrastructure solutions group within Dell, and the accused revenues of the accused products. The Parties further agree there will be no discussion of any numbers in the hundred of millions or billions with the exception of the Broadcom revenue amount, which may be discussed in the manner in which Cloud Byte's expert uses it. In Dell agrees to not contest the gross profit margin that Cloud Byte's damages expert will present at trial.

j. *Defendants' Motion* in Limine *5: no testimony, evidence, or argument about the purported transfer price in the IP Wave-Cloud Byte agreement, or the NEC-IP Wave agreement*

This MIL was **WITHDRAWN**.

**13. Parties' Exhibit Disputes**

Defendants' disputed exhibits in category 8 were **PRE-ADMITTED** on the condition that these exhibits will be limited to being used with the identified fact witness.

Defendants' disputed exhibits in category 22 were **PRE-ADMITTED**.

Plaintiff's disputed exhibits in category 14 were **PRE-ADMITTED**.

The Parties are **ORDERED** to jointly produce a list of all pre-admitted exhibits and promptly send the same to the Court via the Courtroom Deputy. Such list shall accurately reflect the results of the Court's rulings during this portion of the pre-trial process.

**So ORDERED and SIGNED this 9th day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE